UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case NO. 16-24302-cv-LENARD/GOODMAN

LUIS REYES and all others similarly situated
under 29 U.S.C. 216((b),

    Plaintiff,

v.

COLLINS & 74TH STREET, INC.
and MOHAMMED S. HOSSAIN,

    Defendants .
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, COLLINS & 74TH STREET, INC. ("COLLINS") and MOHAMMED S. HOSSAIN, individually, ("HOSSAIN") (or as they may be referred together as "Defendants") through undersigned counsel, serve their Answer and Affirmative Defenses to the Complaint and state the following in defense:

1. Defendants admit that Plaintiff purports to bring a cause of action under the FLSA but deny that he has such claims

2. Defendants are without knowledge of the allegations in Paragraph 2.

3. As to Paragraph 3, COLLINS admits that it transacts business within Miami-Dade County and admits that it employed Plaintiff during a period of time.

4. As to Paragraph 4, Defendants admit that HOSSAIN is an officer of COLLINS and participated in the day to day operations of COLLINS but deny the remaining allegations.

5. Defendants admit that venue is proper in the Southern District of Florida.

## COUNT I - OVERTIME UNDER THE FLSA

6. Defendants admit that Plaintiff purports to bring a claim that arises under federal law but such admission does not imply that Plaintiff has a cause of action under the FLSA. Defendants deny all remaining allegations of Paragraph 6.

7. As to Paragraph 7, Defendants admit that this Court has jurisdiction over claims made under the FLSA but deny that the Plaintiff has any cognizable claims.

8. As to Paragraph 8, Defendants admit that the cited statutes arise from the FLSA, but refer the Court to the exact wording of the statute.

9. Defendants admit that Plaintiff was an employee but deny the remaining allegations of Paragraph 9.

10. Defendants admit that COLLINS meets the definition of an "enterprise engaged in commerce" as that term is defined in the FLSA; all other allegations in Paragraph 10 are denied.

11. Defendants again admit that COLLINS meets the definition of an "enterprise engaged in commerce" as that term is defined in the FLSA and that it employed two or more employees; all other allegations in Paragraph 11 are denied.

12. Paragraph 12 is admitted as to years 2013, 2014 and 2015 but it is denied that 2012 has any relevance to this case as it is beyond the maximum Statute of Limitations allowed by the FLSA.

13. Paragraph 13 is admitted.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied and it is also denied that Plaintiff is entitled to any of the relief sought in the *ad damnum* clause following Paragraph 17.

## AFFIRMATIVE DEFENSES

18. <u>First Affirmative Defense</u>.  Defendants acted in good faith, did not knowingly or willfully disregard their obligations under the FLSA and therefore are entitled to the protections of the Portal to Portal Act.

19. <u>Second Affirmative Defense</u>   Plaintiff is not entitled to be compensated for time spent on COLLINS' premises attributable to personal pursuits that have no connection with Defendants' business.

20. <u>Third Affirmative Defense</u>.   Plaintiff is barred from seeking unpaid overtime wages for time which is not compensable "work time" under the Portal to Portal Act.

21. <u>Fourth Affirmative Defense</u>   Plaintiff fails to state a cause of action upon which relief can be granted as he was properly paid for all of his work hours.

22. <u>Fifth Affirmative Defense</u>.   Defendants are not liable for Plaintiff's accrual of overtime as they were never aware and never informed that Plaintiff was working any more hours than he recorded on his time card and further did not suffer or permit Plaintiff to work hours that were not recorded on his time card.

23. <u>Sixth Affirmative Defense</u>.   Plaintiff's claim, if any, is de minimus.

24. <u>Seventh Affirmative Defense.</u>   Plaintiff is barred by the Statute of Limitations from seeking damages for any period of time that is more than two years prior to filing his Complaint.

25. <u>Eighth Affirmative Defense.</u>   Assuming Plaintiff is owed overtime pay, Defendants are entitled to off-set against any wages found to be due to Plaintiff for wages paid Plaintiff for time he never worked.

26. <u>Ninth Affirmative Defense</u>.   Plaintiff was an exempt from the overtime provisions of the FLSA due to his status as an executive/managerial employee.

Defendants deny any matter in the Complaint which is not answered and further reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE,  having fully answered the Complaint, Defendants seek judgment in their favor and against Plaintiff and such other relief as the Court deems fit and proper.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel:   (305) 556-3663
Fax: (305) 556-3647

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 11/16/16 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By:   /s/ Leslie W. Langbein
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

## SERVICE LIST

J. H. Zidell, Esq.
K. David Kelly, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiffs
Email: zabogado@aol.com