UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b),                       )
                                              )
            Plaintiffs,                       )
    vs.                                       )
                                              )
COLLINS & 74TH STREET, INC.,                  )
MOHAMMED S HOSSAIN,                           )
                                              )
            Defendants.                       )
_____)

**PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL AND HER FIRM AND TO COMPEL DEFENSE COUNSEL'S DEPOSITION *DUCES TECUM***

COMES NOW the Plaintiff, by and through the undersigned, and moves this Court to Disqualify Defense Counsel, Leslie Langbein, Esq., and her Firm, Langbein & Langbein, and to Compel Defense Counsel's Deposition *Duces Tecum*, and in support thereof states as follows:

1. This matter is brought pursuant to the Fair Labor Standards Act ("FLSA") regarding Plaintiff's unpaid overtime wages from on or about June 10, 2013 through on or about October 14, 2016. [DE1].

2. From the outset of the initiation of this lawsuit, on October 16, 2016, Defendants have stood on their soap box claiming that Plaintiff's claim for overtime wages is unfounded and frivolous based on the time records and corresponding paystubs which Defendants contended reflected that Plaintiff was paid for all overtime wages in compliance with the FLSA. Therein lies the dispute as Plaintiff has testified that not only is he owed wages based on the time records but that he also worked off the clock for which he is due additional overtime wages.

3. The individual Defendant, Mohammed S Hossain, was deposed individually and as the

30(b)(6) Corporate Representative of the Corporate Defendant, Collins & 74th Street, Inc., on May 4, 2017. On May 3, 2017, at 5:37 p.m., the eve before the deposition and after approximately six (6) months passing since the initiation of the lawsuit, Defendants served Plaintiff with their Amended Responses to Plaintiff's First Set of Interrogatories along with an executed letter from Defendants stating that due to "negligence and oversight" Defendants do in fact owe Plaintiff some overtime wages based on their review of Plaintiff's time records and corresponding paystubs. *See,* Exhibit "A." At said deposition, Defendants tendered two checks along with the executed letter reflecting monies they claim are owed to Plaintiff for unpaid overtime wages.[1] Defendants' Depo. Trans. P.35, L.20-P.44, L.8.

4. Defendants' Affirmative Defenses include, *inter alia*, that Defendants acted in good faith, did not knowingly or willfully disregard their obligation under the FLSA, and that Plaintiff is barred by the Statute of Limitations from seeking damages for any period of time that is more than two years prior to the filing of his Complaint. [DE117, ¶18 and ¶24].

5. As to Defendants' affirmative efforts to comply with the FLSA, Defendants stated at their depositions that they consulted with Defense Counsel, Leslie Langbein, Esq., and made internal changes based on counsel's legal advice. Defendants' Depo. Trans. P.56, L.22-P.57, L.17. **Defendants' deposition was the first time that Defendants disclosed that they would be relying on Mrs. Langbein as their "good faith" defense and have failed to disclose Mrs. Langbein in their Rule 26 disclosures[2] and/or their interrogatory responses.[3]**

---

[1] Plaintiff's counsel specifically put on the record that said tendered payment was not going to be deposited and/or cashed and that Plaintiff was not waiving any rights he had in the instant lawsuit. Defendants' Depo. Trans. P.7, L.20-25.

[2] Rule 26(a)(1)(A)(i) states that
> "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties the name and, if

Defendants could not respond to pointed questions related to said representation (i.e. when they sought advice of counsel, when they made changes in compliance with the FLSA, etc.).[4] Defendants' Depo. Trans. P.90, L. 12-21; P.96, L.11-14; P.97, L.17-P.98, L.7; P.100, L.2-10; P.101, L.10-P.106, L.24; P.108, L.2-L.23; P.110, L.8-12; P.133, L.14-20.

6. Undoubtedly, Defense Counsel, Leslie Langbein, Esq., in this case is a material witness in that she counseled and advised Defendants with regards to their obligation to comply with the provisions of the FLSA. **Defense counsel was so clearly aware before the fact of the potential conflict between her roles as advocate and witness and her conduct should be scrutinized for agreeing to represent Defendants in this matter from the outset!**

7. As is discussed *infra*, Defense Counsel should not have been retained in this litigation because it is obvious that she ought to be called as a material witness, and the testimony sought does not merely involve routine or uncontested matters.

