UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL

LUIS REYES,

       Plaintiffs,

vs.

COLLINS & 74TH STREET, INC., et al.,

       Defendants.

## PLAINTIFF'S REPLY TO [DE49]

COMES NOW the Plaintiff, by and through the undersigned, and files his Reply to [DE49], and in support thereof states as follows:

1. Plaintiff has moved to disqualify Defense Counsel, Leslie Langbein, Esq., and her Firm as she is a material witness in the instant lawsuit. Defendants' Affirmative Defenses include that Defendants acted in good faith, did not knowingly or willfully disregard their obligations under the FLSA, and that Plaintiff is barred by the Statute of Limitations. [DE11, ¶18 & ¶24].

2. Florida Rule of Professional Conduct 4-3.7 states as follows:

> **(a) When Lawyer May Testify.** A lawyer **shall** not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client. [emphasis added].

*See,* Exhibit "A." In the "Comment" section it states in part that "[a]part from these 2 exceptions, subdivision (a)(4) recognizes that a balancing is required between the interest of the client and those of the tribunal and the opposing party." *Id; See also, Freeman v. Kulicke & Soffa Industries, Inc.,* 449 F.Supp. 974 (E.D.Pa.1978), *aff'd.,* 591 F.2d 1334 (3rd Cir.1979); *Cazares v. Church of Scientology of California, Inc.*, 429 So. 2d 348, 350 (Fla. 5th DCA 1983); *Diaz, et al.*

*v. American Sales and Management Organization, LLC, et al.,* Case No.: 14-24245-CIV-RNS/AOR, Exhibit "B."

3. As indicated by the Complaint [DE1], Plaintiff claims for overtime wage violations go as far back as the year 2013.[1] Plaintiff needs to show Defendants recklessly or willfully violated the overtime wage laws or his claim will be reduced from the three year limitations period afforded by the FLSA to two years;[2] Plaintiff's claim accrued would be diminished by a whopping 52 weeks – an entire year of his claim! Clearly Plaintiff will be prejudiced should Plaintiff be prohibited from deposing Mrs. Langbein as she is material witness on a contested issue and the only practical means of obtaining the information sought.

4. The instant lawsuit is distinguishable from *Lopez-Osorio v. Art Landscaping Corp., et al.,* Case No.: 15-20614-AOR. In *Lopez-Osorio*, Defendants claimed that they relied on the advice of two different attorneys, Mrs. Langbein and Jose Diaz, Esq., whereas herein the sole attorney relied on was Mrs. Langbein. *See, Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.,* 310 F.R.D. 523, 526 (S.D. Fla. 2015)(There were other individuals who could be deposed on the contested issues who were listed in Rule 26(a) disclosures and answers to interrogatories and they proffered alternative counsel to be deposed.). Moreover, it is noteworthy that in *Lopez-Osorio*, the Court Ordered Mr. Diaz to appear for deposition on "matters that support defendants' good-faith defense." *See*, Exhibit "C." Further, in *Lopez-Osorio,* defendants argued that they were able to testify as to the information sought by having his recollection refreshed. This is

---

[1] Plaintiff alleges that he worked for Defendants from on or about June 10, 2013 through on or about October 14, 2016. [DE1]. The instant lawsuit was filed on October 16, 2016. *Id.*

[2] *See also,* Plaintiff's Motion regarding discussion on the fact that lacking reckless disregard does not, in and of itself, demonstrate good faith regarding the issue of liquidated damages. *See*, discussion *infra* regarding *Rodriguez v. Farm Stores Grocery, Inc*., 02-22451(S.D. Fla. 9/13/02). This is an additional reason that Mrs. Langbein is the only witness to testify and why she serves as a material witness for Defendants as to not only willfulness but as to good faith as well.

inapposite in the case at bar. Herein, Defendant unequivocally stated he has no record to rely on to refresh his recollection. Def. Depo. Trans. P.90, L.18-P.91, L.25 (Q.: Do you have any kind of records that would help to refresh you recollection on when you sought that advice? A.: I don't.). As such, unlike in the *Lopez-Osorio*, there is no other witness available to testify on a contested issue and, thus, Mrs. Langbein's testimony is necessary.

5. Fed. R. Civ. P. 26(a)(1) states in part that,

> … [A] party must, **without awaiting a discovery request**, provide to the other parties: (i) **the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information**—**that the disclosing party may use to support its** claims or **defenses**...[emphasis added].

6. Defendants have failed to proffer any proof of hardship whatsoever if Mrs. Langein is Disqualified (i.e. tax returns, etc.). Defendants have failed to demonstrate that they would not be able to retain replacement counsel that would charge the same, or less, than Mrs. Langbein. Alternatively, Defendants have not stipulated that advice of counsel will not be used as a basis for their good faith defense and will assert other grounds of good faith, if any grounds exist at all.

7. If any hardship to Defendants exist and may result from the disqualification of Mrs. Langbein, they were created by Defendants' and their Counsel's own lack of candor, bad-faith in order to gain a tactical advantage, and Defendants failure to timely comply with Rule 26(a)(1).[3] Had Defendants identified Mrs. Lanbgein, either by way of timely serving their Rule 26

---

[3] To date, Defendants have failed to serve their Rule 26 disclosures. At Defendants' deposition it was revealed for the first time that Mrs. Langbein was a material as a witness on these two central issues in this case.

disclosures or in their Interrogatory Responses,[4] Plaintiff could have had the opportunity to move for the relief herein sought prior to conducting extensive litigation.

                                  Respectfully submitted,

                                  J. H. ZIDELL, P.A.
                                  ATTORNEYS FOR PLAINTIFF
                                  300-71ST STREET, SUITE 605
                                  MIAMI BEACH, FLORIDA 33141
                                  305-865-6766
                                  305-865-7167

                                  By:_s/ Rivkah F. Jaff, Esq. ___
                                      Rivkah F. Jaff, Esquire
                                      Florida Bar No.: 107511

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 5/26/17 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

   **BY:___/s/___Rivkah Jaff_____**
          **RIVKAH JAFF, ESQ.**

---

[4] Plaintiff's First Set of Interrogatories requests Defendants to "Plaintiff list any persons whom you believe, or suspect, may have information relevant to any claim, **defense or fact related to the instant action**, including names, phone numbers, and addresses, and including, but not limited to, any persons you plan to call as witnesses." [emphasis added]. *See* Exhibit "D" – Defendants' Responses. Not surprisingly, Mrs. Langbein is not listed.