UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24362-CIV-LENARD/GOODMAN

LUIS REYES,

    Plaintiff,

v.

COLLINS & 74TH, INC. ,
et al.,

    Defendants.

_____/

**ORDER CONCERNING DISCOVERY ABOUT ATTORNEY'S ADVICE**

Blues guitarist and singer Robert Cray provided basic, sound advice in his song "Consequences": "there's consequences for what we do, consequences for me and you."[1]

This Order concerns the consequences arising in a Fair Labor Standards Act (the "FLSA") case for allegedly underpaid overtime wages when an employer contends that it relied in good faith on the legal advice it received from its labor and employment counsel.

Twenty-nine U.S.C. § 255 (a) provides a two-year of statute of limitations for an FLSA lawsuit, except for a claim arising out of a "willful" violation, where the statute of limitations is three years.

---

[1]     Robert Cray, *Consequences*, on MIDNIGHT STROLL (Mercury 1990).

1

Defendants, Collins and 74th Street, Inc. and Mohammed Hossain[2] (referred to collectively as "Defendants") say their conduct was not willful because they followed the advice of their attorney, who also happens to be defending them in this lawsuit. Plaintiff Luis Reyes ("Reyes") has filed a motion to disqualify defense counsel and to compel her *duces tecum* deposition [ECF No. 39], but this Order does not rule on the disqualification portion of that motion because I am awaiting a transcript from an earlier FLSA trial involving these same defendants and the same defense attorney. More on that later, in the factual background section of this Order. This Order concerns only a discovery ruling pertaining to the request to take defense counsel's deposition and to retake a corporate representative's deposition.

Because Defendants are seeking to use a two-year statute of limitations (instead of a three-year version) by arguing that any violation (which they also deny) was not willful (because they merely followed their attorney's advice), they have waived the attorney-client privilege. As a result, Plaintiff has the right to take defense counsel's deposition concerning the advice she provided to her clients and the information they gave to her in order for her to provide the advice. Likewise, Plaintiff also has the right to ask Defendants questions at depositions about these same topics. Because defense counsel repeatedly instructed her client to not answer those deposition questions,

---

[2] Mr. Hossain is the corporation's principal, who is alleged to be a joint employer with the corporation.

2

Plaintiff may retake Mr. Hossain's deposition (in both his individual and corporate representative capacities) on those limited topics.

**Factual Background**

Plaintiff Luis Reyes filed a one-count FLSA lawsuit against Defendants. [ECF No. 1]. Reyes alleged that he worked for the corporate defendant and that Mr. Hossain is "a corporate officer and/or owner and/or manager" of the corporation "who ran the day-to-day operations" of the corporation and who was "responsible for paying" his wages and who "controlled [his] work and schedule[.]" Therefore, Mr. Hossain is also an employer. [ECF No. 1, pp. 1-2].

Using a three-year statute of limitations, Reyes alleged underpaid overtime from October 14, 2013 through October 14, 2016. He claims that he worked an average of 65 hours per week and was paid an average of $9.50 per hour but was never paid the extra half time rate for hours worked more than 40 hours in a week, as required by the FLSA. [ECF No. 1, pp. 2-3].

In Paragraph 16 of Reyes' Complaint, Plaintiff alleges that Defendants "willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act." [ECF No. 1, ¶ 16].

In their Answer [ECF No. 11, p. 3], Defendants denied all the allegations of Paragraph 16. Their First Affirmative Defense is that "Defendants acted in good faith, did not knowingly or willfully disregard their obligations under the FLSA and therefore are entitled to the protections of the Portal to Portal Act." [ECF No. 11, p. 3]. Their Seventh Affirmative Defense is that "Plaintiff is barred by the Statute of Limitations from seeking damages for any period of time that is more than two years prior to filing his Complaint." [ECF No. 11, p. 3].

Plaintiff filed a motion to disqualify defense counsel (Leslie Langbein) and her law firm and to compel her *duces* tecum deposition. [ECF No. 39]. United States District Judge Joan A. Lenard referred the motion to me. [ECF No. 40].

Plaintiff's motion explains that his counsel took Mr. Hossain's deposition individually and as the corporate representative. It also outlines relevant developments from the deposition.

