UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO. 16-24362-cv-LENARD/GOODMAN

LUIS REYES on behalf of himself and
All others similarly situated,

  Plaintiff,

vs.                ON REFERRAL

COLLINS & 74TH STREET, INC. and
MOHAMMED S. HOSSAIN,

  Defendants.
_____/

## DEFENDANTS' VERIFIED MOTION FOR CLARIFICATION OF ORDER

  Defendants, COLLINS & 74TH STREET, INC. and MOHAMMED S. HOSSAIN, through undersigned counsel, and pursuant to Local Rule 7.1(a) move for clarification of the Court's order dated 6/30/17 [DE 78] and as grounds for the relief sought states:

1. On 6/30/17 the Court entered its Order Concerning Discovery About Attorney's Advice holding that Plaintiff could take the deposition of Defendants' counsel and re-open the deposition of Mr. Hossain in support of Defendants' good faith defense.

2. In its order, the Court determined that "Plaintiff has the right to take defense counsel's deposition concerning the advice she provided to her clients and the information they gave to her in order for her to provide the advice. Plaintiff also has the right to ask Defendants questions at depositions about these same topics."

3. The Court did not rule whether the implied waiver of attorney-client privilege was deemed to be a *limited waiver* of the privilege.₁  See, e.g., U.S. v. Bachynsky, 2007 U.S. Dist. LEXIS 37131 (S.D. Fla. 2007).

4. The Court also did not rule on Defendants' assertion of the work-product privilege at Mr. Hossain's deposition. ₂ The order seems to open the door to discovery of traditionally sacrosanct strategic discussions between Mrs. Langbein and her clients by quoting this question from Mr. Hossain's deposition: "When you met with your attorney, *did you review the timecards of anybody* other than Mr. Reyes to ensure that you had paid those employees overtime and minimum wage.  See, page 7 of Order.   This question is not seeking the legal advice rendered by Mrs. Langbein concerning FLSA compliance, but information about **what actions were taken in the context of defending this lawsuit**.  The question impacts strategies, mental impressions, legal theories, and directives given by an attorney to the client in the course of *defending a lawsuit*.    The Court's order also can be construed to allow Plaintiff's invasion of Defendants' work-product privilege due to its citation on

---

₁ The basis for asserting the attorney-client privilege at deposition was to preserve the privilege as to all *other* privileged communications with the client.   Unless there is a stipulation that the waiver is limited to the matters at issue, the privilege is deemed waived for all communications between an attorney and client. Plaintiff's Counsel did not stipulate to a limited waiver of the attorney-client privilege in this case. They took a similar stance in Lopez-Osorio.

₂ Rule 26(b)(3) governs the work-product privilege and provides "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial or for another party or its representative...."  The work-product doctrine is aimed to protect the effectiveness of a lawyer's trial preparation by immunizing his or her materials from discovery. *Kirkland v. Morton Salt Co.*, 46 F.R.D. 28 (N.D.Ga.1968).  The court has a duty to balance plaintiff's need to conduct discovery with the right of the defendant, and its counsel, to retain the benefits of the lawyers' work for the client free from intrusion by opposing parties and their counsel.

      page 10 to the following bolded quote from <u>Immuno-Vital v. Telemundo Group, Inc</u>., 203 F.R.D. 561, 564 (S.D. Fla. 2001); "when the advice of counsel defense is raised, the party raising the defense must permit discovery of **<u>any and all legal advice rendered</u> on the disputed issue.**"  [Emphasis in original other than underlining].  The same broad reading is easily implied by the Court's language that "Defendants have impliedly waived the attorney-client privilege on matters concerning *the advice* Mrs. Langbein provided to her labor-law client in this case," see page 11 of order.  The quote can be misconstrued to mean that the Court will allow questioning concerning advice on *how best to defend the lawsuit*.  Defendants believe the Court's inclusion of the quote was not meant to give Plaintiff leeway to invade Defendants' work-product privilege and allow Plaintiff's Counsel to inquire about "any and all legal advice" rendered in defense of this case.

5. It also is unclear whether the Court's order intends to limit the good faith defense to compliance advice <u>*given concerning Mr. Ramos' claims only.*</u>  At oral argument, Mrs. Langbein represented to the Court (and does so again through verification) that Defendants' good faith defense is founded on legal advice she rendered to the Defendants on FLSA compliance *<u>pre-suit (and in some cases years ago)</u>* as well as the ***<u>actual measures Defendants had undertaken to comply with the FLSA.</u>***  Thus, the additional discovery the Court has allowed is not dispositive of the defense of good faith (nor is this proper stage of the litigation to consider whether the elements of a good faith defense have been met).

6. Defendants also express grave concern over the Court's apparent acceptance of Plaintiff's Counsel's argument that Mrs. Langbein's opening and closing statements and questioning of her clients in Lopez-Osorio influenced the jury to render a defense verdict.  First, Ms. Jaff was not present at that trial and therefore did not observe and cannot judge her Law Firm's client's demeanor on the stand nor the jurors' reactions to him.  Second Judge Otazo-Reyes did not allow post-verdict questioning of jurors; *a fortiorari*, the implication is based entirely on speculation (and maybe a little "sour grapes" too).  Third, it is as just likely to surmise that the Lopez-Osorio jury issued a defense verdict based on the plaintiff's lack of credibility due to his inconsistent and exaggerated testimony, his admitted fraud and lies, testimony about his pre-trial attempt to influence an adverse witness to testify in his favor and that simple mathematics did not support his theory of being paid a "daily rate." [3]

7. Defense counsel attempted to confer with Plaintiff's counsel regarding the need for this motion by sending emails to them on 7/3/17 at 11:15 a.m. and at 4:08 p.m.  Plaintiff's counsel claims he responded to the email but defense counsel did not find such email in either her inbox or trash files.  Defense counsel asked Plaintiff's counsel to re-state its prior response but as of the time of filing this motion, there has been no response.   The motion has been filed in haste in view of the Court's permission to pursue the depositions "as soon as practicable."

---

[3] Defendants also believe the Court has misread Mr. Hossain's deposition response that he only started complying with the FLSA "just before 2013".   The question posed to him was "Do you recall if it was prior to 2013 or after 2013 ?"  To the best of defense counsel's recollection, Mr. Hossain's answer contained a short pause and so with appropriate punctuation, the transcript should have read," Just…… prior to 2013".

8. Defendants are requesting clarification of the Court's order to ensure that the scope of examination during the re-taking of Mr. Hossain's deposition and Mrs. Langbein's deposition is sufficiently clear and no misunderstandings result in yet another court hearing. Mr. Hossain already offered to be re-deposed on 7/5/17 in Plaintiff's counsel's offices at the same time that his deposition in the case of Ortiz v. N.H., Inc., 17 - 20169-cv-TORRES is being taken.

WHEREFORE, Defendants respectfully request that the Court clarify the issues raised in this motion and to limit the scope of questioning at Mr. Hossain and Mrs. Langbein's depositions.

My signature below constitutes a verification that the statements of fact contained in this Motion are true and correct to the best of my knowledge, memory and belief.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel:   (305) 556-3663
Fax: (305) 556-3647

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on July 3, 2017 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By:  /s/ Leslie W. Langbein
　　　Leslie W. Langbein, Esq.
　　　Fla. Bar No. 305391

## SERVICE LIST

J.H. ZIDELL, P.A.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
David Kelly, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Rivkah.Jaff@gmail.com