UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b), )
                                  )
                Plaintiffs, )
      vs. )
                                    )
COLLINS & 74TH STREET, INC. and )
MOHAMMED S HOSSAIN, )
                                  )
           Defendants. )
_____ )

## PLAINTIFFS' MOTION TO STRIKE [DE79] OR, IN THE ALTERNATIVE, TO ALLOW PLAINTIFF TO FILE COUNTER-DESIGNATIONS

**COMES NOW** the Plaintiff, by and through undersigned counsel, and hereby moved to Strike Defendants' Notice of Filing Deposition Excerpts in Opposition to Motion to Disqualify and to Take the Deposition of Defense Counsel, filed as [DE79], or, in the alternative, allow Plaintiff leave to file counter-designation, and in support thereof states as follows:

1. On June 30, 2017, Defendants filed their Notice of Filing Deposition Excerpts in Opposition to Motion to Disqualify and to Take the Deposition of Defense Counsel [DE79].

2. Per the Court's Post-Hearing Administrative Order [DE66], the Defense Counsel, Ms. Langbein, may, if she so pleases, file a counter designation notice that is limited by this Court to 3 transcripts, which are as follow:

    a. "If there are any other page and line numbers from **Mr. Hossain's deposition** transcript that Ms. Langbein finds responsive to the Undersigned's inquiry, then,

by July 3, 2017, Ms. Langbein may file a counter designation notice" [emphasis added]. [DE 66].

   b. "If there are any other page and line numbers from **the trial transcript excerpts (Lopez-Osorio 15-20614)** that Ms. Langbein finds responsive to the Court's inquiry, then, by July 3, 2017, Ms. Langbein may file a counter-designation notice." [emphasis added]. *Id.*

   c. And "If there are any other page and line numbers from **the hearing transcripts (Lopez-Osorio 15-20614)** that Ms. Langbein finds responsive to the Court's inquiry, then, by July 3, 2017, Ms. Langbein may file a counter-designation notice." [emphasis added]. *Id.*

3. Defendants' Notice [DE 79] attempts to circumvent the Courts order by entering deposition designations outside the scope of the Court's order and **without prior leave of Court**. Defense Counsel enters deposition designations of non-party witness, Lesly Azucena, in direct violation of the Court's Order and without prior leave of Court.

4. Therefore, Plaintiff respectfully requests that Defendants' Notice filed as [DE79] be immediately stricken. In the alternative, Plaintiff respectfully requests fourteen (14) days from the Court's Order to file counter-designation for the Court's consideration.

## MEMORANDUM OF LAW

Several other Courts that have dealt with this situation have stricken a supplemental response that was filed without leave of Court and in violation of the Court's local rule.

> Rule 3.01(b) of the District Court for the Middle District of Florida states that "[n]o other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court." In **\*274** *Florida Land Title Co. v. Martinez,* No. 93–1779–CIV–T–17C, 1995 WL 836018, 1995 U.S.Dist. LEXIS 12837, at *15 (M.D.Fla. Aug. 24, 1995),

> defendant filed a Supplemental Memorandum in support of a Motion for Summary Judgment. This court, citing Rule 3.01(b), Local Rules M.D.Fla., ordered that the Supplemental Memorandum be stricken since defendant failed to obtain leave of court. *Id.* In the instant case, Plaintiff filed a Supplemental Response to Defendants' Motion to Dismiss which this Court did not request nor authorize. Accordingly, pursuant to Rule 3.01(b), Local Rules M.D.Fla., Defendants' Motion to Strike Plaintiff's Supplemental Response is granted because Plaintiff failed to obtain leave of court.

*Gambino v. Vill. of Oakbrook*, 164 F.R.D. 271, 273-74 (M.D. Fla. 1995). See also *Miranda v. NCL (Bahamas) Ltd.,* 2013 WL 504103 (S.D. Fla. Feb. 8, 2013) (supplemental filing amounts to a sur-reply which is not permitted under the Local Rules), *United Broad. Corp. v. Miami Tele-Commc'ns, Inc.,* 140 F.R.D. 12, 13 (S.D. Fla. 1991) ("It is the opinion of this court that a "notice of supplemental authority" that raises an argument that is not in defendant's previous memorandum in opposition is in fact an attempt at a sur-response, which is not permitted in the absence of court order. See Rule 10(C) of the Local Rules of Procedure.*"). F.T.C. v. 1st Guar. Mortgage Corp.,* 2011 WL 1226213 (S.D. Fla. Mar. 30, 2011) (*See Karlecke v. City of Delray Beach,* 2010 U.S. Dist. LEXIS 6963, *1–2 n. 1 (S.D.Fla. Jan. 28, 2010) (striking sur-replies for failure to obtain leave of Court prior to filing said sur-replies).

In the case at hand, Defendants have transmogrified their sur-reply as a "Notice." Defendant, for the first time, raise testimony elicited during the deposition of non-party witness in a brazen attempt to ignore the Court's Order, which did not grant Defendants leave to file same. Defendants are attempting to substitute a "Notice" for failing to timely raise said testimony. Furthermore, said "Notice" [DE79] is tantamount to a sur-reply for which Defendants did not obtain leave of Court and for which the Court did not specify was permitted under the Court's Post-Discovery Administrative Order [DE66]. As a result, Plaintiff respectfully requests

that the Court grant Plaintiff's Motion and Strike Defendants' Notice [DE79] and not consider said "supplemental response" and its attachment.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THAT DEFENDANTS' NOTICE OF FILING DEPOSITION EXCERPTS IN OPPOSITION TO MOTION TO DISQUALIFY AND TO TAKE THE DEPOSITION OF DEFENSE COUNSEL, FILED AS [DE79], BE IMMEDIATELY STRICKEN. IN THE ALTERNATIVE, PLAINTIFF RESPECTFULLY REQUESTS FOURTEEN (14) DAYS FROM THE COURT'S ORDER TO FILE COUNTER-DESIGNATION FOR THE COURT'S CONSIDERATION.

## CERTIFICATE OF CONFERRAL

Plaintiff's made multiple attempts with Defense Counsel to confer and while she responded to other aspects of the email, she refused to give her response as to her position on this motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
    Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 7/3/17 TO THE FOLLOWING:**

**Leslie W. Langbein, Esq.**
**Langbein& Langbein**

**4** of **6**

**8181 NW 154 Street, Suite 105**
**Miami Lakes, FL 33016**
**Ph: 305-556-3663**
**Fax: 556-3647**
**Email: langbeinpa@bellsouth.net**

**BY:__/s/____Neil Tobak_____**
**NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b),                       )
                                              )
                    Plaintiffs,               )
          vs.                                 )
                                              )
COLLINS & 74TH STREET, INC. and               )
MOHAMMED S HOSSAIN,                           )
                                              )
                    Defendants.               )
_____ )

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE [DE79] OR, IN THE
ALTERNATIVE, TO ALLOW PLAINTIFF TO FILE COUNTER-DESIGNATIONS**

      This cause, having come before the Court on the Plaintiff's above-described motion, and

the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion

is GRANTED and therefore:

1. DEFENDANTS' NOTICE FILED AS [DE79] IS HEREBY STRICKEN.

      DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of

_____, 2017.

_____
JONATHAN GOODMAN
UNITED STATED MAGISTRATE JUDGE

Copies to: Counsel of Record