UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b),                       )
                                              )
                    Plaintiffs,               )
        vs.                                   )
                                              )
COLLINS & 74TH STREET, INC. and               )
MOHAMMED S HOSSAIN,                           )
                                              )
                    Defendants.               )
_____ )

## PLAINTIFF'S NOTICE OF COMPLIANCE WITH [DE82]

COMES NOW the Plaintiff, by and through undersigned, and files this Notice of Compliance with [DE82], necessitated for the purpose of clarification to the Court, that while emails exist between undersigned and Ms. Langbein, emails specifically referenced to in Defendant's Motion for Clarification [DE80] and the Court's Order [DE82] do not exist.

Furthermore, the undersigned never represented, or claimed to have responded, to any email conferral with Plaintiff's position. Rather, as the attached emails demonstrate, Defense counsel has blatantly misrepresented to the Court the conferral by and between Plaintiff's counsel and Defense counsel and, without conferring in accordance with the Rules, hastily filed her Motion making representations which are far from what is reflected in the attached conferral emails.[1]

---

[1] Local Rule 7.1(a)(3) requires that parties engage in good faith conferral before the filing of any motion in this district, and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts. Failure to comply with Local Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the

1. On June 21, 2017, this Court filed a clear order to Defense Counsel to file any combination of the following counter-designations [DE66]:

    a. If there are any other page and line numbers from Mr. Hossain's deposition transcript that Ms. Langbein finds responsive to the Undersigned's inquiry, then, by July 3, 2017, Ms. Langbein may file a counter-designation notice. *Id.*

    b. If there are any other page and line numbers from the trial (Lopez v. Osorio #15-20614) transcript excerpts that Ms. Langbein finds responsive to the Court's inquiry, then, by July 3, 2017, Ms. Langbein may file a counter-designation notice. *Id.*

    c. Ms. Langbein may file additional page and line numbers from Mr. Hossain's deposition where he provided answers to Ms. Jaff's questions concerning his good faith defense. *Id.*

2. On June 30, 2017, Opposing Counsel took it upon herself to file counter-designations that were outside the limited scope set by this Court (i.e. deposition transcript of Lesly Azucenaone). [DE79].

3. In an attempt to confer with opposing Counsel about her withdrawal of said Notice and/or her opposition to Plaintiff's filing a motion to strike, the undersigned sent opposing counsel an email at 8:24 am on Monday July 3, 2017.*See*, Exhibit "A."

---

amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." As Magistrate Judge Goodman has noted, "[s]trict compliance with Local Rule 7.1(a)(3) is very important." *Marler v. U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 at *2 (S.D. Fla. April 14, 2011). The Rule does list a number of motions excluded from the conferral requirement, but a motion such as this is not an excluded motion under Local Rule 7.1(a)(3). Motions excluded from the conferral requirement are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action." Local Rule 7.1(a)(3).

4. At 11:15 am on the same morning, opposing counsel, sent her own, unrelated, conferral email requesting Plaintiff's position on her Motion for Clarification. *Id.*

5. The undersigned, at 11:23 a.m., sent a second conferral email regarding withdrawal of Defendants' Notice or in the alternative requesting opposing counsel's position to Plaintiff filing a motion to strike. *Id.*

6. Ms. Langbein replied to the undersigned counsel's second conferral with a "snarky" comment about the undersigned having time to request a response (for the second time) to his conferral as opposed to replying to hers. To which the undersigned replied that he had sent his conferral prior to hers and was still waiting a response, but that when the undersigned was finished with a client he would respond to her email. Thus, Ms. Langbein was on notice that the undersigned was with a client, was unable to review the Order, analyze it in conjunction with Defense counsel's conferral email, and was unable to respond at that time but would do so later. Ms. Langbein was essentially calling the kettle black, by demanding a response to her conferral, but, in turn, ignoring and refusing to respond to the undersigned's conferral email. *Id.*

7. At no time did the undersigned represent he had sent his position to opposing counsel on her conferral request. In fact, undersigned was quite clear, that undersigned needed to review the Order prior to responding with his position as to opposing counsel's conferral email and that he was unable to do so at that time because the undersigned was with a client. *Id.*

8. Ms. Langbein represents to the Court that she never received said conferrals from Plaintiff (even though the email chain clearly shows she had read said email and replied to same albeit with a non-responsive comment). *Id.*

9. Additionally, as neither Ms. Langbein nor the Defendant's deposition had been set, Ms. Langbein was not under any time constraints and no need to rush to file the Motion prior to properly conferring in compliance with the Rules. The undersigned's intent was to finish with his client meeting, properly review the Court's Order, and thereafter respond with Plaintiff's position to Ms. Langbein's conferral. Heedless of the undersigned's representations to Ms. Langbein that he was unable to respond at that time, Ms. Langbein rushed to file her Motion and mislead the Court in her representation of what transpired between the undersigned and Defense counsel with regards to conferral efforts. *Id.* Instead, Ms. Lanbgein proceeded to reargue her Response to Plaintiff's Motion to Disqualify and Compel by way of a transmogrified Motion for Clarification[DE 80].[2]

10. It is unfortunate such petty back and forth must be presented to this Court. However, Ms. Langbein's blatant misrepresentation of undersigned's actions had to be corrected in light of the Court's Order [DE 82].

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
   Florida Bar No.: 093940

---

[2]To further illustrate Defense counsel's bad-faith litigation tactics and in an attempt to ram Defendants position down the Court's throat, as evidenced by the attached, it was not until the following day, hours after the undersigned filed his Motion, and <u>even hours after the Court ruled on Plaintiff's Motion to Strike</u>, that Ms. Langbein, needlessly, responded to Plaintiff's conferral about her position on Plaintiff's Motion to Strike.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 7/5/17 TO:**

Leslie W. Langbein, Esq.
Langbein & Langbein
8181 NW 154 Street, Suite 105
Miami Lakes, FL 33016
305-556-3663
Fax: 556-3647
Email: langbeinpa@bellsouth.net

BY:___/s/___Neil Tobak_____
Neil Tobak, ESQ.