UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

COLLINS & 74TH STREET, INC. and MOHAMMED S HOSSAIN,

        Defendants.

_____

**PLAINTIFF'S MOTION FOR SANCTIONS BASED ON DEFENSE COUNSEL'S CONDUCT AT DEPOSITION AND TO STRIKE DEFENDANTS' DEPOSITION TESTIMONY IN ITS ENTIRETY**

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files this above-described Motion for Sanctions and to Strike Defendants' Deposition Testimony and for Plaintiff to re-depose Defendants anew[1], and in support thereof states as follows:

**MEMORANDUM OF LAW**

**DEFENSE COUNSEL'S DEPOSITION MISCONDUCT.**

Depositions are the factual battleground where most of the litigation takes place. *Hall v. Clifton Precision, a Div. of Litton Systems, Inc.,* 150 F.R.D. 525, 531 (E.D.Pa.1993). The

---

[1] In [DE78], the Court has already granted Plaintiff's Motion to re-depose the Defendant on issues that he was improperly instructed by Defense Counsel not to answer at his Deposition. After reviewing Defendants' deposition further, the undersigned requests that Defendants' first deposition be stricken and to allow the Plaintiff to re-depose Defendant anew, without obstruction by Defense Counsel.

deposition of Defendants[2] should have been a pursuit of the truth allowing Plaintiff an opportunity to discover critical facts relevant to the case at hand. Instead, the deposition turned into a parade of disruptions, suggestions, declarations, and arguments made by Defense Counsel, Leslie Langbein, Esq. The actions by Defense Counsel in this deposition, as set out in more detail below, are examples of "Rambo Litigation,"[3] and such misbehavior is intolerable and warrants sanctions. As evidenced by the transcript, Defense Counsel improperly objected and interrupted with her own testimony throughout the deposition of Defendants. Defense Counsel seemingly coached the witness through many of his responses during the deposition on the record. Defense Counsel's improper speaking objections during the deposition interfered with Plaintiff Counsel's ability to elicit the testimony of Defendants. *See,* [DE72-1].[4]

Defense Counsel made "relevancy" objections and instructed the witness not to answer based on Defense Counsel's sole determination of what facts were relevant to the case at hand. For example, Plaintiffs' Counsel asked a question about Defendant's corporate bank account. Defense counsel objected because she believed it was irrelevant information, then proceeded to instruct Plaintiff's Counsel what questions should be asked of the deponents. Def. Depo. Trans. P.51, L.14-23. Federal law requires that a party:

> Provides that any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner. Depositions frequently have been unduly prolonged, if not unfairly

---

[2] The Defendant Mohammed S Hossain appeared individually and as the 30(b)(6) Corporate Representative of the Corporate Defendant, Collins & 74th Street, Inc.

[3] "It is well settled that in the course of a deposition, an attorney is prohibited from engaging in so-called *Rambo* litigation, in which he attacks every question posed by the opposing counsel thus preventing the elicitation of any meaningful testimony from the witness. The attorney also may not object to questions in such a way as to "coach" the witness or suggest an answer." *Thon v. Transp. TFI 11, S.E.C.,* No. 13-13365, 2014 WL 4206888, at *3 (E.D. Mich. Aug. 22, 2014).

[4] [DE72-1] herein is also referred to as Def. Depo. Trans.

> frustrated, by lengthy objections and colloquy, often suggesting
> how the deponent should respond. While objections may, under the
> revised rule, be made during a deposition, they ordinarily should
> be limited to those that under Rule 32(d)(3) might be waived if not
> made at that time, *i.e.*, objections on grounds that might be
> immediately obviated, removed, or cured, such as to the form of a
> question or the responsiveness of an answer. Under Rule 32(b),
> other objections can, even without the so-called "usual stipulation"
> preserving objections, be raised for the first time at trial and
> therefore should be kept to a minimum during a deposition.

Fed. R. Civ. P. 30(d) Notes of Advisory Committee on Rules—1993 Amendment. The question regarding Defendant's corporate bank account is not privileged information. Defense Counsel's objection and instruction not to answer was not based on privilege but her misunderstanding of the relevance of the question.

> Q. Do you have a corporate bank account?
> A: I do
> Q: With what –
> Ms. Langbein: Objection. I am going to object to this because this
> is collection information. it has nothing to do with this lawsuit. I
> am going to instruct the witness not to answer. If you want to ask
> about paychecks and what account they came out of, that is fine.
> But not corporate accounts.

