UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b),                        )
                                               )
                    Plaintiffs,                )
         vs.                                   )
                                               )
                                               )
COLLINS & 74TH STREET, INC. and                )
MOHAMMED S HOSSAIN,                            )
                                               )
                    Defendants.                )
_____ )

**PLAINTIFFS' RESPONSE IN OPPOSITION TO [DE80]**

COMES NOW the Plaintiff, by and through the undersigned, and responds in opposition to

Defendants' Verified Motion for Clarification of Order [DE80], and in support thereof states as

follows:

1.  The wisdom passed on in the rock & roll song "You Can't Have Your Cake and Eat It

Too," sung by Ike and Tina Turner, rings true: "You can't have your cake and eat it too/ What's

your choice between the two?/ Now what you're gonna do hmm hmm?" In the context of this

lawsuit, the Court has made it clear that Defendants cannot seek to use the two-year statute of

limitations (instead of the three-years) by arguing that any violation was not willful because they

relied on the advice of their current counsel while simultaneously staving off Plaintiff from fully

exploring the advice provided. The Court has even provided Defendants with an "escape" from

the very dilemma they now find themselves in, a result of their own making, so long as

Defendants remove the good-faith defense issues. Yet, undeterred by the Court's Ruling,

Defendants continue to belabor their point to transparently persuade the Court to accept their position.[1]

2.   Unhappy with the Court's Ruling, Defendants transparently transmogrified their Motion for Reconsideration into a Motion for Clarification [DE80] in a brazen and veiled attempt to take a second bite at the judicial apple. The Court's Order [DE78] specifically addresses the fact that Defendants conceded that his company was sued several times for alleged FLSA violations and that Defendants' good-faith defense was advice received from said counsel. Further, the Court's Order [DE78] specifically addresses Defendants' position regarding attorney-client privilege and the Court unambiguously states that "[t]he attorney-client privilege was "intended as a shield, not a sword," and a party waives the privilege if he "injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Cox v. Adm'r United States Steel & Carnegie,* 17 F.3d 1386, 1418-19 (11th Cir. 1994) (internal quotations and marks omitted). When a party goes beyond mere denial of allegations and affirmatively asserts good faith, then it has "injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege." *Id*. at 1419." *See,* P.9. Further, the Court has made it clear that "when the advice of counsel defense is raised, the party raising the defense must permit discovery of **any and all legal advice** rendered on the disputed issue." 203 F.R.D. at 564 (emphasis added)." *See, Immuno-Vital, Inc. v. Telemundo Group, Inc.,* 203 F.R.D. 561, 564 (S.D. Fla. 2001); *See also,* [DE78, P.9-10]. Undoubtedly, Plaintiff needs to explore the advice that pertains to Defendants' good-faith defense and that can in no way be limited solely to

---

[1] By her own admission Defense counsel makes it clear that the arguments contained in Defendants' Motion [DE80] are nothing more than a blatant attempt to re-hash what has already been presented to the Court. *See,* [DE80, Par.5, 6].

Plaintiff in the case at bar.[2] Without knowing what that advice was and the scope of same it is impossible for the Court to split hairs and determine what actions allegedly were taken in the context of defending a lawsuit and what has bearing on the good-faith defense Defendants are raising to attempt to diminish Plaintiff's accrued claim.[3]

   3.   The law is clear that a Court must deny a motion for reconsideration unless the movant shows one of three grounds namely: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007* (citations omitted). A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). The Court's Ruling is unambiguous and clear and Defendants have provided no basis under any of the above three-grounds for the Court to reconsider its ruling.

---

[2] On June 30, 2017, Defendants offered for Defendants to be re-deposed as Defendants would be appearing at the undersigned Firm in another matter.  The undersigned made it clear that Plaintiff did not agree to that as Plaintiff would not have the documents that the Court has permitted, would not have had an opportunity to review those documents, and would not have sufficient time to prepare for both the deposition that was set for 7/5/17and Defendants deposition as permitted by the Court. On July 3, 2017, prior to Defendants filing their Motion [DE80], the undersigned again requested Defendants to provide availability and provide the documents ordered by the Court as same was responsive to Plaintiff's written discovery served on Defendants prior to the Hearing before the Court. Further, Defendants' deposition transcript makes it clear that the Court should not limit Plaintiff to Defendants' compliance advice given concerning the Plaintiff only as **there was no advice given that pertained to Plaintiff directly prior to the instant lawsuit and, as such, their good-faith defense would fail.**

[3] Plaintiff should be entitled to explore any and all legal advice rendered on the disputed issue. Defendants have not articulated any basis as to why Defense counsel's advice would have been different with regards to compliance with the FLSA in other lawsuits where the plaintiffs did the same manual work as the Plaintiff in the case at bar. Further, Defendants have failed to articulate why the advice would have been any different in the context of a prior lawsuit then it would be with regards to advice regarding compliance with the FLSA.

