UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO. 16-24362-cv-LENARD/GOODMAN

LUIS REYES on behalf of himself and
All others similarly situated,

    Plaintiff,
vs.                                                ON REFERRAL

COLLINS & 74TH STREET, INC. and
MOHAMMED S. HOSSAIN,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AND TO STRIKE DEPOSITION and
REQUEST FOR AN AWARD OF FEES**

Defendants, COLLINS & 74th STREET, INC. and MOHAMMED S. HOSSAIN, serve this response to Plaintiff's Motion for Sanctions and to Strike Deposition ("the Motion") and request an award of fees pursuant to 28 U.S.C. §1927, the Court's inherent authority, Rule 37 or any rule that supports an award of fees and costs and in support thereof state:

"One Way or Another I'm gonna getcha, I'm gonna getcha I'm gonna getcha getch getcha…." [1]

By way of backdrop to this response, this is the fifth of six Motions for Sanctions Plaintiff's Counsel has filed against defense counsel and her clients since November, 2016. [2] Plaintiff's counsel also has filed three Motions to Disqualify defense counsel since

---

[1] Final refrain of "One Way or Another," written by Debby Harry and Nigel Harrison, (1978).

[2] Plaintiff's Counsel filed two Motion for Sanctions against defense counsel in Lopez-Osorio v. Art Landscaping, Inc. Case No. 15-20614-cv-OTAZO REYES; two Motions for

September, 2016; 3 innumerable Motions to Compel, filed papers describing defense counsel as "highly contentious, see Exhibit "A" attached,  and accusing her of making "blatant misrepresentations" to and "misleading" the Court, and being "petty" [DE 84]. Plaintiff's Counsel has sent email and copied court personnel accusing defense counsel of trying to "jip" [sic] court reporters out of fees.  See Exhibit "B" attached. 4   This Motion flows from the ongoing campaign which is designed to harass and overwhelm defense counsel with email, discovery requests and motions, disparage her reputation with the Court and its personnel, and incidentally increase attorney's fees.  The collateral effect of Plaintiff's Counsel's campaign is to overwhelm the Court which must continue to set and hold hearings, consider motions and draft and issue orders.

### Timeliness of Motion

Mr. Hossein's deposition was taken on 5/4/17. He appeared both individually and as the Rule 30(b)(6) representative for COLLINS & 74TH STREET, INC.  Yet. Plaintiff waited two months, until 7/7/17, to bring the alleged deposition misconduct which is the subject of the Motion to the attention of the Court.

Local Rule 26.1(g)(1) provides that "all disputes related to discovery shall be presented to the Court by motion …. within (30) days from the date of   the deposition in

---

Sanctions in Ocasio v. Foods of South Florida, Inc., Case No. 15-21797-cv-MARTINEZ (on referral to this Court). On Friday, 7/14/17,  Plaintiff's Counsel filed her sixth Motion for Sanctions in Arellano v. L.O. Florists, Inc., 17-20185-cv-MARTINEZ.

3       The three Motions to Disqualify were filed in Lopez-Osorio, this case and in Ortiz v. N.H., Inc., Case No. 17-20169-cv-TORRES.

4     A very different view of defense counsel is shown by a comment of former associate, Josh Sheskin Esq., who told Mr. Reyes' during his deposition,  " If you don't understand it, just tell her, *she's very nice*."  Exhibit "C" p. 5:11-12.

which the dispute arose." Failure to timely file may constitute a waiver of the relief sought. See Berman v. Kafka, 2014 U.S. Dist. LEXIS192487 (M.D. Fla. 2014) wherein the court noted: "…..[R]ather than raising timely objections based on the alleged deficiencies, Plaintiff allowed the discovery at issue to be completed without incident. Having learned what evidence exists, Plaintiff now seeks to exclude that evidence by raising technical objections for the first time. Most of these objections have been waived. In short, the Motions have no merit."  Like the plaintiff in Berman v. Kakfa, Plaintiff here re-frames this Motion as one for sanctions, rather than one to resolve discovery disputes, to divert attention from its untimely filing.

