**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-24362-CIV-LENARD/GOODMAN**

LUIS REYES,

Plaintiff,

v.

COLLINS & 74TH, INC. ,
et al.,

Defendants.
________________________/

**_AMENDED_ ORDER[1] CONCERNING DEFENDANTS' MOTION FOR CLARIFICATION (AND VACATING EARLIER ORDER)**

Defendants, Collins & 74th Street, Inc. and Mohammed Hossain[2] (referred to collectively as "Defendants") filed a motion for clarification [ECF No. 80] concerning an earlier discovery order [ECF No. 78] permitting Plaintiff to obtain certain limited discovery of Defendants and their attorney concerning the good-faith theories they have asserted in this Fair Labor Standards Act lawsuit. In many respects, the motion for

---

[1] The amendment is to the Order Concerning Defendants' Motion for Clarification [ECF No. 93]. That Order, which was uploaded last night, needed to be amended because it contained an incorrect, awkwardly phrased, facially illogical sentence concerning a hypothetical scenario. That mistake surely should have been caught during proofreading, but, unfortunately, it was not. The amendment, which makes the necessary correction, is in page four of this Amended Order, which also **vacates** the earlier order (i.e., it vacates [ECF No. 93]).

[2] Mr. Hossain is the corporation's principal, who is alleged to be a joint employer with the corporation.

clarification is actually a disguised motion for reconsideration. Nevertheless, to the extent that the motion genuinely seeks clarification of the earlier ruling by asking for a ruling on sub-issues not directly addressed in the earlier order, this order will provide additional guidance.

First, the earlier order never ruled that Defendants had completely waived the attorney-client privilege by asserting the arguments that (1) a two-year statute of limitations applied, rather than a three-year statute, because they did not act "willfully," and (2) double damages, also known as liquidated damages, would not be available to Plaintiff if he were to prevail at trial because Defendants acted in good faith and had reasonable grounds to believe their conduct was not a violation of the statute. To the contrary, the order specifically noted that Defendants could prevent the discovery the order permitted by agreeing that "the applicable statute of limitations is three years and that Plaintiff would be entitled to double damages (liquidated damages) if he were to prevail at trial." [ECF No. 78, p. 13]. If the Court had found a complete waiver of the attorney-client privilege, then the so-called escape valve described above would have been illogical.

But if Defendants are legitimately concerned that the prior order "can be misconstrued" or might "open the door" to discovery about other issues or might "be construed to allow Plaintiff's invasion of Defendants' work-product privilege" or could

lead to an "implied broad reading" concerning all advice provided by counsel [ECF No. 80, pp. 2-3], this Order will eliminate any purported confusion.

First, the waiver of the attorney-client privilege is **limited**, not general, and relates only to advice provided on the two issues described above.

Second, the discovery authorized by the earlier order does not now permit inquiry into *other* material (on other subjects) covered by the work product exception to discovery. But it does authorize inquiry into work product on these two issues "other than pure legal opinion not communicated to the client." *United States v. Bachynsky*, No. 04-2-250-CR, 2007 WL 1521499, at *3 (S.D. Fla. May 22, 2007) (explaining the waiver consequences arising from "a client's assertion of an advice of counsel defense"). *See generally, In re EchoStar Comm'cns Corp.*, 448 F.3d 1294, 1302-04 (Fed. Cir. 2006) (discussing consequences of advice of counsel defense on work product immunity).

Third, the discovery contemplated by the earlier order is not an open-ended invitation to inquire into all attorney-client advice about the FLSA. Instead, it permits only inquiry into the two topics described above.

Fourth, the discovery is not limited to advice provided only concerning this specific plaintiff. Plaintiff's law firm has filed several similar FLSA lawsuits against these same Defendants, on behalf of different employees. Plaintiff is permitted to question Defendants and their counsel about advice relating to the willfulness and good faith issues, regardless of whether it was provided in connection with an earlier case.

By way of example, assume that Plaintiff's law firm filed a lawsuit against Defendants on behalf of Mr. "A" in 2012 and, as a result of that lawsuit, defense counsel advised her employer clients in late 2012 to designate certain workers as employees, rather than independent contractors, and also advised them to use a biometrics timekeeping system to prevent other plaintiffs from exaggerating the number of working hours.

The instant lawsuit alleges that Plaintiff worked for Defendants from June 10, 2013 through October 14, 2016. Because the Defendants here contend that their conduct was not willful and was based on good faith reliance on advice from an attorney focusing her practice on labor and employment, Plaintiff is permitted to ask about the legal advice given to Defendants as a result of Mr. A's separate lawsuit in 2012, even though it was provided primarily in connection with another lawsuit. If the advice **relied upon in the instant case** was also initially provided in a different lawsuit, there is no logical reason why Defendants would be permitted to shield that advice from discovery in this case under the limited-waiver doctrine. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1418-19 (11th Cir. 1994).

