UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-24362—CIV-JAL/JG

LUIS REYES, and all others similarly situated under 29 U.S.C. 216(b),
      Plaintiff,
vs.
COLLINS & 74TH STREET, INC., et al.,
      Defendants.
_____

**PLAINTIFF'S REPLY TO [DE 92]**

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and Replies to Defendants' Response in Opposition, filed by Defendants as [DE 92], and in support thereof states as follows:

1. Defendants contend that their deposition testimony should not be stricken and Defendants and their Counsel should not be sanctioned because their conduct during Defendants' deposition in the case at bar did not rise to the level of coaching witness testimony and/or disruptive.

2. As set forth more fully below the conduct was sanctionable. Further, as there are depositions set in this matter it is imperative that the Court issue a clear order preventing further conduct.

**MEMORANDUM OF LAW**

"No man is above the law and no man is below it: nor do we ask any man's permission when we ask him to obey it. Obedience to the law is demanded as a right; not asked as a favor."[1] The rules and cited authority that govern depositions and the conduct in same is clear. While much of Defense Counsel's response intends to distract this Court from the issues at hand by

---

[1] Theodore Roosevelt: "Third Annual Message," December 7, 1903. Online by Gerhard Peters and John T. Woolley, *The American Presidency Project*. http://www.presidency.ucsb.edu/ws/?pid=29544.

discussing unrelated cases and acts as a red herring in the instant matter. The undersigned refuses to partake in such bad faith litigation tactics and instead re-focuses the court on the merits of the motion: Ms. Langbein's behavior at the deposition of Defendants Mohammed S. Hossain[2] and the 30(b)(6) corporate representative for the Corporate Defendant. Inc. In <u>Hall</u>, the seminal case on proper deposition behavior, the court explained that "[t]here is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and [helping] the witness to formulate answers." <u>Hall v. Clifton Precision, a Div. of Litton Sys., Inc.,</u> 150 F.R.D. 525, 528 (E.D. Pa. 1993). Defendants response [DE 92] is riddled with excuses and a dust storm of non-essential, unrelated stories of past experiences with the undersigned firm, but is completely void of any controlling law and authority to substantiate her position that such uncalled-for comments and continuous interruptions should be allowed in a deposition and/or why her actions are not sanctionable. Defense Counsel may not like the questions being asked whether it be the phrasing of the question, the relevancy, or the vagueness, but based on well-established law, her options to express said beliefs during a deposition are limited to short, concise objections. Defense Counsel's behavior at the Defendant's deposition clearly violate the Federal Rules of Civil Procedure.

     Fed.R.Civ.P. 30(d)(2), authorizes courts to impose "appropriate" sanctions on any "person who impedes, delays, or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2). "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule." <u>Howell v. AvanteServs., LLC,</u> No. 12–293, 2013 WL 824715, at *5 (E.D.La.

---

[2] Defense counsel misspells the individual Defendant's name the entire response [DE 92].

Mar. 6, 2013) (internal quotation marks omitted). "Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." <u>S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.,</u> Nos. 11–2715 & 12–0379, 2013 WL 1196604, at *8 (E.D.La. Mar. 22, 2013)(citing cases); <u>Tajonera v. Black Elk Energy Offshore Operations, L.L.C.</u>, No. 13-0550, 2015 WL 5178418, at *7 (E.D. La. Sept. 3, 2015)."[t]he court may impose an appropriate sanction-including the reasonable expenses and attorney's fees incurred by any party- on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2).

As with Rule 37(a)(5)(A), an award of costs and fees under Rule 30(d)(2) may be used to compensate the party aggrieved by the frustration of the deposition. *See* <u>Plump v. Kraft Foods N. Am., Inc.,</u> *No. 02 C 7754, 2003 WL 23019166, at *1 (N.D. Ill. Dec. 23, 2003)*"[C]osts and attorneys' fees awarded are those incurred *as a result* of the frustration of fair deposition examination. <u>GMAC Bank v. HTFC Corp.</u>, 248 F.R.D. 182, 193 (E.D. Pa. 2008). In General, Courts have expressed that sanctions should be imposed "within a time frame that has a nexus to the behavior sought to be deterred." <u>Thomas v. Capital Sec. Servs., Inc.,</u> 836 F.2d 866, 881 (5th Cir.1988); *cf.* <u>Cooter &Gell</u>, 496 U.S. at 395–96, 110 S.Ct. 2447. Rule 30(d)(2) sanctions assessed near the time of violation deter both ongoing and subsequent abuses. *See,* <u>Craig v. St. Anthony's Med. Ctr.,</u> *384 F. App'x 531, 532 (8th Cir. 2010).* Prompt action "helps enhance the credibility of the rule," and by deterring further discovery abuse, "achieve its therapeutic purpose." prompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic purpose. <u>Matter of Yagman,</u> 796 F.2d 1165, 1183 (9th Cir.), <u>opinion amended on denial of reh'g sub nom. In re Yagman,</u> 803 F.2d 1183–84 (9th Cir. 1986). With the deposition of the defendant and the deposition of opposing counsel, as granted by the court, still

