UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b),                       )
                                              )
                Plaintiffs,                   )
         vs.                                  )
                                              )
                                              )
COLLINS & 74TH STREET, INC. and               )
MOHAMMED S HOSSAIN,                           )
                                              )
                Defendants.                   )
_____ )

### PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO COMPLETE DISCOVERY[1]

COMES NOW the Plaintiff, by and through the undersigned, and files this Motion to Extend the Deadline to Complete Discovery, and in support thereof states as follows:

1. Per the Court's Scheduling Order [DE21], all fact discovery must be completed by August 31, 2017. The Pretrial Conference in this matter is set to occur on February 12, 2018,

---

[1] Plaintiff respectfully requests that the Court take judicial notice of the Court's Telephonic Scheduling Conference set for July 27, 2017, before the Honorable Magistrate Judge Jonathan Goodman [DE97]. Plaintiff seeks to have heard his Motion to Compel Better Responses to written discovery from Defendants and may need additional discovery based on what the Court permits as a result of same. Plaintiff also intends to respectfully request the Court address the at-issue depositions which may not be able to be completed because the opposing party witness is unreasonably refusing to provide a workable date for a deposition and to agree to a date for a Discovery Hearing. The Court has visited this issue in a related case *Collar v. Abalux, Inc., et al.*, wherein the Court entered an order [DE45] stating that "if a party reasonably believes that the opposing party or a third party witness is unreasonably refusing to provide a workable date for a deposition, then the aggrieved party may schedule a discovery hearing and the undersigned will likely impose a fee-shifting award against the party, attorney or third party who is not cooperating." *Collar v. Abalux, Inc., et al.,* Case No.: 16-20872-CIV-LENARD/GOODMAN [DE45]. Plaintiff in the *Collar* matter moved for similar relief as herein sought but was denied same without prejudice as a result of the Court's Order [DE45] which availed the parties of relief. Herein the Court has not entered a similar Order and, as such, similar relief is not available.

Calendar Call is set for March 14, 2018, and Trial is set for the two-week calendar commencing on March 19, 2018. *Id.*

2. Per the Court's Order [DE78], Plaintiff may take Defense Counsel, Leslie Langbein, Esq.'s deposition and may retake Defendant Hossain's deposition (on the issues raised by Defendants' reliance on their attorney's employment-law advice). Subsequent to the issuance of the Court's Order on June 30, 2017, the undersigned conferred with Defense counsel in order to obtain a date certain by which the depositions will occur.

3. Upon Defendants' Motion for Clarification [DE80], a transmogrified motion for reconsideration, on July 4, 2017, the Court Ordered that Plaintiff shall not take Ms. Langbein, Esq. and Mr. Hossain's depositions until the Court rules on the Motion for Clarification. [DE82].

4. Thereafter, on July 19, 2017, the Court entered an Amended Order [DE94] providing additional guidance on sub-issues not directly addressed in the Court's earlier Order. Immediately following the issuance of the Order, Plaintiff has been in conferral with Defense counsel in order to timely set the depositions permitted by the Court.[2] The undersigned made several attempts (via email and phone) to coordinate deposition dates to occur timely so that Plaintiff is able to conduct any follow-up discovery relevant to the information elicited. As a result of Defendants refusal to timely coordinate same, Plaintiff has issued a unilateral notice of

---

[2] On May 4, 2017, Plaintiff served Defendants with his Supplemental Request for Production [DE49-5] which was directly relevant to Defendants' affirmative defense of good faith. Per the Court's Order [DE94], if defense counsel provided written advice to Defendants concerning issues relating to the willfulness or good-faith factors. Further, if those documents also discuss other issues or provide legal advice on other issues, then Defendants may redact these other portions before producing them to Plaintiff -- but they must clearly flag the fact that portions are being redacted – and provide Plaintiff with same. *Id.* Defendants were ordered to provide those materials to Plaintiff within seven days and to also provide the handwritten calculations sometimes made on the back of the time cards within the same time frame. The depositions were to occur after same so that Plaintiff had the benefit of the materials prior to conducting the depositions.

taking depositions underscoring that Plaintiff will willingly reset the dates to a mutually agreeable date and time so long as the new date is timely.

