UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-24362-CIV-JAL

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b), )
 )
              Plaintiffs, )
  vs. )
 )
COLLINS & 74TH STREET, INC., )
MOHAMMED S HOSSAIN, )
 )
             Defendants. )
_____ )

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**[1]

COMES NOW the Plaintiff, LUIS REYES, by and through undersigned counsel, and moves for summary judgment as follows:

1. This matter includes claims that sound under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 for overtime wage violations.

2. Defendants stipulated that FLSA enterprise coverage/subject matter jurisdiction exists, specifically the $500,000 monetary threshold and interstate commerce, for the relevant time period. [DE11,¶ ¶10-13]; *See also,* Defendants' Response to Plaintiff's Second Request for Admissions, Nos.: 4-8; Def. Depo. Trans. P.7, L.16.

3. Defendants have also stipulated that the Corporate Defendant, COLLINS & 74TH STREET, INC., and the individual Defendant, MOHAMMED S HOSSAIN, were

---

[1] The instant Motion seeks dispositive relief and, as such, no conferral was required prior to the filing of same pursuant to the Southern District of Florida Local Rule 71. Despite no conferral being necessary pursuant to the Local Rules, Plaintiff respectfully requests the Court take Judicial Notice that Plaintiff conferred with Defense counsel prior to the filing of the instant Motion to stipulate to the uncontested issues to conserve fees and costs on both sides which Defense counsel refused to do. *See (redacted) conferral emails attached hereto.*

1

    Plaintiff's FLSA "employer" as a matter of law and, therefore the individual Defendant is liable for any violations of the FLSA as a derivative to the Corporate Defendant's liability. [DE11,¶¶4, 7]; Def. Depo. Trans. P.11, L.5-P.12, L.6; P.15,L.25-P.16, L.1; *See also, Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986) ("[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA.").

4. Defendants are also not entitled to raise any exemptions and/or definitional defenses as Defendants withdrew their exemption and no definitional defenses (i.e. tipped employee) were ever pled and, therefore, any exemptions and/or definitional defenses are waived. Def. Depo. Trans. P.6, L. 15-21;

5. *See also,* Defendants' Unverified[2] Responses to Plaintiff's Second Set of Interrogatories, No. 8 ("Defendants withdraw their affirmative defense of managerial exemption."); Defendants' Unverified Response to Plaintiff's Second Set of Interrogatories, No.5 ("Defendants notified Plaintiff on 2/20/17 that they withdrew Affirmative Defense # 9 as it was mistakenly included in the Answer."); *See also, Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. Fla. Dec. 13, 2010). As such, Plaintiff is not an exempt employee as a matter of law and no exemptions and/or definitional defenses are applicable in this matter.

6. On May 3, 2017, Defendants served Plaintiff with an executed letter admitting to owing Plaintiff at least *some* overtime, the dispute is regarding the amount of damages owed to Plaintiff. *See letter attached hereto*.; *See also,* Def. Depo. Trans. P.7, L.12-P.8, L.3; P.35,

---

[2] The Interrogatory Responses are titled "Unverified" however the document itself is in fact "verified," see attached.

L.20-P.43, L.8. In said letter, Defendants, under oath and subject to the penalties of perjury, admit that: "…I thoroughly reviewed his time cards and paychecks and discovered that he is due the following sums…The total owed to him is $543.93, less deductions." *Id.* Further, Defendants enclosed a check in the amount of $472.32 "to satisfy this back pay" plus an additional check in the amount of $58.40 "which represents interest owed on the amount from the earliest date, 1/28/15. *Id.* Defendants admitted that these "errors clearly were due to negligence and oversight…" *Id.* Based on Defendants' executed letter, liability has been established and, hence, under prevailing law, in light of the facts in this case, the Jury only needs to determine the amount of damages.