8. Therefore, Plaintiff respectfully requests this Court disqualify Defense Counsel, Leslie

---

known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—**that the disclosing party may use to support its claims or defenses**, unless the use would be solely for impeachment. [emphasis added].

[3] The fact that Defense counsel has not been disclosed as a witness in the case at bar, despite the fact that Defendants filed their Answer and Affirmative Defenses [DE11] as early as 11/16/17, is particularly troubling in light of the fact that Defense counsel knew that Plaintiff would find it necessary to depose her on these issues. *See, Osorio v. Art Landscaping, Corp., et al.,* Case No.: 15-20614-CIV-OTAZO-REYES [CONSENT CASE].

[4] Defendants not only could not respond to certain pointed questions but also were instructed by their counsel not to respond to pointed questions regarding advice of counsel directly related to issue of good faith and willfulness. Plaintiff has noticed a Hearing requesting the Court to compel a Defendants for a second deposition and to respond to those questions which were certified and for which Defendants were instructed by counsel not to answer. Plaintiff also seeks all fees and costs related to Defendants' second deposition, should the Court grant the requested relief. *See,* [D38].

Langbein, Esq., and her Firm, Langbein & Langbein, and permit the individual Defendant to retain new counsel and/or file a Notice to Proceed *Pro Se* and the Corporate Defendant to retain new counsel under *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1385 (11th Cir. 1985) within fourteen (14) days from the date of the Court's Order.  At this time, Plaintiff respectfully requests the Court to compel Defense Counsel's deposition on or before June 1, 2017, so as to adequately counter Defendants' defenses of good faith, absence of willful conduct, and the three (3) year statute of limitations. Plaintiff also respectfully requests an award of all fees related to having to file the instant motion and all related work. Plaintiff respectfully requests twenty (20) days of the Court's order to file a Motion requesting assessment based on figures to be provided by Plaintiff regarding all reasonable fees.

## MEMORANDUM OF LAW AND ARGUMENT

Plaintiff seeks to disqualify Defense Counsel, Leslie Langbein, Esq., and her Firm, Langbein & Langbein, because she is a material witness in that she counseled and advised Defendants with regards to their compliance with the provisions of the FLSA and such directly impacts the defense of good faith with respect to liquidated damages. "The party bringing the motion to disqualify bears the burden of proving grounds for disqualification." *Hermann v. GutterGuard, Inc.,* 199 Fed. Appx. 745, 752 (11th Cir. 2006) (citing *In re Bellsouth Corp.*, 334 F. 3d 941, 961 (11th Cir. 2003)); *see also, General Cigar Holdings, Inc. v. Altadis, S.A.,* 144 F. Supp. 2d 1334, 1337 (S.D. Fla. 2001) ("The burden of proof initially is on the moving party to establish grounds for disqualification."); Silvers v. Google, Inc., No. 05-80387-CIV, 2007 WL 141153, at * 1 (S.D. Fla. Jan. 16, 2007) ("the party seeking to disqualify the counsel of his opponent has the burden to prove that the attorney's testimony is necessary."); *Suchite v. Kleppin,* 784 F. Supp. 2d 1343, 1346 (S.D. Fla. 2011). Disqualification of counsel is a drastic

remedy and will not be granted lightly. *See Metrahealth Ins. Co. v. Anclote Psychiatric Hospital, Ltd.*, 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (noting that an order for disqualification is a "drastic means which courts should hesitate to impose except when absolutely necessary.") (citation omitted). A disqualification of counsel must be sparingly granted because it "serves to destroy relationships by depriving a party of counsel of their own choosing." *Whitener v. First Union Nat. Bank of Florida,* 901 So. 2d 366, 369 (Fla. 5th DCA 2005). 3 "[C]ourts are skeptical [of motions to disqualify counsel] because th[e]se motions are sometimes filed for tactical reasons or to harass the other party." *Silvers,* 2007 WL 141153 at * 1. **"When the attorney in question is so clearly aware before the fact of the potential conflict between [her] roles as advocate and witness, then the scrutiny usually applied to an opposing party's motion for disqualification is unnecessary, and the burden shifts to the attorney in question."** [emphasis added]. *Klupt v. Krongard,* 126 Md.App. 179, 728 A.2d 727, 741 (1999); *Randolph v. PowerComm Const., Inc.,* 309 F.R.D. 349, 366 (D. Md. 2015), *reconsideration denied sub nom. Randolph v. Powercomm Constr., Inc.,* No. GJH-13-1696, 2015 WL 6438087 (D. Md. Oct. 20, 2015).