The motion notes that Defendants never listed Leslie Langbein as a witness in their Federal Rule of Civil Procedure 26 mandatory disclosures or in their interrogatory answers, a scenario which Plaintiff says is "particularly troubling" because he says that "defense counsel knew that Plaintiff would find it necessary to depose her on these issues" (i.e., the affirmative defenses). [ECF No. 39, p. 3 n. 3]. It also outlines certain events from Mr. Hossain's deposition. Plaintiff argues that he needs to take Ms. Langbein's deposition (and to retake Mr. Hossain's deposition) in order to "counter

4

Defendants' defenses of good faith, absence of willful conduct, and the three (3) year statute of limitations." [ECF No. 39, p. 4]. They also ask for an attorney's fees award. [ECF No. 39, p. 4].

Given these arguments, it is necessary to outline the relevant facts from Mr. Hossain's deposition:

Mr. Hossain conceded that his company has been sued several times for alleged FLSA violations. He also explained that Ms. Langbein was his counsel in those other lawsuits. [ECF No. 72, p. 56]. During the deposition, Mr. Hossain answered "yes" to the following question: "So you told me that your good-faith reliance that you were complying with the overtime and minimum wage laws was the advice that you received from your counsel, Leslie Langbein, correct." [ECF No. 72, p. 86].

Ms. Langbein herself confirmed on the deposition record that Mr. Hossain testified that she is the attorney he relied on to give him advice about complying with the FLSA. [ECF No. 72, p. 86]. Mr. Hossain also testified that he "sought advice of Leslie Langbein in order to ensure that [he] was in compliance with the overtime and minimum wage laws for the years 2013, '14, '15 and '16[.]" [ECF No. 72, p. 90]. He also testified that Ms. Langbein gave him "verbal advice about whether or not [he was] in compliance with the overtime laws." [ECF No. 72, p. 92].

Similarly, Mr. Hossain also testified that Ms. Langbein gave him "advice on what [he] needed to change in [his] store with regards to being in compliance with the

overtime and minimum wage laws[.]" [ECF No. 72, p. 93]. He also testified that he remembered what the advice was. [ECF No. 72, pp. 93-94]. He then testified about what changes he made based on Ms. Langbein's advice: bank card maintenance, paying overtime for anyone who works more than 40 hours in a week, assigning a particular person to add the timecards and make appropriate entries into Quickbooks. [ECF No. 72, p. 96].

Mr. Hossain testified that all the changes he made to comply with the wage laws were based on Ms. Langbein's advice. [ECF No. 72, p. 98].

After Plaintiff's counsel finished asking deposition questions of Mr. Hossain, Ms. Langbein asked her **own** questions. For example, she asked the following questions (for which she obtained answers): (1) "Whenever you have had a question about a pay practice, have you consulted with an attorney?" [answer: "Yes, I do"]; (2) "Do you know if I am board certified in employment law?" [answer: "Yes, you are"]; and (3) "Do you know for how long I have been board certified in employment law?" [answer: "I don't know"]. [ECF No. 72, p. 133]. After Mr. Hossain answered "I don't know" to the last question, Ms. Langbein said, "It's a long time." [ECF No. 72, p. 133].

During the deposition, Ms. Langbein invoked the attorney-client privilege and instructed Mr. Hossain to not answer several questions, including (1) What advice did Ms. Langbein tell you with regards to "complying with the overtime and minimum wage laws[?]" [ECF No. 72, p. 86]; (2) "Can you tell me what advice Leslie Langbein

6

gave to you to ensure that you were in compliance with your overtime and minimum wage laws?" [ECF No. 72, p. 91]; (3) "Do you recall what that advice was?" [ECF No. 72, p. 92]; (4) "Can you tell me what that advice [concerning changes made at the business] was?" [ECF No. 72, p. 99]; (5) "When you met with your attorney, did you review the timecards of anybody other than Mr. Reyes to ensure that you had paid those employees overtime and minimum wage?" [ECF No. 72, p. 100]; and (6) "Can you tell me what advice your attorney, Leslie, gave you with regard to your pay practices?" [ECF No. 72, p. 115].