Def. Depo. Trans. P.51, L.14-23.

     Objections as to relevancy are not form objections, and as such are not appropriate at a deposition and should be reserved until the use of the deposition at trial. Defense Counsel should be aware that the standard for discovery of information is not whether it is "relevant" - based on counsel's own unilateral determination – as Courts have long recognized the broad scope of discovery permitted under the Federal Rules of Civil Procedure, the provisions of which are intended to "allow the parties to develop fully and crystallize concise factual issues for trial." *Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 304 (5th Cir.1973) (citing *Hickman v.. Taylor,* 329 U.S. 495, 507 (1947); *See also, Schlagenhauf v. Holder,* 379 U.S. 104, 114–15

(1964)). Rule 26(b) governs the scope of discovery and states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.; See also, Harrison v. Burlage,* Case No.: 08-80989-CIV, 2009 WL 2230794, at *3 (S.D. Fla. July 23, 2009). It is not Defense Counsel's decision as to what information may be relevant in the case, that decision is at the discretion of the trial court, and Defense Counsel cannot make a "ruling" on what is or is not relevant to the case based on her understanding of why the question is being asked.

Defense Counsel often interrupted the deposition with her own commentary both before and after the witness answered a question. More importantly, when Defense Counsel made such objections, the witness would mimic the comment. Such objections likely result in the deponent representing the answer that his/her lawyer wants, which may not be the truth, and appears as a coached response. For example, in one instance where Defense Counsel made her unfounded objection, the deponent was asked a simple question, to which Ms. Langbein interjected her own answer:

> Q. Can you tell me what he did for you?
> A. He did merchandising in the store and put the grocery.
> Q. And you said pulled the grocery?
> A. No. He put the grocery on the Shelf
> Ms. Langein: Stocker.
> A. Stocker.

Def. Depo. Trans. P.16, L.2-8.

Throughout the deposition, Defense Counsel interjected and suggested an answer to the deponent:

> Q. Can you read into the record what that amount is that you are saying that you owe?
> A. Pretax 472.
> Ms. Langein. No. The actual amount is not the one with the deductions.
> Q. Actual amount, yes, on the top. 543.93[5]

Def. Depo. Trans. P.38, L.5-9.

> Q. After you were sued, did you consult – I am not asking you content. Did you consult with an attorney in order to change the policies that were in place at your store?
> Ms. Langbein. Objection to Form.
> A. One More Time.
> Q. Sure. After you were sued –
> Ms. Langbein. Which Suit? Which one? The many that your law firm was filed, which one? Are we talking about 2008? Are we talking about 2009?
> Ms. Jaff. I just asked him. He said one.

Def. Depo. Trans. P.55, L.4-15.

> Ms. Jaff. I know an issue in this case is, you know, whether or not the client can go back two years or three years. Are you saying that part of your good-faith basis for not being entitled to go back those years is that you were the one that –
> Ms. Langbein: I am not sworn, but the answer –
> Ms. Jaff. I am just asking you for the record.
> Ms. Langbein. For the record, it is yes. I have represented this company for many times, unfortunately.
> Ms. Jaff. Then I am going to ask him the questions with regards to why he thinks that he has good faith –
> Ms. Langbein. You have already asked him most of the questions. He has a time keeping system
> Ms. Jaff. Okay. I don't need you to testify for him. I am going to ask him. Thanks.

Def. Depo. Trans. P.56, L. 22-25; P.57, L.1-17.

> A. Another employee is Karim.
> Q. Do you know her last name?
> Ms. Langbein. Him.
> Q. him, sorry

---

[5] Defendants admitted to owing Plaintiff at least some amount of overtime. Opposing Counsel nevertheless refused to stipulate that the remaining issues to be litigated are the amount of damages owed to Plaintiff and willfulness. Therefore, protracting this litigation unnecessarily.

> A. I don't remember if it's his last name or first name.
> Ms. Langbein. I think karim is his last name
> The Witness: Karim is last name, right?
> Ms. Langbein. Yes, I think so.

Def. Depo. Trans. P.67-68.