4. Defendants' Motion [DE80] has further highlighted the fact that Defense counsel, Ms. Langbein, should never have agreed to be advocate for Defendants as she knew full-well that there was a clear conflict between her role as advocate and witness and that she was a necessary witness in the case at bar. *See also, Klupt v. Krongard,* 126 Md.App. 179, 728 A.2d 727, 741 (1999)("**When the attorney in question is so clearly aware before the fact of the potential conflict between [her] roles as advocate and witness, then the scrutiny usually applied to an opposing party's motion for disqualification is unnecessary, and the burden shifts to the attorney in question.**" [emphasis added].); *Randolph v. PowerComm Const., Inc.,* 309 F.R.D. 349, 366 (D. Md. 2015), *reconsideration denied sub nom. Randolph v. Powercomm Constr., Inc.,* No. GJH-13-1696, 2015 WL 6438087 (D. Md. Oct. 20, 2015). Defense counsel has muddied the waters making it murky as to what advice was provided to Defendants and the information that was given to her in order to provide the advice as opposed to what were "strategic discussions", and steps actions taken in the context in defending prior lawsuit.[4]

5. Prior to Ms. Langbein making unfounded assertions that she should obtain a copy of the Hearing transcript which will reflect that the undersigned was clear on the record that she was not present at the *Lopez-Osorio* trial, obviously was unable to observe anyone's demeanor, let alone that of the jurors.[5] Moreover, as Defense counsel is not a seer, Defense counsel cannot

---

[4] On 7/10/17, during the course of follow-up depositions, the undersigned learned that the two employees allegedly assigned to count the time cards at *some* point in time during the relevant time period would write their calculations on the back of the time cards. At no point in this litigation have Defendants provided Plaintiff with copies of the backs of the time cards and when requested on the record why not Defense counsel replied same was never requested. Aside from Defendants being obligated to provide same as part of their Rule 26 disclosures same is responsive to Plaintiff's First Request for Production served on Defendants on January 19, 2017.

[5] Defense counsel inappropriately uses Defendants' Motion [DE80] as yet another opportunity to re-argue their motion that is pending in the *Lopez-Osorio* case and shrouds their argument in the guise of a request for clarification on the Court's Order [DE78].

know what lead the jury to find in Defendants' favor. The Court's Order [DE78, P.13] makes it

clear that the Court is reserving ruling on these issues after the Court reviews the trial transcript

excerpts for himself. Instead of Defendants cramming their position down the Court's throat and

demanding that Plaintiff advise Defendants of the transcripts they have ordered so that

Defendants can jip the Court Reporter out of her income by not paying for same[6], Defendants

should abide by the Order and the case should proceed as permitted by the Court in [DE78].

6.   Plaintiff agrees that it is necessary for the Court to clarify certain aspects of the Court's

Order [DE78]. The Court is silent as to who is responsible for bearing the fees and costs related

to taking Defense counsel's deposition, for re-taking Defendants' depositions, the Motion to

Compel same, and for all related work by a date certain.  Further, the Court does not set forth a

date certain by when Defendants are required to provide Plaintiff with any letters, memoranda or

notes which Ms. Langbein provided to Defendants' about complying with the FLSA. The Order,

also, does not make clear that Plaintiff is entitled to those documents with sufficient time to

review same prior to taking the depositions of Defense counsel and Defendants so as to obviate

Plaintiff's need to re-depose same on the produced documents.[7]

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

---

[6] The Court Reporter in the *Lopez-Osorio* matter has cautioned Ms. Langbein not to obtain her transcripts through the "free back-door."

[7] On 5/4/17 Plaintiff served Defendants with Supplemental Request for Production and Interrogatories directed to each Defendants which specifically requested the documents permitted by the Court in [DE78]. Defendants' objected to same and have yet to provide Plaintiff with these documents. *See,* Exhibit "A."

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA CM/ECF 7/10/17 TO:**

**LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**