As noted by this Court in Procaps v. Patheon, Inc., 2014 U.S. Dist. LEXIS 40110 (S.D. Fla. 2014), the Local Rule "reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves." Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co., 2011 U.S. Dist. LEXIS 138953 (S.D. Fla. 2011). For this reason alone, the Motion should be denied outright.

However, assuming the Court does not deny the Motion as untimely, then Defendants respond as follows:

"Much Ado About Nothing" [5]

What Plaintiff refers to as "Rambo" litigation tactics and "witness coaching" are, in reality, innocuous non-prejudicial statements made by defense counsel, comments meant to focus Plaintiff's Counsel on the vagueness of her questions or the re-assertion

---

[5] Play, William Shakespeare, 1612.

of previous objections to discovery responses seeking the same information. [6] They are no different in kind than *reparte of Plaintiff's Counsel's when defense counsel took Plaintiff's deposition.*.   See excerpts of Reyes Deposition at Exhibit "C".    And they are no different in kind than comments made by Ms. Jaff at the deposition of witness Mairum Mahmud. See Exhibit "D". [7]  Plaintiff's Counsel's similar conduct at Plaintiff's deposition is an implied admission that such conduct was not improper.

Early in the deposition, defense counsel instructed Mr. Hossein that he must answer questions even if an objection was posed unless instructed differently.   Hossein Depo, p.13:14-18.  That is precisely what Mr. Hossein did.  Nevertheless, each of the cited incidents of "improper conduct" will be addressed in the same sequence as argued in the Motion:

Plaintiff's Motion ignores the fact that Mr. Hossein's gave his deposition in English although he is a native of Bangladesh.   The transcript shows that Ms. Jaff was having a

---

[6] Plaintiff's Counsel's question asking about corporate accounts was unnecessary because FLSA coverage was admitted in Defendants' answer. Unquestionably Plaintiff's Counsel asked the question for an improper purpose because she mentions needing information for "collection" purposes at p 9:19 of Mr. Hossein's depo.   Courts have recognized that deposition questions regarding the deponent's financial affairs tend to annoy and embarrass the deponent when they are not relevant to the case. Megdel Associates LLC v. Lazy-Boy Inc., 2016 U.S. Dist LEXIS 187487 (S.D. Fla. 2016) citing Dent v. United States Tennis Assoc., Inc., 2010 U.S. Dist. LEXIS 31052 (E.D.N.Y. 2010).

[7] It is defense counsel's experience as a litigator that counsel for the parties commonly interject comments in a deposition to insure that the questions asked and the answers given are sharp.  Exhibit "D" contains an excerpt where Ms. Jaff did precisely the same thing.  (The excerpt of this deposition was not ready at the time this response was filed.  Upon receipt, Defendants will file it for the record with a Notice of Filing. )Thus, Plaintiff's Counsel seeks to have defense counsel sanctioned for conduct they, too, frequently engage in.

hard time understanding his answers due to his accent.  See, Hossein Depo, p. 10:17-22.  For example, Mr. Hossein was asked by Ms. Jaff what position Plaintiff previously held.  Mr. Hossein responded "He did merchandising and put the shelf."  Ms. Jaff did not understand what he said and asked for clarification, "And you said pulled the shelf ?" Hossein Depo, p. 16:3-6.  Mr. Hossein replied, "No, he put the grocery on the shelf." Examples of Mr. Hossein's sometimes awkward use of English appear throughout the transcript. See, e.g., his fragmented testimony at pp. 24:24-25:2.

After that exchange, defense counsel suggested that Plaintiff's position is commonly referred to as a "stocker" and Mr. Hossein repeated that term in agreement. However, this comment did not suggest an answer for Mr. Hossein because he *already had answered Ms. Jaff's question twice and described Plaintiff's duties*.  The comment simply offered a more recognizable term that described the position Plaintiff held.

Plaintiff next cites as "improper" a comment made by defense counsel concerning a tender letter and a check that were served by hand on Plaintiff's Counsel just at the start of the deposition. See p. 7:12-19.  The tender letter-- addressed to Mr. Reyes-- stated that it was recently discovered that his pay had been miscalculated on several dates.  The letter offered him full compensation, less payroll deductions, plus interest. The letter informed Plaintiff of both the gross and net figures of the pay.