Fifth, the discovery authorized by the earlier order does not permit Plaintiff to obtain post-lawsuit discovery about attorney advice provided in this lawsuit about how to **defend** this lawsuit. But, given Defendants' assertion that they followed their attorney's advice and therefore can use the shorter two-year statute of limitations and

also be immune from double damages in the event of a trial victory for Plaintiff, the earlier order would permit discovery about advice provided **at the time**, before the lawsuit was filed. For example, assume that Defendants approached their attorney in February 2015 and asked her whether Plaintiff could be deemed an independent contractor and then in September 2015 asked her to review Plaintiff's timecards and advise on whether overtime wages were owed and, if so, how much. Plaintiff would be permitted to obtain discovery about the advice provided in response to those two questions.

Sixth, the Undersigned cannot yet reach any conclusions about what happened in the *Lopez-Osorio* trial[3] (and whether developments there are relevant to the pending disqualification motion) because I have not yet been provided with the relevant trial excerpts. So I cannot provide any further clarification about that point now.

Seventh, as flagged in the earlier order, the discovery ruling concerns only discovery. It is not a ruling on Plaintiff's motion to disqualify defense counsel.

Eighth, although it was not part of the earlier order because it had not at that point been raised as an issue, the Undersigned is now requiring Defendants to produce (before the follow-up deposition of Mr. Hossain and the deposition of defense counsel are taken) the handwritten calculations sometimes made on the backs of the timecards.

---

[3] *Lopez-Osorio v. Art Landscaping Corp.*, Case No. 15-20614-cv-Otazo-Reyes.

Regardless of when those depositions are taken, however, the timecards must be produced within seven days of this Order.

Ninth, if defense counsel provided written advice to the Defendants concerning the issues relating to the willfulness or good-faith factors, then those materials must also be produced within seven days. If those documents also discuss other issues or provide legal advice on other issues, then Defendants may redact these other portions before producing them to Plaintiff -- but they must clearly flag the fact that portions are being redacted.

Finally, Defendants are responsible for paying the appearance fee of the court reporter for the resumed deposition of Mr. Hossain (but not for defense counsel's deposition). In addition, Defendants and their counsel shall collectively pay Plaintiff $750 in attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5), because they did not prevail in the discovery dispute concerning the discovery generated by the limited waiver arising from Defendants' injection of attorney advice into the case.

The limited-waiver doctrine is not an esoteric, arcane area of the law, and Defendants (and their attorney) cannot therefore rely on the "substantially justified" exception in Rule 37(a)(5). This payment must be made within seven days of this order,[4] and Defendants shall submit affidavits of compliance (confirming that payments of

---

[4] The deadlines imposed in this Amended Order run from yesterday's initial Order. Thus, the actual payment deadline is now six days from this Amended Order.

$375 have been made by Defendants and their counsel) to the Undersigned's e-file inbox (but not on CM/ECF) within two days of making the payment.[5]

The Undersigned has one additional observation: The Discovery Procedures Order [ECF No. 12, p. 7] requires the parties to have an **actual conversation** before seeking a ruling on a discovery hearing. That order does not prevent email communications about discovery battles, but it does mandate at least *one* actual conversation. Based on the parties' submissions here (including myriad emails, some of which are snippy, curt and borderline nasty), it appears as though counsel for both sides are routinely violating the "actual conversation" component of the written Discovery Procedures Order. Regardless of whether this order was violated before, the Undersigned is giving all counsel notice now that any future violations will likely result

---

[5] The Undersigned does not consider a Rule 37(a)(5) expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unsuccessful discovery positions. Thus, this order (requiring defense counsel to pay half of the $750 award) would not require defense counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if she had ever been sanctioned or disciplined.

If either side takes issue with either the decision to impose a fee-shifting award or its amount, then the Court will permit a formal written challenge to be made within five days of the Order. If a challenge is made, then the payment need not be made until the challenge is resolved. If a challenge is made, then the Court will hold a hearing and require each side to bring their billing records. The time incurred in filing the objection, preparing for the hearing and attending the hearing may also be recoverable, of course, and might cause the amount of the award to be increased or decreased.

in a fee award against the attorney or attorneys who sought a discovery hearing without having an actual conversation or who refuse to participate in a conversation.

**DONE and ORDERED** in Chambers, in Miami, Florida, on July 19, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to</u>:**
The Honorable Joan A. Lenard
All Counsel of Record