to come, there is no better time than the present for this Court to rule on Ms. Langbein's behavior, even if only for the purpose to deter further abuse. Plaintiff has been attempting to confer with Defense counsel to coordinate the deposition permitted by the Court in [DE 94]. As such, Plaintiff respectfully request the Court rule on this Motion. Two other authorities are relevant here.

> Under 28 U.S.C. § 1927 ("Section 1927"), sanctions may be imposed on any attorney "who so multiplies the proceedings in any case to increase costs unreasonably and vexatiously." Section 1927. The Court also has inherent power to sanction an attorney, *Revson v. Cinque & Cinque,* 221 F.3d 71, 78 (2d Cir.2000) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "Like an award made pursuant to the court's inherent power, an award under §1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.* (citing *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986)). Under Section 1927 and their inherent power, courts have imposed deposition costs on attorneys "whose disruptions of a deposition rendered it futile and ineffective, and were obnoxious to the orderly, reasonable, and proper conduct of an examination." *Unique Concepts, Inc. v. Brown,* 115 F.R.D. 292, 293-94 (S.D.N.Y.1987) (citation and internal quotations omitted).

*Morales v. Zondo, Inc.,* 204 F.R.D. 50, 54 (S.D.N.Y. 2001)

More informal than a court proceeding, depositions are an integral part of the Court's procedures and an integral part of the litigation process. For the process to succeed, it is essential that the parties, including the attorneys and the deponents participating in depositions conduct themselves with civility and decency. *GMAC Bank v. HTFC Corp.,* 248 F.R.D. 182, 185 (E.D. Pa. 2008). Ms. Langbein, incorrectly, rationalizes her behavior at the deposition by contending that the interruptions are necessary to clear up confusion, to protect the witness, or to protect the record. (See, *Sinclair v. Kmart Corp.,* No. 95-1170-JTM, 1996 WL 748038, at *19-20 (D. Kan.

Dec. 9, 1996)(describing counsel's baseless contention that objections were justified because the deponent might not have understood the question, and granting request for a renewed deposition); O'Brien v. Amtrak, 163 F.R.D. 232, 236 (E.D. Pa. 1995) (mem.) (describing counsel's assertion that he was "simply doing his job by protecting the witnesses from improper questions... and ensuring that the record was accurate"); *Resolution Trust Corp. v. International Ins. Co., Civ. A.* No. 89-4020, 1993 WL 98677, at *2 (E.D. La. Mar. 26, 1993) (minute entry) (commenting that an attorney who objects to the form of a question need not offer an explanation, and in fact should not, if it will coach the witness). Defense Counsel's contends thateach comment she made during Defendant's deposition were "innocuous, non-prejudicial statements". However, taken as a whole, her inappropriate and unnecessary remarks interfered with Plaintiff's counsel's questioning, and frustrated and delayed the fair examination of the Defendant.

Ms. Langbein notes that on "P. 9:19" of Plaintiff's Counsel's deposition of the Defendant, questions about corporate accounts was unnecessary and that Court's have deemed questions about financial affairs to annoy and embarrass the deponent when they are not relevant to the case. [DE92, P.4]. The issue here is that, the question cited to is not about corporate accounts, but rather about the Defendants home address, to which the Defendant refused to provide. Had opposing counsel properly cited the question about financial information she would have pointed the Court to P.51 L.14-25, where Ms. Langbein instructed the witness not to answer. *See* Def. Depo. Trans. P.51, L.14-25, P.52 L 1-5. The Corporate bank account information in this case is particularly relevant as the Plaintiff claims he was paid in part by cash. Tracing said cash payments back to the corporate Defendant's bank account is directly relevant to the issues in the case at bar. Furthermore, objections as to relevancy are not form objections, and,as such, are not appropriate at a deposition but rather should be reserved until the use of the deposition at trial.