5. Moreover, Plaintiff is seeking to Plaintiff seeks to have heard his Motion to Compel Better Responses to written discovery from Defendants and may need additional discovery based on what the Court permits as a result of same.

6. Plaintiff's Motion to Disqualify [DE39] is pending before the Court and the Court has granted Plaintiff's requested enlargement of time to comply with the Court's Post-Hearing Administrative Order [DE66] through to August 21, 2017. [DE77]. As set forth in [DE94], the Court cannot yet reach any conclusions about what happened in the *Lopez-Osorio* trial (and whether developments there are relevant to the pending disqualification motion) because the Court has not yet been provided with the relevant trial excerpts.[3]

7. In an effort to further conduct discovery so as to possibly clarify and narrow issues for Trial, Plaintiff seeks sixty (60) days enlargement of the discovery deadline, through to October 30, 2017.

8. Per the Court's Order [DE13], "Motions for extension of time or for stay regarding the deadlines set forth in the Court's Scheduling Order are highly disfavored…. the court will only grant these motions in the rarest of circumstances such as an interlocutory appeal."

9. In light of the pending issues in this matter, Plaintiff only files this Motion in light of the discovery deadline fast approaching on August 31, 2017. [DE21]. Plaintiff is between a rock and a hard place due to the Order Setting Forth the Court's Policy on Motions for Extension or Stay of the Scheduling Order Deadlines [DE13] which highly disfavors extensions.

---

[3] Plaintiff's Motion for Sanctions [DE85] is pending before the Court and not yet ripe for review.

10. This brief enlargement of time will benefit the Parties and the Court as the extension to depose critical witnesses and to obtain relevant discovery will seek to narrow the issues for dispositive motions, and ultimately, be presented at trial.

11. Plaintiff has been in conferral with Defendants for each outstanding discovery item, all of which have been requested on many occasions via email and telephone.

12. Plaintiff submits this request for an extension in good faith and not for the purpose of delay but rather to allow the Parties more time to conduct relevant discovery related to issues alleged in the Complaint.

13. Therefore, Plaintiff respectfully requests the court provide a brief sixty (60) day extension of time from the current deadline per the Court's Scheduling Order [DE21] to complete discovery (through to October 30, 2017).

## **MEMORANDUM OF LAW**

The Court has discretion to grant enlargements and to amend its scheduling order when good cause is shown. *See Johnson v. Bd. of Regents of Univ. Ga.*, 263 F.3d 1417 (11th Cir. 2011); *See also, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08). The foregoing should constitute good cause shown to justify an extension under FRCP 6 and *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360 (5th Cir. 1995).

The requested enlargement will allow the Parties to conduct depositions of critical witnesses, which have been permitted by the Court [DE94], and obtain all outstanding discovery which is itemized in detail above. Further, the requested enlargement is not sought for purposes of delay and would permit the aforesaid issues to be resolved thereby possibly clarifying and narrowing the issues for Trial. This extension will not effect this Court's scheduling Order.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THE COURT PROVIDE A BRIEF SIXTY (60) DAY EXTENSION OF TIME FROM THE CURRENT DEADLINE PER THE COURT'S SCHEDULING ORDER [DE21] TO COMPLETE DISCOVERY (THROUGH TO OCTOBER 30, 2017).

**CERTIFICATE OF CONFERRAL**

Defendants oppose the Motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 7/26/17 TO:**

**LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

BY:_____/s/ Rivkah F. Jaff_____
        **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24362-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b), )
                                            )
                Plaintiffs,                 )
        vs.                                 )
                                            )
COLLINS & 74TH STREET, INC. and             )
MOHAMMED S HOSSAIN,                         )
                                            )
                Defendants.                 )
_____)

# ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO COMPLETE DISCOVERY

This cause, having come before the Court on Plaintiff's above Motion ("Motion to Extend the Deadline to Complete Discovery"), and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion for Enlargement is granted and therefore:

THE DISCOVERY DEADLINE IS EXTENDED FOR SIXTY (60) DAYS THROUGH TO OCTOBER 30, 2017.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2017.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record