7. Therefore, Plaintiff respectfully requests that this Court enter summary judgment against Defendants and find as a matter of law that (a) FLSA enterprise coverage/subject matter jurisdiction exists for the relevant time period; (b) the Corporate Defendant and individual Defendant were Plaintiff's FLSA "employers" as a matter of law and, therefore the individual Defendant is liable for any violations of the FLSA as a derivative to the Corporate Defendant's liability; (c) Plaintiff is not an exempt employee as a matter of law and no exemptions and/or definitional defenses are applicable in this matter; and (d) liability has been established. No evidence needs introduced at trial regarding (a)-(d) and Plaintiff respectfully requests for such to be set forth in an order to clearly narrow such important issues for trial. Under prevailing law and in light of the facts in this case, the Jury only needs to determine the amount of damages owed to Plaintiff, whether

Plaintiff's claims are barred by the three year Statute of Limitations[3], and liquidated damages (i.e. doubling) and attorneys' fees/costs post-Jury Trial[4].

## MEMORANDUM OF LAW

### Summary Judgment Standard.

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

### A. FLSA Enterprise Coverage/Subject Matter Jurisdiction Exists For The Relevant Time Period.

29 U.S.C. 203(s)(1) defines "enterprise" coverage as an enterprise that has employees "handling, selling, or otherwise working on goods or materials that have been moved in or

---

[3] Whether Plaintiff's claims are barred by the Statute of Limitations turns on the issue of willfulness which is a question of fact regarding knowledge on the part of the employer which is a question of fact to be determined by the Jury alone. The issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court as there is a genuine issue of material fact exists as to the willfulness of Defendants' failure to pay overtime wages.

[4] Liquidated damages (i.e. doubling) and attorneys' fees/costs shall only be considered by the Court post-Jury Trial, if Plaintiff prevails.

produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). *Polycarpe* clarified that in this Circuit, it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce." 616 F.3d, at *5-6 (LEXIS pagination). The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

Defendants stipulated that FLSA enterprise coverage/subject matter jurisdiction exists, specifically the $500,000 monetary threshold and interstate commerce, for the relevant time period. [DE11,¶ ¶10-13]; *See also,* Defendants' Response to Plaintiff's Second Request for Admissions, Nos.: 4-8; Def. Depo. Trans. P.7, L.16. Therefore, in light of the facts in the case at bar, FLSA enterprise coverage/subject-matter jurisdiction applies in the instant case as a matter of law as there is no genuine issue of material fact as to both the $500,000 and interstate commerce prongs

5

### B. The Individual And Corporate Defendants Were Plaintiff's FLSA "Employers" As A Matter Of Law.

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511. Financial control over a corporation is a significant factor in determining "employer" status. *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991). Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982). *See also*, *Olivas v. A Little Havana Check Cash, Inc.*,

6

324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

The said facts show that the individual Defendant was the owner who controlled the finances of the business and exhibited the requisite operational control to be considered Plaintiff's individual FLSA employer as a matter of law. Def. Depo. Trans. P.10, L.21-22. Further, Defendants have stipulated that the Corporate Defendant, COLLINS & 74TH STREET, INC., and the individual Defendant, MOHAMMED S HOSSAIN, were Plaintiff's FLSA "employer" as a matter of law and, therefore the individual Defendant is liable for any violations of the FLSA as a derivative to the Corporate Defendant's liability. [DE11,¶¶4, 7]; Def. Depo. Trans. P.11, L.5-P.12, L.6; P.15,L.25-P.16, L.1; *See also, Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986) ("[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA.").

### C. Defendants Are Not Entitled To Raise Any Exemptions And/Or Definitional Defenses; Plaintiff Is Not An Exempt Employee As A Matter Of Law.

Under the FLSA, a covered employee, must receive overtime pay at a rate not less than one and one-half times the regular rate at which he is employed if he works a workweek longer than (40) hours. 29 U.S.C. §207(a)(1). The overtime wage requirement does not apply to an employee employed in a bona fide executive, administrative, or professional capacity. Id. at §213(a)(a). Defendants argue that Plaintiff is not entitled to overtime because he falls under either the "executive" or "administrative" exemption. Exemptions to the FLSA are to be narrowly construed against the employer who asserts them. *Walter v. American Coach Lines of Miami, Inc.,*569 F.Supp. 2d 1270 (S.D. Fla. 2008).