Under the Disciplinary Rules of the Code of Professional Responsibility, DR 5-101(B) provides that a lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he ought to be called as a witness unless the testimony involves routine or uncontested matters. *Cazares v. Church of Scientology of California, Inc*., 429 So. 2d 348, 351 (Fla. 5th DCA 1983). DR 5-102(B) provides that if, after undertaking litigation, a lawyer learns or it is obvious that he may be called as a witness *other than on behalf of his client,* he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client in such a situation. The concern of the rule is that trial counsel might be

inhibited from attacking his own credibility or arguing to the fact-finder the lack of credibility of his testimony thus affecting his ability to properly represent his client. *Freeman v. Kulicke & Soffa Industries, Inc.,* 449 F.Supp. 974 (E.D.Pa.1978), *aff'd.,* 591 F.2d 1334 (3rd Cir.1979). *Cazares v. Church of Scientology of California, Inc.*, 429 So. 2d 348, 350 (Fla. 5th DCA 1983); *See also, Randolph v. PowerComm Const., Inc.,* 309 F.R.D. 349 (D. Md. 2015), *reconsideration denied sub nom. Randolph v. Powercomm Constr., Inc.,* No. GJH-13-1696, 2015 WL 6438087 (D. Md. Oct. 20, 2015).

The *Cazares* Court held that "In the present case, the Cazareses stated that they were advised prior to commencing the lawsuit that Logan could not both represent them and be a witness in their case. Both the Cazareses testified that they preferred to retain Logan as counsel rather than have him testify. The Cazareses also claim that any information Logan possesses could be presented through the testimony of others. As Logan does not appear to have any crucial information in this case and his clients prefer that he remain as counsel, disqualification under DR 5-101(B) on the basis that Logan ought to be called as a witness is not warranted." *Cazares v. Church of Scientology of California, Inc.,* 429 So. 2d 348, 352 (Fla. 5th DCA 1983).

The case at bar presents a starkly different scenario, as Defendants have stated that their affirmative efforts to comply with the FLSA was based on consultations with their current counsel, Leslie Langbein, Esq. Defendants' Depo. Trans. P.56, L.22-P.57, L.17. It is necessary for Plaintiff to call Defense counsel, Mrs. Langbein, Esq., as a material witness regarding her direct role in the underlying federal action, that contributed to the facts that led to the allegations in the instant lawsuit, also Plaintiff needs to depose Mrs. Langbein, Esq., who has crucial evidence regarding Defendants' defense. In the case at bar, it is not just *likely* that Defense

counsel will be a necessary witness in the litigation but Plaintiff intends to depose Defense counsel as the key-witness to Defendants' defense of good faith.

"[E]ven though an attorney was intimately involved in material events, [the attorney] is not a necessary witness if another witness is capable of testifying to the matters at issue." *Etkin & Co.*, 2012 WL 5398966 at *3 (citations and quotations omitted). Defendants may argue that Plaintiff is quite capable of obtaining the information through other means, such as Defendants' testimony, however this argument fails.  A review of Defendants' deposition transcript reflects that Defendant was unable to respond to pointed questions related to said representation (i.e. when they sought advice of counsel, when they made changes in compliance with the FLSA, etc.).  Defendants' Depo. Trans. P.90, L. 12-21; P.96, L.11-14; P.97, L.17-P.98, L.7; P.100, L.2-10; P.101, L.10-P.106, L.24; P.108, L.2-L.23; P.110, L.8-12; P.133, L.14-20. It is undisputed that the time frame in which Defendants received advice from counsel, the time frame as to when the changes were implemented, and what the advice was, bears directly on their affirmative defense of good faith (concerning liquidated damages) and whether Plaintiff's claims are barred by the statute of limitations (concerning willfulness).[5]

**Moreover, Defense counsel was so clearly aware before the fact of the potential conflict between her roles as advocate and witness and her conduct should be scrutinized for agreeing to represent Defendants in this matter from the outset!** The fact that Defense counsel has not been disclosed as a witness in the case at bar, despite the fact that Defendants filed their Answer and Affirmative Defenses [DE11] as early as 11/16/17, is particularly troubling in light of the fact that Defense counsel knew that Plaintiff would find it necessary to