Although he could not remember exactly when the Langbein-based changes were made, Mr. Hossain testified that the changes were implemented "just prior to 2013." [ECF No. 72, p. 96]. He did not have any papers to refresh his recollection about exactly when the changes were put into place, however. [ECF No. 72, pp. 96-97]. He also said that he did not know if he had any invoices reflecting when he met with Ms. Langbein about complying with the wage laws or when the changes were actually initiated. [ECF No. 72, p. 95-98].

In their amended answers to Plaintiff's First Set of Interrogatories [ECF No. 39-2], Defendants did not list Ms. Langbein as a person who Defendants "believe, or suspect, may have information relevant to any claim, defense or facts related to the instant action[.]"

7

In their response opposing Plaintiff's motion to disqualify in this case, Defendants argue that the motion was brought in bad faith because the exact issue was briefed and decided in another case involving the same attorneys -- *Lopez-Osorio v. Art Landscaping Corp.,* Case No. 15-20614-cv-Otazo-Reyes. [ECF No. 49, pp. 1-2]. In that case, United States Magistrate Judge Alicia M. Otazo-Reyes denied a motion to disqualify Ms. Langbein. However, two attorneys (Ms. Langbein and Jose Diaz) had provided advice to the defendant employer and Magistrate Judge Otazo-Reyes **permitted** Plaintiff's counsel to take a two-hour deposition of Mr. Diaz on matters that "support Defendants' good-faith defense in this case" and also **permitted** a second deposition of the employer (Mr. Alexander Acosta, who was in a similar position as Mr. Hossain is in for this case) concerning "Langbein's counseling on FLSA compliance." [ECF No. 51-4].

*Lopez-Osorio* went to trial, and the jury returned a verdict in favor of Defendants Art Lanscaping, Corp. and Mr. Acosta.

Plaintiff in the instant case argued at a recent hearing that the jury verdict in *Lopez-Osorio* was influenced by Mr. Acosta's reference to his reliance on legal advice from an employment law specialist, the introduction into evidence of an invoice from Ms. Langbein's law firm (reflecting the fact that she provided legal advice), and Ms. Langbein's implicit argument to the jury that her advice was credible and was relied upon by the defendant employers. Ms. Langbein and counsel for Plaintiff also advised that Magistrate Judge Otazo-Reyes had imposed certain restrictions or limitations on

what testimony could be provided on the issues of good faith reliance on Ms. Langbein's advice.

But neither party has filed the trial transcript and relevant excerpts reflecting the specifics of the limitation or the exact arguments which Ms. Langbein made to the jury. The Undersigned would like to review those transcript excerpts before ruling on the disqualification issue. Therefore, this ruling concerns only the discovery issues, not the disqualification issue.

Applicable Legal Principles and Analysis

The attorney-client privilege was "intended as a shield, not a sword," and a party waives the privilege if he "injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Cox v. Adm'r United States Steel & Carnegie*, 17 F.3d 1386, 1418-19 (11th Cir. 1994) (internal quotations and marks omitted). When a party goes beyond mere denial of allegations and affirmatively asserts good faith, then it has "injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege." *Id*. at 1419.

As noted in *Immuno-Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001), it is well-established that when a party asserts a defense, such as the advice of counsel defense that makes an attorney's advice an issue in the litigation, then that party waives the attorney client privilege. In determining the scope of the waiver, the overriding consideration is fairness, or avoiding prejudice to the opposing party. *See*

9

*Cox*, 17 F.3d at 1417 ("[C]ourts generally have not found a waiver where the party attacking the privilege has not been prejudiced[.]"); *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 218 (N.D. Ill. 2001) ("The overriding principle is one of fairness.").

Therefore, in the interest of fairness, courts have been careful not to allow parties to introduce evidence of attorney-client communications favorable to the advice-of-counsel defense, while asserting the privilege with respect to communications that may be unfavorable to the defense. *See, e.g., Beneficial Franchise Co.*, 205 F.R.D. at 217 ("Having opened the door to certain privileged information in an effort to advance its cause, as a matter of fairness a party must disclose other privileged materials involving the subject matter of the disclosed communications."). Courts have noted that the privilege was "intended as a shield, not a sword." *Cox*, 17 F.3d at 1418.