Defense Counsel also interrupted based on her understanding of questions. Defense Counsel was not being deposed and she was, also, not the witness being deposed. Thus, the only individual whose "understanding" of the question mattered in this situation was the deponent. On many occasions, Defense Counsel made objections and commentary based on her understanding or confusion about a question made to the deponent, these speaking objections, not only annoy, but routinely delay the deposition, and are also blockades to Plaintiff Counsel's ability to obtain direct and truthful testimony from the witness. Such speaking objections include the questions and responses discussed below.

> Q. Sure. Do you only have one location of the grocery store at 7476 Collins?
> A. I have another one.
> Q. Where is it located?
> Ms. Langbein: Are you saying Collins and 74th, does it have any other locations?

Def. Depo. Trans. P. 26, L.13-20.

> Q. Did Mr. Reyes ever work at NH, Inc. to your knowledge?
> A. No.
> Ms. Langbein. Can you rephrase the question? Because you asked him did you know, and he said no.

Def. Depo. Trans. P.28, L.3-8.

> Q. Other than your attorney, have you talked to anybody else about this lawsuit?
> A. I did not.
> Ms. Langbein: Meaning like corporate employees?
> Ms. Jaff. I am asking about any of the employees, anyone outside the company that he has talked to.

Def. Depo. Trans. P.64, L. 15-22

The fact that Defense Counsel did not understand the question did not matter – Ms. Langbein was not being deposed at this deposition. Defendant, who appeared on behalf of the Corporate Defendant as well as individually, was, or at least should have been, familiar with the information sought in the questions posed to him and the documents presented to him during the course of the deposition. Plaintiff's counsel had a right to ask him about any information related to the case at hand, and should he not understand the question, he surely had the opportunity to ask Plaintiff's counsel to clarify. Defense Counsel's conduct directly affected the answers that were provided by Defendant.  Other examples of Defense Counsel's improper interjections include direct instructions to the deponent regarding how he should answer the question, such as telling the witness: "Don't Guess" and "her name is in the interrogatories." Def. Depo. Trans. P.102, L.8-9; P.22, L.18-2. This Court has noted that an "if you know" comment to a deponent before he or she answers a deposition question to usually be improper coaching, designed to signal the witness to answer that he or she does not know or remember the answer". *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC,* Case No.: 12-22539-CIV, 2014 WL 5816585, at *10 (S.D. Fla. Nov. 10, 2014). All instructions to the witness during the deposition were inappropriate. Defense Counsel's misconduct tainted the deposition and inhibited Plaintiff's Counsel from getting relevant and truthful information that is vital to Plaintiff's case.

**DEFENSE COUNSEL'S EGREGIOUS DEPOSITION MISCONDUCT SHOULD NOT BE TOLERATED AND WARRANTS SANCTIONS.**

The Court ought to sanction Defense Counsel pursuant to Rule 37(a)(4)(A):

> "…the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court

> find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust."

The Court has the discretion impose sanctions for type of misconduct displayed by Defense Counsel. By comparison, other courts repeatedly condemn conduct similar to Defense Counsel's. For example, in *Hall v. Clifton Precision, a Div. of Litton Systems. Inc.,* 150 F.R.D. 525 (E.D.Pa.1993), a case regularly cited concerning deposition misbehavior, counsel engaged in similar conduct as encountered from Defense Counsel in the case at bar. The trial court considered the reasoning behind discovery and the deposition process and found that,

> "The purpose of a deposition is to find out what a witness saw, heard, or did what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness-not the lawyer-who is the witness."

*Id.* at 528.

> "Depositions generally are to be conducted under the same testimonial rules as are trials. During a civil trial, a witness and his or her lawyer are not permitted to confer at their pleasure during the witness's testimony. Once a witness has been prepared and has taken the stand, that witness is on his or her own. The same is true at a deposition. The fact that there is no judge in the room to prevent private conferences does not mean that such conferences should or may occur. The underlying reason for preventing private conferences is still present: they tend, at the very least, to give the appearance of obstructing the truth."

*Id.* at 529.