Plaintiff's Counsel attached the letter as Plaintiff's Exhibit 1 to the transcript. See p. 43 of Hossein Depo.   There was no need to read the letter into the record. Nevertheless, Plaintiff's Counsel asked Mr. Hossein to read the "amount" Defendants claimed Plaintiff was underpaid.  Mr. Hossein's referenced the net amount instead of the

gross amount.  *He already had answered* when defense counsel commented that there was both gross and net amounts reflected on the letter.

The comment was inconsequential:  Not only had Mr. Hossein already answered, but the comment did not change his response or interfere with Plaintiff's opportunity to learn the truth.   The letter—stating both figures-- had been tendered to Plaintiff's Counsel earlier in the deposition.  She already knew the answer to the question before she asked it.  And, the record is not ambiguous because the letter was made an exhibit to the deposition.  Moreover, defense counsel's comment simply repeated information contained in the letter that Plaintiff's Counsel had in her hand.  The same information could have been elicited from Mr. Hossein on cross examination.

Similarly, what Plaintiff's Counsel describes as "misconduct" was an objection to the form of the question "After you were sued…" See page 5 of the Motion.  The objection was appropriate. The question was vague.  It provided Mr. Hossein with no clue as to which lawsuit Plaintiff's Counsel was referencing:  the current one before the Court or one of the several others Plaintiff's Counsel previously had brought against Defendants.  Defense counsel's question *did not suggest a proper answer*.  It was geared to focus Plaintiff's counsel on the vagueness of her question so she could ask it in a more narrowly tailored way to **obtain the appropriate truthful answer**.

The second example cited by Plaintiff on page 5 of the Motion is equally innocuous.  It is precisely the type of colloquy which often occurs between counsel during depositions.  Indeed, the cited excerpt shows that Plaintiff's Counsel directed a question about good faith to *opposing counsel.*  When defense counsel indicated she was not under oath but would answer anyway, Plaintiff's Counsel then re-directed the question to Mr. Hossein.

The colloquy that follows establishes that Plaintiff's counsel was repeating questions that previously had been pose to and answered by Mr. Hossein earlier in the deposition.  Mr. Hossein had discussed his good efforts to comply with the FLSA in depth, including by, among others things, usage of a time clock, time cards, posting an FLSA poster, a policy that no one could work until they clocked in and no one could work after clocking out, paychecks which notified employees of the amount of hours they worked and the calculation of their pay and payment of overtime for all hours over 40 in a work week at time and a half.  See, pp. 20-27; 32-34;44-45;47-5; 53-55; 57-62 of transcript.  Defense counsel's comment focused Plaintiff's Counsel that she already had covered this ground and there was no need to make the witness go through the litany again.

The next cited example of "improper conduct" (pp. 5-6 of the Motion) concerns an exchange regarding a store employee known as "Karim."   The transcript shows that Plaintiff's Counsel assumed "Karim" was a female. Defense counsel's comment merely corrected Plaintiff's Counsel and noted that "Karim" was a male.    Mr. Hossein then made a gratuitous statement *with no question pending* that he was not sure if "Karim" was the employee's first name or last name to which defense counsel commented she understood it to be his last name.   Mr. Hossein then recalled that "Karim's" first name was "Razaul."

Plaintiff's Counsel had not asked whether "Karim" was a first name or a last name so there was nothing defense counsel said that suggested any answer.  In fact, Plaintiff's Counsel next question was "*He* is a sales clerk ?" Hossein Depo, p. 68:10.   Rather than distract Plaintiff's Counsel's questioning, the offer of information actually benefited her line of inquiry.