Defense Counsel should be aware that the standard for discovery of information is not whether it is "relevant" - based on counsel's own unilateral determination – as Courts have long recognized the broad scope of discovery permitted under the Federal Rules of Civil Procedure, the provisions of which are intended to "allow the parties to develop fully and crystallize concise factual issues for trial." <u>Burns v. Thiokol Chem. Corp.</u>, 483 F.2d 300, 304 (5th Cir.1973) (citing <u>Hickman v.. Taylor</u>, 329 U.S. 495, 507 (1947); *See also,* <u>Schlagenhauf v. Holder,</u> 379 U.S. 104, 114–15 (1964)). Rule 26(b) governs the scope of discovery and states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.; See also,* <u>Harrison v. Burlage,</u> Case No.: 08-80989-CIV, 2009 WL 2230794, at *3 (S.D. Fla. July 23, 2009).The Federal Rules of Civil Procedure also limit an attorney's ability to instruct a witness not to answer a question: "A person may instruct a witness not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30. Efforts to obstruct the disclosure of relevant information, including "detailed objections, private consultations with the witness, instructions not to answer, instructions how to answer, colloquies, interruptions, [and] ad hominem attacks," are violations of Rule 30 and may invoke sanctions. <u>Morales v. Zondo, Inc.</u>, 204 F.R.D. 50, 54 (S.D.N.Y. 2001).

Defense Counsel has provided no controlling authority or on-point case law to support her position as to why her conduct does not rise to the level of egregious and sanctionable. Defense counsel shifts the blame squarely on Plaintiff's counsel's shoulders and asks the Court to focus on Ms. Jaff's conduct at deposition of Mairum Mahmud.[DE 92 P. 4]. Ms. Langbein

unfairly characterizes Ms. Jaff's behavior as similar to that of hers. Ms. Langbein highlights two sections of Mairum Mahmud's deposition as examples. [DE 95-1]. In the first scenario, Ms. Langbein did not properly lay a foundation for the exhibit she was presenting the deponent, but rather proffered the response for the deponent. In the second scenario, Ms. Langbein was standing over the witness while asking questions. This demonstrative behavior can be considered intimidating. Ms. Jaff had every right to preserve that on the record, as well as request the immediate stoppage of said behavior.

      Defense Counsel also blames her conduct on her client's accent. *See,* [DE 92 P. 4-5]. Defense Counsel fails to note in her response that Plaintiff, by and through counsel, on several occasions, asked if Defendant needed a translator for his deposition, to which none was requested.[3] Defendants and their counsel's failure to request and/or indicate a translator would be needed is a clear signal to Plaintiff that the Defendant is fluent in English and is able to communicate in English at a sufficient level. Additionally, to avoid any possible issues, Plaintiff's Counsel, at the beginning the deposition asked the Defendant if he needed translator. *See* Def. Depo. Trans. P.15, L.3-8. Any language barrier issues should have been anticipated by Defense Counsel, who is most familiar with her client's needs. Furthermore, and even more disturbing, Defense Counsel, during the deposition, did not repeat what the Defendant said to clarify for the record or for Plaintiff's counsel, but instead injected her own words, based on her own belief of what the Defendant meant in his testimony. *See* Def. Depo. Trans. P.16, L.2-

---

[3] Not only did Defendants not request a translator for their deposition, one was not used for Defendants' response to Plaintiff's interrogatories and/or affidavit produced in conjunction with same. At the time of the issuance of the notice Defendants were specifically asked whether they would need a translator, as well as follow up request, to which there was no reply. It's noteworthy to mention that at the request of Defense counsel in response to a conferral email from Defendant's counsel a Bangladesh translator was coordinated for two (2) non-party witnesses.

8.Testimony taken during a deposition is to be completely that of the deponent, not a version of the testimony which is edited or glossed over by the deponent's lawyer. *See*, <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa.1993). Accordingly, the witness must be allowed to provide an answer to the best of his ability, free from any influence by his counsel. *Id.* Additionally, depositions "are to be conducted under the same testimonial rules as are trials…. Once a witness has been prepared and has taken the stand, that witness is on his or her own. The same is true at a deposition." *Id.*

Ms. Langbein further seeks for the Court to excuse her conduct by arguing that Plaintiff's Counsel "already knew the answer to the question before she asked it" and that there was no need to read the letter into the record because it was submitted as an exhibit and only repeated the information contained in said letter. *See* [DE 92 P. 5-6]. However, the purpose of the deposition question leading to her speaking objection, was not about her understanding of the letter, or the Plaintiff's counsel's understanding of the letter, but rather to create record testimony to present the Court on a motion or at trial to a jury. Ms. Langbein's comments directly affected and changed Defendant's response to the question. *See* Def. Depo. Trans. P.16, L.2-8.