The employer carries the burden of proving an exemption, *Hogan v. Allstate Ins. Co.,* 361 F.3d 621, 625 (11th Cir. 2004), and in determining whether an exemption exists, the overtime provisions of Section 207 are narrowly construed against the employer. *Atlanta Professional Firefighters Union, Local 134 v. Atlanta,* 920 F.2d 800, 804 (11th Cir. 1991); *see also Avery v. City of Talladega, Ala.,* 24 F.3d 1337, 1340 (11th Cir. 1994). The Eleventh Circuit has long held that exemptions under the Fair Labor Standards Act are to be construed strictly and narrowly in favor of coverage of employees, affording maximum coverage to the employees due to the broad remedial purpose behind the Act. *Nicholson v. World Business Network, Inc.,* 105 F.3d 1361 (11th Cir. 1997). Presumably, this is why the Eleventh Circuit articulated the rule in *Klinedinst v. Swift Investments, Inc.,* 260 F.3d 1251 (11th Cir. 2001) that employers must prove the applicability of FLSA exemptions by "clear and affirmative" evidence. Consequently, the said burden is on Defendant and the clear and affirmative evidence standard applies to any exemptions.

In the case at bar, it is undisputed that Defendants are also not entitled to raise any exemptions and/or definitional defenses as Defendants withdrew their exemption and no definitional defenses (i.e. tipped employee) were ever pled and, therefore, any exemptions and/or definitional defenses are waived. Def. Depo. Trans. P.6, L. 15-21; *See also,* Defendants' Unverified[5] Responses to Plaintiff's Second Set of Interrogatories, No. 8 ("Defendants withdraw their affirmative defense of managerial exemption."); Defendants' Unverified Response to Plaintiff's Second Set of Interrogatories, No.5 ("Defendants notified Plaintiff on 2/20/17 that they withdrew Affirmative Defense # 9 as it was mistakenly included in the Answer."); *See also, Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. Fla. Dec. 13, 2010). As such,

---

[5] The Interrogatory Responses are titled "Unverified" however the document itself is in fact "verified," see attached.

Plaintiff is not an exempt employee as a matter of law and no exemptions and/or definitional defenses are applicable in this matter. *Id.*

### D. Liability Has Been Established.

From the outset of the initiation of this lawsuit, on October 16, 2016, Defendants have stood on their soap box claiming that Plaintiff's claim for overtime wages is unfounded and frivolous based on the time records and corresponding paystubs which Defendants contended reflected that Plaintiff was paid for all overtime wages in compliance with the FLSA. Therein lies the dispute as Plaintiff has testified that not only is he owed wages based on the time records but that he also worked off the clock for which he is due additional overtime wages.

The individual Defendant, Mohammed S Hossain, was deposed individually and as the 30(b)(6) Corporate Representative of the Corporate Defendant, Collins & 74th Street, Inc., on May 4, 2017. On May 3, 2017, at 5:37 p.m., the eve before the deposition and after approximately six (6) months passing since the initiation of the lawsuit, Defendants served Plaintiff with their Amended Responses to Plaintiff's First Set of Interrogatories along with an executed letter from Defendants stating that due to "negligence and oversight" Defendants do in fact owe Plaintiff some overtime wages based on their review of Plaintiff's time records and corresponding paystubs. *See Defendants Responses to Plaintiff's First Set of Interrogatories attached hereto*. At said deposition, Defendants tendered two checks along with the executed letter reflecting monies they claim are owed to Plaintiff for unpaid overtime wages.[6] Def. Depo. Trans. P.7, L.12-P.8, L.3; P.35, L.20-P.43, L.8. In said letter, Defendants, under oath and subject

---

[6] Plaintiff's counsel specifically put on the record that said tendered payment was not going to be deposited and/or cashed and that Plaintiff was not waiving any rights he had in the instant lawsuit. Defendants' Depo. Trans. P.7, L.20-25. Further, Plaintiff has **not** accepted tender as a matter of law nor filed a Notice of Acceptance with the Court and, thereby, Plaintiff has **not** voided his right to proceed with his claim under the FLSA. Plaintiff is not conceding his claims are mooted by the mere tender made by Defendants.