---

[5] It is noteworthy that Defendants initially raised as a defense that Plaintiff was an exempt employee and then later withdrew said defense. Plaintiff should have the opportunity to conduct research relevant to Defense counsel's advice related to Plaintiff, his job position, and other issues related to willfulness and good faith.

depose her on these issues. A similar issue arose in the matter of *Osorio v. Art Landscaping, Corp., et al.,* Case No.: 15-20614-CIV-OTAZO-REYES [CONSENT CASE], wherein the plaintiff moved to disqualify Defense counsel as she was one of the attorneys relied on for defendants' good faith defense. Unlike *Osorio* where defendants had sought advice of counsel from an attorney (Jose Diaz, Esq.) in conjunction with Defense counsel, in the case at bar, Defense counsel is the sole attorney Defendants claim they relied on to ensure they were in compliance with the provisions of the FLSA. Moreover, at Defendants' depositions, Defendant could not point to any documents that he can rely on in order to refresh his recollection with regards to any lapses in memory and, as such, this further adds weight to Plaintiff's position regarding the disqualification of Defense counsel. Defendants' Depo. Trans. P.90, L.18-P.91, L.2; P.96, L.18-P.97, L.10. At a minimum, Defendants should have disclosed Defense counsel at the outset of this matter through their Rule 26 disclosures and not waited until this stage in the litigation to make the disclosure for the first time. It is disingenuous for Defense counsel to argue that she is not a necessary witness when the record reflects she was attempting to testify at Defendants' depositions on various issues. Defendants' Depo. Trans. P.57, L.13-18; P.121, L.4-5; P.127, L.6-7; P.133, L.17-20.

   The Third District Court of Appeals has held that "Plainly, a lawyer is not required to decline employment or withdraw as counsel in a case because the lawyer will be a witness in the case where … the lawyer's testimony relates to an uncontested matter which is not prejudicial to the client." Fla. Bar Code Prof. Resp., D.R. 5-101(B)(1); D.R. 5-102 (1970). *Beth S. by Demeo v. Grant Associates, Inc.,* 426 So. 2d 1008, 1009 (Fla. 3d DCA 1983).

   In the case at bar, it is necessary for Plaintiff to call Mrs. Langbein, Esq., as a witness as she has relevant knowledge regarding Defendants' Affirmative Defenses and her role in the

underlying action concerning facts that concern whether Plaintiff's claims are barred by the statute of limitations (concerning willfulness) and/or Defendants' good faith defense (concerning liquidated damages). Moreover, at Defendants' deposition, Defendants and Mrs. Langbein, Esq., on the record, testified to the fact that Defendants' took affirmative steps to comply with the provisions of the FLSA and consulted with and were advised by Mrs. Langbein, Esq., as to their obligations regarding compliance. As such, Defendants have waived any objection to attorney client privilege as Defense Counsel stated on the record that she was consulted and advised Defendants regarding their Affirmative Defense of good faith. In the instant action disqualification of Mrs. Langbein, Esq., would permit Plaintiff to effectively determine whether Defendants complied with the advice of counsel and the extent to which they complied with same so as to create a record to present to the Jury at trial. The Jury must have an opportunity to learn of Defense counsel's role in the underlying matter and she is a material witness. Plaintiff cannot prepare properly and have a fair trial if Defense counsel is not deposed and called as a witness at trial.

On May 4, 2017, subsequent to Defendants' depositions, Plaintiff propounded supplemental written discovery, specifically Request for Production and Interrogatories, directed towards each Defendant pertaining to issue related to good faith and willfulness. *See*, Exhibit "B." Plaintiff seeks documents relevant to consultations between Defense counsel and Defendants and, among other reasons, this will assist in determining what advice was given, if any, whether these changes pertained specifically to Plaintiff and his position with Defendants, whether Plaintiff was discussed in these consultations, when said advise was implemented, if at all, to what extend the advice was followed, if at all, etc.   Plaintiff is seeking to uncover facts relevant to Mrs. Langbein's advice given to Defendants and the extent to which it was follows

makes her a critical witness to Defendants' affirmative defense raised by them. Defendants have opened the door by introducing their consultation with Mrs. Langbein, Esq., into evidence as their affirmative good faith defense. Clearly, Defendants do not wish to disseminate potentially damaging information by allowing Plaintiff an opportunity to depose Defense Counsel to examine whether her advice given was in fact proper and/or followed and implemented by Defendants. The discovery process and the Court's orders would have no purpose if this is a viable strategy. Therefore, none of the privileges apply and this Court should order that Plaintiff is permitted to depose Mrs. Langbein, Esq., and her testimony is relevant and discoverable.