In *Immuno-Vital*, the Court held that "when the advice of counsel defense is raised, the party raising the defense must permit discovery of **any and all legal advice** rendered on the disputed issue." 203 F.R.D. at 564 (emphasis added). Because the defendants in *Immuno-Vital* refused to answer deposition questions about advice received from outside counsel by asserting the attorney-client privilege, the Court denied the defendants' motion to amend its answer to include the advice-of-counsel defense. *Id.* at 564-65. In doing so, the Court explained that it would be "manifestly unfair" to the plaintiff to permit the amended affirmative defense of advice-of-counsel while the defendants blocked discovery about the advice. *Id.* at 564. Therefore, the

Court also excluded all evidence about the advice the defendants received from counsel. *Id.* 564-65.

Although Defendants here have not in their answer expressly asserted the advice of counsel defense, they are, for all practical purposes, using that defense as the foundation for their position that they did not willfully violate the FLSA (and that the statute of limitations is two years, not three years). Moreover, Mr. Hossain's deposition testimony -- including answers to questions posed by Ms. Langbein -- makes it clear that Defendants are, in fact, relying on an advice-of-counsel theory.

The issue of Defendants' good faith is relevant in this case for an additional issue beyond the "willfulness" issue for statute of limitations purposes. Under the FLSA, an employer can avoid "liquidated damages," otherwise known as double damages, if he proves "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. If Plaintiff obtains a trial verdict in his favor, then the issue of Defendants' good faith would arise -- which would then implicate the advice they received from Ms. Langbein.

This strategic choice (of asserting Ms. Langbein's legal advice as a defense) mandates a finding that Defendants have impliedly waived the attorney-client privilege on matters concerning the advice Ms. Langbein provided to her labor-law clients in this case. *See generally Securities & Exch. Comm'n v. Wall Street Capital Funding,* LLC, No. 11-

201413, 2011 WL 2295561, at *7 (S.D. Fla. June 10, 2011) ("Defendants cannot assert the advice of counsel advice while simultaneously and strategically selecting which communications to disclose for self-serving purposes and which communications to retain as confidential") (internal citations omitted); *Maar v. Beall's Inc.*, No. 16-cv-14121, 2017 WL 823868, at *3 (S.D. Fla. Feb. 28, 2017) (finding that employer, a defendant in an FLSA case, impliedly waived any attorney-client privilege concerning requested documents which support its good faith affirmative defense).

Under these circumstances, it would be patently unfair to Plaintiff to prevent him from obtaining full discovery on the very advice which Defendants are relying upon to prove that they did not act willfully and that the statute of limitations should be two years, rather than three years. Likewise, it would also be inequitable to prevent Plaintiff from obtaining the specifics about the legal advice provided to Defendants when he might need to address the advice after trial, when advocating for double damages and arguing against Defendants' inevitable argument that liquidated damages are unavailable because they acted in good faith.

Therefore, Plaintiff may take Ms. Langbein's deposition and may retake Mr. Hossain's deposition (on the issues raised by Defendants' reliance on their attorney's employment-law advice). He may also obtain any letters, memoranda or notes, which Ms. Langbein provided to her clients about complying with the FLSA.

The Undersigned will rule on the motion to disqualify after reviewing the trial transcript excerpts from the *Lopez-Osorio* case.

**Conclusion**

Plaintiff may, as soon as practicable, pursue the discovery permitted by this Order.

However, the Understand recognizes that Defendants may, after reviewing this Order, be inclined to follow the lyrics from the Coldplay song "The Escapist": "And in the end / we lie awake / And we dream / We'll make an escape."[3] If Defendants want to escape from the discovery permitted in this Order, then they will need to remove the good-faith defense issues. To do that, they will need to agree that the applicable statute of limitations is three years and that Plaintiff would be entitled to double damages (liquidated damages) if he were to prevail at trial. If Defendants stipulate to both of these points, then there is no longer a need for Plaintiff to obtain discovery on the good faith issue.

If Defendants want to pursue a discovery escape, then they shall file a stipulation to both points. Without a filed stipulation on both points, however, Defendants will

---

[3] COLDPLAY, *The Escapist*, *on* VIVA LA VIDA OR DEATH AND ALL HIS FRIENDS (Parlophone/Capitol 2008).

need to provide the discovery permitted by this Order if Plaintiff takes steps to schedule the depositions and obtain any relevant documents.

**DONE and ORDERED** in Chambers, in Miami, Florida, on June 30, 2017.

*/s/ Jonathan Goodman*
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record