In *Hall* the court also reprimanded the tactic of "on the record witness coaching through suggestion objections" such as comments where the lawyer, not the deponent states "I don't understand the question." *Id*. at 530. The Court represented that a lawyer's objection based on her understanding of the question is improper and that should the deponent need clarification, he or she may ask the attorney taking the deposition. Counsel are not permitted to state on the record their interpretations of questions, since those interpretations are irrelevant and often suggestive of a particularly desired answer. *Id.*

An attorney can only instruct a deponent not to answer when necessary to preserve a privilege or to limit the scope based on the Court's Order. The Southern District of Florida held that deposition testimony "is to be completely that of the deponent, not a version of the testimony which has been edited or glossed by the deponent's lawyer". *Quantachrome Corp. V. Micromeretics Instrument Corp.,* 189 F.R.D. 697, 700 (S.D. Fla. 1999). The witness must be allowed to answer a question, "free from any influence by his counsel." *Id.* An objection based on form might require a brief explanation, but only at the request of deposing counsel. Any explanation "should be succinctly and directly stated without suggesting an answer to the deponent." *Id.*

Lawyers must conduct the examination and cross-examination of a deponent in the same manner, "as they would at trial." Fed. R. Civ. P. 30(c)(1). Objections "must be stated concisely in a non-argumentative and non-suggestive manner," and a witness may be instructed not to answer, "<u>only</u> when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Rule 30(d)(2) states that the "court may impose an appropriate sanction – including the reasonable expenses

and attorney's fees incurred by any party – on a person who impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Defense Counsel's behavior unfairly prejudiced Plaintiff's Counsel's ability to obtain testimony from the witness, and, as a result of these actions, this Court should impose sanctions on Defense Counsel. As stated by the Supreme Court, even the "most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction but to deter those who might be tempted to such conduct in the absence of such deterrent." *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

WHEREFORE, Plaintiff respectfully requests this Court enter an Order (1) awarding Plaintiff's Counsel attorneys' fees for the instant Motion, forthcoming Reply, and all related work; (2) striking Defendant's deposition; (3) permitting Plaintiff's counsel to re-depose Defendants anew; (4) awarding Plaintiff's Counsel all fees and costs related to taking Defendants' deposition a second time; (5) ordering Defendants to appear for a second deposition within fifteen (15) days of the Court's Order; (6) barring Defense Counsel from charging Defendants for same; and (7) requiring Defense Counsel to abide by the applicable Rules that govern deposition conduct.

**CERTIFICATE OF CONFERRAL**

Defense Counsel opposes the instant relief.

Respectfully submitted,
J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766

        305-865-7167

        By:_s/ Neil Tobak, Esq. ___
        Neil Tobak, Esquire
        Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF 7/7/17 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

  **BY:__/s/____Neil Tobak_____**
      **NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b), )
)
Plaintiffs, )
vs. )
)
COLLINS & 74TH STREET, INC., )
MOHAMMED S HOSSAIN, )
)
Defendants. )

### ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS BASED ON DEFENSE COUNSEL'S CONDUCT AT DEPOSITION AND TO STRIKE DEFENDANTS' DEPOSITION TESTIMONY IN ITS ENTIRETY

This cause, having come before the Court on Plaintiff's above-described motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said motion is granted as follows:

PLAINTIFF IS HEREBY AWARDED REASONABLE ATTORNEYS' FEES FOR THE INSTANT MOTION, REPLY, AND ALL RELATED WORK;

DEFENDANTS' DEPOSITION IS HEREBY STRICKEN AND PLAINTIFF MAY RE-DEPOSE DEFENDANTS AT ON A MUTUALLY AGREED UPON DATE AND TIME TO OCCUR NO LATER THAN FIFTEEN (15) DAYS FROM THE DATE OF THIS ORDER;

PLAINTIFF'S COUNSEL IS HEREBY AWARDED ALL FEES AND COSTS ASSOCIATED WITH DEFENDANTS' SECOND DEPOSITION;

DEFENSE COUNSEL IS HEREBY BARRED FROM CHARGING DEFENDANTS FOR APPEARANCE AT THEIR SECOND DEPOSITION AND ALL RELATED WORK (I.E.

PREPARATION, ETC.) AND DEFENSE COUNSEL SHALL ABIDE BY THE APPLICABLE RULES THAT GOVERN DEPOSITION CONDUCT; AND

    PLAINTIFF'S COUNSEL IS ENTITLED TO AN AWARD OF FEES AND COSTS AND THE COURT RETAINS JURISDICTION OF THIS CAUSE TO ENTERTAIN PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS AND ENTRY OF SAME. PLAINTIFF SHALL FILE HIS FEE AND COST MOTION BY _____, 2017.

    DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2017.

                                          _____
                                          JONATHAN GOODMAN
                                          UNITED STATES MAGISRATE JUDGE

Copies to: Counsel of Record