At page 6 of the Motion, Plaintiff argues that defense counsel's requests for clarification of questions were "annoying" and "disrupted the deposition."  The excerpt cited in support of this argument shows that Plaintiff's Counsel's question was poorly worded and subject to more than one interpretation: "Do you have only one location of the grocery store at 7476 Collins Avenue."  Nevertheless, Mr. Hossein _answered the question_ before an objection to form could be interposed.  The clarifying question posed by defense counsel afterwards was neither suggestive, annoying nor disruptive.  It was meant to ensure a correct and truthful answer to a vague question. [8]

Plaintiff, likewise, argues that defense counsel had no right to clarify the poorly worded question posed to Mr. Hossein using the phrase "to your knowledge." Mr. Hossein _answered the question_, "no."   Defense counsel's comment requesting clarification was intended to signal Plaintiff's Counsel that the form of her question was vague, not to coach Mr. Hossein who had already answered.[9]

Further, it is not improper to seek clarification of a question that might call for a party to disclose work product privileged information.   Defense counsel sought clarification of the question, "Have you talked to anyone else about this lawsuit" for that purpose: to ensure that the question was tailored strictly to non-privileged communications.   Mr. Hossein's answer, "no", however, made this a non-issue.

Plaintiff's other arguments on page 7 border on sheer nit-picking, to find anything in the transcript that might support the Motion.   It is common for counsel to remind their

---

[8]  Mr. Hossein owns a different corporation called N.H., Inc. which operates a grocery store on South Beach.  It, too, is being sued by Plaintiff's Counsel.  See Ortiz et al v. N.H., Inc., USDC Case No. 17-20169-cv-TORRES.

[9]  Similar questions like "Do you know if…." often lead to confusion in the record.

clients that they should not guess at answers. Indeed, Plaintiff's Counsel, herself, instructed Mr. Hossein not to guess at answers. Hossein Depo, p. 14:23. Moreover, the admonition not to guess was superfluous. Mr. Hossein already had answered "I don't recall" to a prior series of questions on the same subject. See p. 101-102:2 of Hossein Depo. An admonition not to guess does not suggest what the answer to the question ought to be.

As for the comment made by defense counsel on p. 22 of the deposition about "Leslie," there clearly was a need for clarification since Mr. Hossein pronounced the employee's name differently than it was spelled in Defendants' interrogatory answers. [10] Further, the comment made by defense counsel about the difference in pronunciation was *directed to Plaintiff's counsel*, not Mr. Hossein. [11]

### "Kill Bill" [12]

Plaintiff argues that Mr. Hossein's entire deposition should be stricken as a sanction because Plaintiff was "inhibited" from obtaining the "truthful information" it needed to prosecute the case. Tellingly, the Motion does not catalogue any information Plaintiff's Counsel believes was withheld (other than due to valid objections or untruthful. [13]

---

[10] Mr. Hossein pronounced the employee's name as "Leslie"; she was reflected in the Interrogtories as "Lesbia."

[11] The record also had to be made clear that Mr. Hossein was referring to an employee and not his defense counsel with the same first name.

[12] Movie directed by Quentin Tarentino (2003)

[13] Defendants produced all of Plaintiff's time cards and paychecks for the three years period preceding the complaint. In addition to Mr. Hossein, Defendants have voluntarily produced three current employees for deposition. Defendants also have answered three separate sets of written discovery. This could hardly be described as "withholding" or

Nor has Plaintiff shown that the time allotted for the deposition was consumed by arguments with defense counsel; long breaks which interfered with the flow of the deposition or private conferences between defense counsel and her clients. Indeed, the transcript shows that Mr. Hossein decided not to take a lunch break so the deposition could be completed. Breaks in the deposition were short and limited to personal convenience. Plaintiff's counsel did not run out of her seven hours.

Nor has Plaintiff cited even **_one instance_** in which defense counsel "conferred" with her clients either on or off the record. There is nothing in the Motion or transcript which hints that any private conferences took place between Mr. Hossein and defense counsel during the deposition. Defense counsel did not "bend" or "mold" her client's testimony. The transcript shows no instance where defense counsel "helped" Mr. Hossein formulate an answer because in nearly all instances, _he already had answered_ the questions before any remarks were made.

Rather, the transcript shows the complete lack of merit to Plaintiff's Motion. Plaintiff's Counsel questioned Mr. Hossein on a gamut of topics at his deposition. During the deposition Plaintiff's Counsel covered Defendants' payroll and timekeeping policies and practices, Mr. Hossein's knowledge about the Plaintiff's employment and claims, information about witnesses Defendants had identified and how the pay discrepancy addressed in the tender letter occurred. The only information that Plaintiff's Counsel did not obtain was Mr. Hossein's personal social security number (previously objected to in discovery responses), his home address (no instruction given by defense counsel not to

---

"concealing" documents, information or witnesses. The Court currently is considering whether Defendants are entitled to a limited waiver of attorney-client and the extent of their assertion of work product privilege.

answer) and other corporate bank accounts maintained by Mr. Hossein (previously objected to in discovery responses).