Ms. Langbein contends that her objection of vagueness was proper. [DE 92 P. 6]. This underscores Plaintiff's argument that Defendants violated the rule against speaking objections. *See* Def. Depo. Trans. P.55, L.4-15. If Ms. Langbein truly wanted to protect the record and her client from unclear questions, she could have interposed concise, non-suggestive objections. Rule 30 is rather clear on what types of objections counsel may make and when counsel may instruct a deponent not to answer a question.[4] Rule 30 states in relevant part, any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-

---

[4] The Court has already granted Plaintiff's Motion to re-depose the Defendant on issues that he was improperly instructed by Defense Counsel not to answer at his Deposition.

suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3). Fed.R.Civ.P. 30(d)(1).If the witness is confused about a question, or if a question seems awkward or vague to the witness, the witness may ask the deposing counsel to clarify the question. <u>Quantachrome Corp. v. Micromeritics Instrument Corp</u>., 189 F.R.D. 697, 700 (S.D. Fla. 1999). Furthermore, as the <u>Hall</u> court stated, "A lawyer's purported lack of understanding is not a proper reason to interrupt a deposition." <u>Hall</u> 150 F.R.D. 525, 530 n.10 (E.D. Pa. 1993).

Defense Counsel seems to believe it is common for attorneys, in the middle of a deposition, to suggest to their clients not to guess at answers. [DE 92 P. 9]Several Courts have specifically pointed out that "don't guess" is a speaking objection and may be sanctionable. *See, <u>In re Neurontin Antitrust Litig</u>.,*MDL Docket No. 1479, Master Civil Action No. 02–1390(FSH), 2011 WL 253434, at *12 (D.N.J. Jan. 25, 2011) (citing *<u>Mazzeo v. Gibbons</u>,* Civ. No. 08–1387, 2010 WL 3020021, at *2 (D.Nev. July 27, 2010)) (observing that "objections should be concise, non-argumentative, and non-suggestive, and hence ... counsel should **make speaking objections such as "if you remember," "if you know," "don't guess," "you've answered the question," and "do you understand the question"**"). The Federal Rules of Civil Procedure provide that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence...." Fed.R.Civ.P. 30(c)(1). "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed.R.Civ.P. 30(c)(2). "An objection must be stated concisely in a nonargumentative and

nonsuggestive manner." *Id.* Objections should generally be limited to the form of a question or the responsiveness of an answer. Fed.R.Civ.P. 30(d) Advisory Committee's Note, 1993 amendments. *See also*, <u>Pinson v. N. Tool & Equip. Co.,</u> No. 3:10CV621-TSL-MTP, 2012 WL 5286933, at *1 (S.D. Miss. Oct. 24, 2012).

An attorney may also be sanctioned under Federal Rule 30(d)(2) for engaging in conduct that "impedes, delays, or frustrates the fair examination of the deponent). *Id*; See also <u>Redwood v. Dobson</u>, 476 F.3d 462, 469– 70 (applying Rule 30(d)(2) sanctions to an attorney for failing to adjourn a futile deposition and improperly instructing his client not to respond to questions). Defense Counsel's behavior unfairly prejudiced Plaintiff's Counsel's ability to obtain testimony from the deponent, and, as a result of these actions, this Court should impose sanctions on Defense Counsel. As stated by the Supreme Court, even the "most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction but to deter those who might be tempted to such conduct in the absence of such deterrent." <u>National Hockey League v. Met. Hockey Club</u>, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976*)*.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order (1) awarding Plaintiff's Counsel attorneys' fees for the instant Motion, forthcoming Reply, and all related work; (2) striking Defendant's deposition; (3) permitting Plaintiff's counsel to re-depose Defendants anew; (4) awarding Plaintiff's Counsel all fees and costs related to taking Defendants' deposition a second time; (5) ordering Defendants to appear for a second deposition within fifteen (15) days of the Court's Order; (6) barring Defense Counsel from charging Defendants for same; and (7) requiring Defense Counsel to abide by the applicable Rules that govern deposition conduct.

       Respectfully submitted,

       J. H. ZIDELL, P.A.
       ATTORNEYS FOR PLAINTIFF
       300-71ST STREET, SUITE 605
       MIAMI BEACH, FLORIDA 33141
       305-865-6766
       305-865-7167
       By:_s/ Neil Tobak, Esq. ___
       Neil Tobak, Esquire
       Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF 7/25/17 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

 **BY:__/s/____Neil Tobak_____**
   **NEIL TOBAK, ESQ.**