to the penalties of perjury, admit that: "…I thoroughly reviewed his time cards and paychecks and discovered that he is due the following sums…The total owed to him is $543.93, less deductions." *Id.* Further, Defendants enclosed a check in the amount of $472.32 "to satisfy this back pay" plus an additional check in the amount of $58.40 "which represents interest owed on the amount from the earliest date, 1/28/15. *Id.* Defendants admitted that these "errors clearly were due to negligence and oversight…" *Id.*

The onus is on Defendants to keep accurate and complete time records under *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946), and moreover, there are very specific records that must be kept pursuant to 29 CFR 516.2. The employee should not be penalized for failing to prove the exact extent of his uncompensated work. "Where the employer's records of work time are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the result be only approximate. [emphasis added]." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

Plaintiff in his Complaint [DE1] and Statement of Claim [DE8], has provided the Court with his best approximation as to the dates and times that he worked for which he was not compensated pursuant to *Mt. Clemens Pottery Co*., particularly in light of Defendants failure to record accurate time records (as admitted by Defendant. *SeeDefendants Responses to Plaintiff's*

*First Set of Interrogatories attached hereto*), Defendants are unable to overcome the burden that has shifted under *Mt. Clemens.* As a result, Plaintiff's primary evidence that Defendants violated the FLSA can only be based on his own recollection of the dates and times he worked, which is further confounded by the fact that Plaintiff disputes the time records maintained by Defendants.*See,* 29 CFR 516.2; *See also, Palma v. Southeast Formwork Construction, LLC, et al.,* Case No. 15-22229-CIV-TORRES [DE64]. Because credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, summary judgment on the amount of damages would be inappropriate. *See also, Armando Jessurum Medrano v. The Investment Emporium LLC et al*, No. 15-15634, (11th Cir. 2016) ("a jury could have determined that the employment records were not proper and accurate for at least some of the contested periods of time…[V]iewing the record in the light most favorable to [plaintiff], there was sufficient evidence to allow a jury to make a reasonable estimate of the hours he actually worked in each week of the relevant period of time."). However, based on Defendants' executed letter, liability has been established and, hence, under prevailing law, in light of the facts in this case, the Jury only needs to determine the amount of damages.

**WHEREFORE** Plaintiff respectfully requests that this Court enter summary judgment against Defendants and find as a matter of law that (a) FLSA enterprise coverage/subject matter jurisdiction exists for the relevant time period; (b) the Corporate Defendant and individual Defendant were Plaintiff's FLSA "employers" as a matter of law and, therefore the individual Defendant is liable for any violations of the FLSA as a derivative to the Corporate Defendant's liability; (c) Plaintiff is not an exempt employee as a matter of law and no exemptions and/or definitional defenses are applicable in this matter; and (d) liability has been established. No evidence needs introduced at trial regarding (a)-(d) and Plaintiff respectfully requests for such to

11

be set forth in an order to clearly narrow such important issues for trial. Under prevailing law and in light of the facts in this case, the Jury only needs to determine the amount of damages owed to Plaintiff, whether Plaintiff's claims are barred by the three year Statute of Limitations[7], and liquidated damages (i.e. doubling) and attorneys' fees/costs post-Jury Trial[8].

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Neil Tobak, Esq. ___
        Neil Tobak, Esquire
        Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/13/17 TO:**

**LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

        **BY: /s/ Neil Tobak____
        NEIL TOBAK, ESQ.**

---

[7] Whether Plaintiff's claims are barred by the Statute of Limitations turns on the issue of willfulness which is a question of fact regarding knowledge on the part of the employer which is a question of fact to be determined by the Jury alone. The issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court as there is a genuine issue of material fact exists as to the willfulness of Defendants' failure to pay overtime wages.

[8] Liquidated damages (i.e. doubling) and attorneys' fees/costs shall only be considered by the Court post-Jury Trial, if Plaintiff prevails.