Rule 4-1.6 protects a client's confidential information. It addresses a client's consent to reveal confidential information, situations in which a lawyer must reveal confidential information, and situations in which a lawyer may reveal confidential information. *See* Fla. Bar. Code of Prof. Cond. 4-1.6. The courts have also read a correlative duty in Rule 4-1.6 to "refrain from inducing others to disclose confidential matters." *See Browning v. AT&T Paradyne*, 838 F. Supp. 1564, 1568 (M.D. Fla. 1993). "The standards of professional conduct of the members practicing before this Court include the current Rules Regulating the Florida Bar." *General Cigar Holdings, Inc. v. Altadis, S.A.*, 144 F. Supp. 1334, 1338 (S.D. Fla. 2001); see S.D. Fla. L.R. 11.1.C; *cf. Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 728 n.4 (11th Cir. 1988) (applying ethical rules adopted by district court in its local rules to determine appeal from an order disqualifying the plaintiff's attorney). Rule 4-1.6 of the Florida Bar Code of Professional Conduct states as follows:

> (a) Consent Required to Reveal Information. A lawyer shall not reveal information relating to representation of a client except as stated in subdivisions (b), (c), and (d), unless the client gives informed consent.

>(b) When Lawyer Must Reveal Information. A lawyer shall reveal such information to the extent the lawyer reasonably believes necessary:
>(1) to prevent a client from committing a crime; or
>(2) to prevent a death or substantial bodily harm to another.
>
>(c) **When Lawyer May Reveal Information.** A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>**(1) to serve the client's interest unless it is information the client specifically requires not to be disclosed**;
>(2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client;
>(3) to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved;
>(4) to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>(5) to comply with the Rules of Professional Conduct.
>
>(d) Exhaustion of Appellate Remedies. When required by a tribunal to reveal such information, a lawyer may first exhaust all appellate remedies.
>
>(e) Limitation on Amount of Disclosure. When disclosure is mandated or permitted, the lawyer shall disclose no more information than is required to meet the requirements or accomplish the purposes of this rule.

Fla. Bar. Code of Prof. Cond. 4-1.6 (emphasis added).

Here, Defendants have put into issue facts that concern whether part of Plaintiff's claims are barred by the statute of limitations (concerning willfulness) and/or Defendants' good faith defense (concerning liquidated damages). The FLSA requires claims for unpaid overtime compensation under the FLSA to be brought within two years of the violation, except that in cases involving willful violations of the FLSA, the limitations period is extended to three years. 29 U.S.C. § 255(a). As the Southern District Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007),  "[t]he issue of willfulness under § 255(a) is a question of fact  for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901,

913 (*citing Fowler v. Land Mgmt. Group, Inc.*, 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co*., 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129, (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co*., 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005). A jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question.  *See*, *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013); *See also,* Fla. Const. Art. 10, § 24(e)). The applicable statute of limitations is determined by a willfulness finding, which is properly made at trial by the jury; thus discovery is needed. The Eleventh Circuit has held that the determination of whether an employer acted in good faith and had reasonable grounds for believing that its act or omissions was not a violation of the FLSA has both a subjective and objective component. *Friedman v. South Florida Psychiatric Associates, Inc.,* 139 Fed. Appx. 183, 185 (11th Cir. 2005). The Court citing *Dybach v. Fla. Dep't of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991), stated "[s]ubjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it." Nevertheless, lacking reckless disregard does not, in and of itself, demonstrate good faith regarding the issue of liquidated damages.  *See*, discussion *infra* regarding *Rodriguez v. Farm Stores Grocery, Inc*., 02-22451(S.D. Fla. 9/13/02). Defendants have waived any objection to attorney client privilege as Defense Counsel stated on the record that she was consulted and advised Defendants regarding their Affirmative Defense of good faith. As this information would *serve the client's*