Plaintiff may argue that Mr. Hossein was unprepared because he could not recall the particulars of Plaintiff's time cards or paychecks. His memory could have been refreshed if *Plaintiff's Counsel had shown him those documents but she did not.* And, while defense counsel objected to questions that called for the substance of legal advice and litigation strategies, those objections did not prevent Plaintiff from obtaining information about the facts which underlay Defendants' good faith defense. As previously noted, Mr. Hossein testified that after he consulted with defense counsel, he implemented numerous changes to comply with the FLSA, all of which are detailed in pages 20-27; 32-34;44-45;47-5; 53-55; 57-62 of his transcript. *Those may not be the answers that Plaintiff wanted to hear – since they overcome any claims for willfulness and bad faith--, but those were the truthful answers Mr. Hossein gave under oath*. There is little wonder why the relief Plaintiff seeks is strike Mr. Hossein's deposition:  his testimony is extremely damaging to Plaintiff's case. See, Berman v. Kafka, *supra*.

Even if the actions of defense counsel were sanctionable (which they are not), striking a deposition as a sanction is wholly unproportional to the conduct at issue here. Berman v. Kafka, supra. [striking testimony not warranted for minor technical flaws in discovery that should have been brought to the court's attention at the time they occurred].

For example, Plaintiff does not allege that Mr. Hossein was instructed to "just not remember" if asked certain questions. See, U.S. v. Jones, 466 So. 2d 293 (Fla. 3rd DCA 1985).   There is no allegation that defense counsel improperly cut-off the deposition before Plaintiff's Counsel had an opportunity to ask all of its questions.   See, e.g. Alan v.

Paxson Communications, 239 Fed. Appx 475 (11th Cir. 2007); Cont'l Cas. Co. v. Compass Bank, 2006 U.S. Dist. LEXIS 12288 (S.D. Ala. 2006).   Plaintiff also does not allege spoliation of evidence or fraud on the court. In re AMTRAK "Sunset Ltd." Train Crash, 136 F. Supp. 2d 1251, 1257 (S.D.Ala.), aff'd, 29 Fed.Appx. 575 (11th Cir.2001). Plaintiff does not allege that defense counsel prevented the start of the deposition, engaged in fear-inducing behavior; loudly or vociferously argued with opposing counsel, or any other conduct designed to interfere with the orderly process of taking the deposition.  See, Carlson v. Bosem, 2005 U.S. Dist. LEXIS 45634 (S.D. Fla. 2005). In sum, the Motion contains no factual or legal basis for the imposition of sanctions, much more a severe sanction like striking Mr. Hossein's deposition.

An Award of Fees is Appropriate

Defendants have incurred attorney's fees defending against the Motion when there was no basis in fact or law to bring it.   The triviality of the matters raised in the Motion, its untimeliness, its design to rid the case of highly damaging testimony, its filing to harass Defendants and to raise the costs of litigation all support its vexatious nature.

WHEREFORE, Defendants respectfully request that the Motion be denied in its entirety and award them their reasonable attorney's fees in having to defend against it.

    Respectfully Submitted,

    LANGBEIN & LANGBEIN, P.A.
    Counsel for the Defendants
    8181 NW 154th Street, Suite 105
    Miami Lakes, FL 33016
    Tel:  (305) 556-3663
    Fax: (305) 556-3647

    By:  /s/ Leslie W. Langbein
        Leslie W. Langbein, Esq.
        Fla. Bar No. 305391

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was filed electronically on July 18, 2017 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

                                          By: /s/ Leslie W. Langbein
                                                Leslie W. Langbein, Esq.
                                                Fla. Bar No. 305391

## SERVICE LIST

J.H. ZIDELL, P.A.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
David Kelly, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Rivkah.Jaff@gmail.com