*(Defendants) interest*, and, as evidenced by the depositions wherein Defendants did not object to Defense Counsel's assertions regarding her actively advising Defendants as to their obligations to comply with the provisions of the FLSA, undoubtedly Defendants have not specifically required their counsel not disclose the information. Also, Plaintiff needs to depose Defense Counsel, Mrs. Langbein, Esq., to thoroughly address these issues and Defense Counsel will need to be called as a witness at Trial. Thus, it remains clear that the Rules do not prohibit Defense Counsel from testifying as a material witness to Defendants' good faith defense and would not be in violation of Rule 4-1.6.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT DISQUALIFY DEFENSE COUNSEL, LESLIE LANGBEIN, ESQ., AND HER FIRM, LANGBEIN & LANGBEIN, AND PERMIT THE INDIVIDUAL DEFENDANT TO RETAIN NEW COUNSEL AND/OR FILE A NOTICE TO PROCEED *PRO SE* AND THE CORPORATE DEFENDANT TO RETAIN NEW COUNSEL UNDER *PALAZZO V. GULF OIL CORP.,* 764 F.2D 1385 (11TH CIR. 1985) WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THE COURT'S ORDER.  AT THIS TIME, PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO COMPEL DEFENSE COUNSEL'S DEPOSITION ON OR BEFORE JUNE 1, 2017, SO AS TO ADEQUATELY COUNTER DEFENDANTS' DEFENSES OF GOOD FAITH, ABSENCE OF WILLFUL CONDUCT, AND THE THREE (3) YEAR STATUTE OF LIMITATIONS. PLAINTIFF ALSO RESPECTFULLY REQUESTS AN AWARD OF ALL FEES RELATED TO HAVING TO FILE THE INSTANT MOTION AND ALL RELATED WORK. PLAINTIFF RESPECTFULLY REQUESTS TWENTY (20) DAYS OF THE COURT'S ORDER TO FILE A MOTION REQUESTING ASSESSMENT BASED

ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES.

## CERTIFICATE OF CONFERRAL

Defense Counsel, Leslie Langbein, Esq., opposes Plaintiff's Motion.

          Respectfully submitted,

          J. H. ZIDELL, P.A.
          ATTORNEYS FOR PLAINTIFF
          300-71ST STREET, SUITE 605
          MIAMI BEACH, FLORIDA 33141
          305-865-6766
          305-865-7167

          By:_s/ Rivkah F. Jaff, Esq. ___
             Rivkah F. Jaff, Esquire
             Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF 5/9/17 TO:**

**LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

  **BY:__/s/____Rivkah F. Jaff_____
       RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b),                       )
                                              )
            Plaintiffs,                       )
    vs.                                       )
                                              )
COLLINS & 74TH STREET, INC.,                  )
MOHAMMED S HOSSAIN,                           )
                                              )
            Defendants.                       )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL AND HER FIRM AND TO COMPEL DEFENSE COUNSEL'S DEPOSITION *DUCES TECUM***

This cause, having come before the Court on Plaintiff's above-described Motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is GRANTED and therefore:

1. DEFENSE COUNSEL, LESLIE LANGBEIN, ESQ., AND HER LAW FIRM, LANGBEIN & LANGBEIN, ARE HEREBY DISQUALIFIED FROM REPRESENTING DEFENDANTS IN THE ABOVE-CAPTIONED MATTER.

2. DEFENDANT, COLLINS & 74TH STREET, INC., SHALL HAVE 14 DAYS FROM THE DATE OF THIS ORDER TO OBTAIN NEW COUNSEL AND SAID COUNSEL SHALL FILE A NOTICE OF APPEARANCE WITH THE COURT;

3. DEFENDANT, MOHAMMED S HOSSAIN, SHALL HAVE 14 DAYS FROM THE DATE OF THIS ORDER TO OBTAIN NEW COUNSEL AND SAID COUNSEL SHALL FILE A NOTICE OF APPEARANCE WITH THE COURT OR TO ADVISE THIS COURT OF HIS INTENT TO PROCEED *PRO SE*;

4. DEFENSE COUNSEL, LESLIE LANGBEIN, ESQ., SHALL APPEAR FOR DEPOSITION *DUCES TECUM* AT A MUTUALLY AGREED UPON DATE AND TIME TO OCCUR NO LATER THAN JUNE 1, 2017;

5. PLAINTIFF IS HEREBY AWARDED ALL FEES ASSOCIATED WITH THE PREPARATION OF PLAINTIFF'S MOTION AND ALL RELATED WORK. PLAINTIFF SHALL FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2017.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record