IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 16-24362-cv-LENARD/GOODMAN

LUIS REYES, on behalf of himself and
Others similarly situated,

    Plaintiff.

v.

COLLINS & 74TH STREET, INC. and
MOHAMMED S. HOSSAIN,

    Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, COLLINS & 74TH STREET, INC. ("COLLINS") and MOHAMMED S. HOSSAIN ("HOSSAIN"), through undersigned counsel, and pursuant to FRCP 56 and Local Rule 56.1, file this response in opposition to Plaintiff's Motion for Summary Judgment ("the Motion") on the issue of liability under the FLSA. Accompanying this response is Defendants' cross-response to Plaintiff's Statement of Material Unopposed Facts and an appendix which includes documents establishing why Plaintiff is not entitled to summary judgment on the issue stated in the Motion.

### Statement of the Case and Defenses

Plaintiff claims he is owed 25 hours of overtime pay for 156 weeks of work. [TAB D, Statement of Claim]. Plaintiff testified that he punched his time card on "4 random days" each week and then worked 2 extra days "off the clock." Plaintiff also alleges he was paid for all of his hours at a straight time rate and he received half of his pay by check and the other half in cash. [TAB D, Reyes Depo, p. 40:3-7; 43: 21-44:8].

Defendants adamantly deny they used the time and pay practices described by Plaintiff.  However, after this lawsuit was filed, HOSSAIN reviewed Plaintiff's time cards and paystubs and discovered that the weekly hours totaled from Plaintiff's time cards had been miscalculated on several occasions.  Defendants claim these pay errors were wholly inadvertent and that had Plaintiff notified them at the time the mistakes occurred, they would have been corrected immediately. [1]

Nevertheless, COLLINS determined how much Plaintiff was due, multiplied it by time and a half (in weeks where he had worked over 40 hours), took standards deductions from the figure owed and then added interest to it at the Florida legal rate.  Defendants tendered that amount to Plaintiff on 5/4/17 with a letter stating that by accepting the pay, Plaintiff did not waive any rights to his claims in the lawsuit.   The tender was rejected and Plaintiff continued to assert that he was owed 25 hours of overtime (at a half time basis) for the 3 year look back period.

Even if Plaintiff proves his case, the principal affirmative defenses on which Defendants rely are lack of notice, good faith, and lack of willfulness limiting the Statute of Limitations to 2 years.

## Standards for Summary Judgment

A party may move for summary judgment, identifying each claim or defense-or the part of each claim of defense-on which summary judgment is sought. Such a motion must be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Rule 56.  The purpose of

---

[1]   While these facts and the ones in the subsequent paragraph are irrelevant and inadmissible under Rule 408,   Defendants recite them in the event that Plaintiff attempts to use them for some other purpose than to establish liability.

summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."' <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

On summary judgment, a court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. <u>Parrett v. Am. Ship Bldg. Co.</u>, 990 F.2d 854, 858 (6th Cir. 1993). ***<u>Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge</u>.*** <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). [E.S.].

Evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. <u>Adickes v. S. H. Kress & Co</u>., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." <u>Barfield v. Brierton</u>, 883 F.2d 923, 933-34 (11th Cir. 1989).

The Premise of Plaintiff's Summary Judgment Motion

Here, Plaintiff moves for summary judgment on the issue of liability *<u>for the totality of the three year period preceding the filing of the complaint</u>.*  Defendants, on the other hand, ***dispute that there is liability***.  As will be shown below, entry of summary judgment on the issue of Defendants' liability is inappropriate due to the existence of disputed issues of material fact about Plaintiff's claims that:

1) he was instructed to work two extra days off the clock each week;

    2)    he actually worked off the clock;

    3)    he was paid for all overtime hours at a straight time rate and never received time and a half pay;

    4)    he was paid partly in cash;

    5)    he reported extra hours on a sheet of paper which was submitted to HOSSAIN or Ms. Khan;

    6)    his time cards are inaccurate; and

    7)    Defendants actions were willful.

These questions of fact are reserved for a jury's determination, particularly given Plaintiff's incredible testimony that he never was paid overtime -- in the face of paystubs proving otherwise-- and other proofs of Defendants' compliance with the FLSA's time keeping and pay practices.

### Plaintiff's Boot Strap Argument

Plaintiff's summary judgment motion attempts to jockey Defendants 5/4/17 tender letter concerning inadvertent addition of hours on several of Plaintiff's time cards into a full blown admission of FLSA liability by Defendants for overtime violations *of any kind* and *any amount* over a *3 year period*. He cites no authority for the proposition that an admission of a single type of mistake can be used to prove liability for other types of acts, especially allegations that would constitute willful violations of the FLSA. Indeed, it is not even clear that the letter can be used for this purpose under Fed. R. Evid. 408. [2] See, Mills v. Foremost Ins. Co., 2010 U.S. Dist. LEXIS 98254 (M.D. Fla. 2010) citing Wajcman

---

[2]     Fed.R.Evid.408 bars compromise evidence when it is offered as evidence of the validity or invalidity or amount of a disputed claim. See 2006 Amendment notes to Rule 408..

v. Inv. Corp of Palm Beach, 2009 U.S. Dist. LEXIS 16869 (S.D. Fla. 2009); <u>Sears v. PHP of Alabama, Inc</u>., 2006 U.S. Dist. LEXIS 46523 (M.D. Ala. 2006).

Nor can Mr. HOSSAIN's admission at deposition that some overtime may be owed establish a basis for summary judgment in this case.  See <u>Pascual v. Family Boarding Home, Inc,</u> 2012 U.S. Dist. LEXIS 100206 (S.D. Fla. 2012).  Plaintiff's counsel made the same arguments in <u>Pascual</u> and they were rejected:

> "For the following reasons, the Plaintiffs are unable to establish FLSA liability on the part of the Defendants based upon this testimony.  First, in the Plaintiffs' Complaint and Statement of Claim, Plaintiff Pascual asserted that she worked for thirty-five hours of overtime per week for sixty weeks for which she was not compensated….. …….Thus, the allegations advanced by the Plaintiffs in the Complaint and Statement of Claim are not supported by the excerpts from Defendant Gonzalez's deposition relied upon the Plaintiffs in their Summary Judgment Motion to establish liability under the FLSA. In fact, it is difficult to discern from the transcript the nature of the errors or discrepancies to which Ms. Gonzalez is testifying, and more significantly, it is not clear that Defendant Gonzalez is conceding that Family Boarding violated the FLSA overtime provisions."

Nearly the same fact pattern in <u>Pascual</u> is present here.   Plaintiff alleges that he worked 25 hours of overtime each week for 156 weeks but the types of unlawful conduct Plaintiff's litany of FLSA violations do not include mathematical errors in calculating the hours on his time cards.  Rather he claims that he worked off the clock, was paid straight time for overtime hours, was partly paid in cash and that his time cards were inaccurate.  Mr. Hossain's deposition testimony that COLLINS owed Plaintiff some overtime was not a concession of FLSA liability, much more of the types of violations Plaintiff alleged.   Just like the employer in <u>Pascual,</u>  his only concession was that mathematical errors had been made.

But even if Mr. Hossain's testimony was construed as a concession of limited liability,  miscalculation of hours shown on a time card is not a willful violation of the FLSA

and does not support a 3 year Statute of Limitation.  See, e.g., Casey v. Livingston Parish Communities Dist., 2008 U.S. App. LEXIS 4584 (5th Cir. 2009); Shepard v. City of Waterloo, 2015 U.S. Dist. LEXIS 167882 (N.D. Iowa 2015), Bowman v. Harford County, 684 F. Supp. 416 (D.C. Md. 1988.   The fact that Defendants made a tender of money due to poor addition would not help Plaintiff prove the violations he alleges nor his case for willfulness.

Thus, entry of summary judgment based solely on a tender letter and an admission that miscalculations occurred is not only unwarranted but would not streamline trial.

### Evidence of Record Disputing Plaintiff's Claims

Unquestionably, Defendants dispute Plaintiff's claims.   The evidence of record which contradicts liability and establishes disputed issues of material fact and of credibility is as follows:

Plaintiff claims that he was told not to punch his time card for the alleged two extra days he worked each week.  But, COLLINS kept track of employee work hours by requiring them to punch in and out on a time card.  [TAB A, L. Azucena Depo, p. 29:8-30; 52:9-12].   COLLINS' policy was that *all employees use a time card*.  [TAB B, 5/4/17 Hossain Depo, p. 45:6].   COLLINS kept the time cards in a box under the time card machine. [TAB A, L. Azucena Depo, p. 27:6-12].   Every employee was required to clock in and out. [TAB A, L. Azucena Depo., p. 29:8-30; 35: 15-17; TAB B, 5/4/17 Hossain Depo, p. 45:3-6].   [3]  COLLINS did not suffer or permit employees to work off the clock.

---

[3] The time card machine always functioned properly.  [TAB A, Azucena Depo, p. 31:7-16].   Evidence also establishes that COLLINS had a system for keeping track of employee time. Employees were free to review their time cards during each pay period. [TAB A, L. Azucena Depo, p. 20:1-13; 52:19-23; 56:2-8; TAB D, Reyes Depo, p. 55:6-8]. In fact, employees were required to sign their time cards at the end of a pay period. [TAB

[TAB A, L. Azucena Depo, p. 29:10-21; 53:4-20; TAB B, 5/4/17 Hossain Depo, p. 49:7-17].   Managers were advised of this.  [TAB B, 8/18/17 Hossain Depo, p. 31:22-32:3] HOSSAIN specifically denied Plaintiff's allegation.  [TAB B, 5/4/17 Hossain Depo, p. 114:6-115:11].

Plaintiff claims that he recorded the two days' extra hours on a piece of paper which he handed to a manager.  He claims he was told this by HOSSAIN. [TAB D, p. 40:8-16].  No other manager told him this.  [Id., p. 43:2-10].  Plaintiff claimed he punched in only 4 days a week.  It did not matter what days they were.  [Id., p. 40:3-7].  Yet, he could not explain why some of his time cards showed punches 5 days a week.  [Id., p. 40:1-6 ; TAB C].  He also has failed to produce alleged papers on which ***he wrote down all of his hours***. [TAB D, Reyes Depo, p. 83:4-84:10].  His failure to produce the document during discovery should lead to an adverse inference.  See <u>Reno v. Kolcraft Enterprises, Inc</u>., 2002 U.S. Dist. LEXIS 28186 (S.D. Fla. 2002) and cases cited therein. And, contrary to Plaintiff's testimony, COLLINS paid employees based on the hours recorded on their time cards.  [TAB B, 5/4/17 Hossain Depo, p. 49:4-6; 50:10]. This was COLLINS' practice throughout Plaintiff's employment  [Id, p. 49:7-50:18]

Plaintiff also claims that his wages were paid half by check and half in cash. COLLINS paid Plaintiff on an hourly basis. [TAB B, 8/18/17 Hossain Depo, p. 51:21-22]

---

D, Reyes Depo, p. 52:24-53:3] to show they had reviewed it.  Moreover, Plaintiff admits that he reviewed and signed each of his time cards.  [TAB D, Reyes Depo, p. 37:6-38:4; 44:17-19;54:21-23].  After employees signed their time cards, the time cards were collected and given to an employee who calculated the number of work hours shown on each employee's time card.  [TAB A, L. Azucena Depo, pp.13-14; 16:20-21].  Payroll checks were prepared using Quickbooks.  [TAB A, Depo L. Azucena, p. 12-15]. Standardized deductions were taken from paychecks. [Id., p. 20:16-22].

Plaintiff never was paid in cash [Id, p. 44:9-15].    COLLINS did not pay any employees in cash. [Id., p. 20:23-25; 29:24; 54:19-55:7].

Plaintiff claims that he was paid straight time for all of his overtime hours. [TAB D., p.40:15-20; 43: 21-23; 52:12-14] This claim is contradicted ***by his own paybstubs***. [TAB C] and COLLINS' established practices.  COLLINS paid employees who worked over 40 hours in a work week at a time and a half rate. [TAB A, L. Azucena Depo, p. 45:5-9; 52: 13-16].  Lesly Azucena, the employee who prepared the paychecks, was never instructed not to pay overtime pay. [Id., p. 53:8-10].

Plaintiff was not even aware that his paystubs showed that he was paid at a time and a half rate when he worked over 40 hours in a week.  [TAB D, Reyes Depo, p. 43:24-44:6; TAB E].  In fact, *Plaintiff had not even seen his timecards or paystubs ahead of his deposition*.   [Id, p. 53:1-6].   Plaintiff could not explain why his paystubs showed an overtime rate as $12.38 per hour. [Id, p. 43:24-44:8].   He could not explain why a paystub shown to him at deposition proved that he had been paid for 33.15 hours of overtime. [Id, p. 49:15-25].   He simply continued to deny this.  Plaintiff testified, "…. That looks like overtime, but that's not overtime. " [ Id, p. 99:4-9].

Plaintiff does not deny that COLLINS had an open door policy.    If an employee had a complaint about pay, he or she would go see HOSSAIN or the floor manager Tasmin Khan.  [TAB B, 5/4/17 Hossain Depo, p. 31:17-25].  Plaintiff saw HOSSAIN at the store nearly every day. [TAB D, Reyes Depo, p. 100:2-4].    In addition to Ms. Khan and HOSSAIN, Plaintiff could discuss pay issues with  Mr. Kashem.  [TAB B, 5/4/17 Hossain Depo, p. 114:19-21].  Plaintiff saw Mr. Kashem every day as well.  [TAB D, Reyes Depo., p. 65:2-5]. Yet, Plaintiff never informed a manager that he had worked extra hours not

reflected on his time card or that he was missing overtime pay.  [TAB B, 5/4/17 Hossain Depo, p 77:25-78:6].  [4]

Additional evidence of record which tends to contradict Plaintiff's claims is that COLLINS abided by U.S. Department of Labor regulations.   COLLINS posted an FLSA poster in the store. [TAB A, L. Azucena Depo, p. 43:4-17].   COLLINS kept the original of employee time cards for three years. [TAB B, 5/4/17 Hossain Depo, p. 35:20-22; 8/18/17 Hossain Depo, p.19].

Summary judgment in Plaintiff's favor is not warranted because ***he was not even sure what he was claiming.***   Compare TAB D, Statement of Claim and Reyes Depo, p. 33:7-18.   Plaintiff did not know if the number of weeks for which he was claiming overtime was stated correctly on his Statement of Claim. [Id, p. 35:6-8].   He thinks he worked "twenty-something" hours a week.  [Id., p 83:6].  For that matter, he could not even recall his first day of work. [Id, p. 38:21-24].

An even more convincing reason to deny summary judgment is that Plaintiff admitted *that if he already got paid time and a half for his work hours, then he is not owed any overtime*. [Id, p. 52:15-23].  He also admitted that he was not owed overtime for the periods of time he was out of the country even though they were included in his Statement of Claim.  [Id, p.34:15-18].

On top of these disputed issues of fact, there are also disputed issues of what the period of liability should be.   Plaintiff claims it should be three years while Defendants claims that its good faith efforts to comply with the FLSA should limit Plaintiff to 2 years.

---

[4]   The "manager" Plaintiff identified as "Corine" was actually a cashier.  [TAB A, L. Azucena Depo, p. 55: 3-7].

HOSSAIN originally consulted a lawyer with expertise in the area of employment law sometime in 2003 or 2004 to determine his obligations as an employer under the FLSA. [TAB B, 5/4/17 Hossain Depo, p. 96:4-8; 8/18/17 Hossain Depo pp.7:4-20; 45:18-46:6; 49:4-9; 50:10-15; 53:20-21; 63:25; 65:20;67:24-25; 71:22-72:2; 72:11-20; 83-90 ]   He made changes based on the lawyer's advice.  [Id, p. 16:12-20; 25:21-24].  The changes were in effect when REYES was hired.  [Id, p. 70:13-16]

HOSSAIN consulted the same lawyer again in 2006 to review COLLINS's payroll and time keeping practices while acting as a consultant to the company. [ Id, p. 14; 22:9-23:2].   When HOSSAIN returned from these meetings, he discussed the advice he had been given with his managers.  [Id, p. 31:22-32:10].

On this record and under these circumstances, Plaintiff's Motion for Summary Judgment on liability is due to be denied.

WHEREFORE, Defendants respectfully request the Court to deny Plaintiff's Motion for Summary Judgment.

         Respectfully Submitted,

         LANGBEIN & LANGBEIN, P.A.
         Counsel for the Defendants
         8181 NW 154 St., Suite 105
         Miami Lakes, FL. 33016
         Ph: 305-556-3663
         Fax: 305-556-3647
         Email: langbeinpa@bellsouth.net

         By: /s/ Leslie W. Langbein
           Leslie W. Langbein, Esq.
           Fla. Bar No. 305391

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 9/27/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list.

                                            By: /s/ Leslie W. Langbein
                                                Leslie W. Langbein, Esq.

SERVICE LIST

J. H. Zidell, Esq.
zabogado@aol.com
Rivkah Jaff, Esq.
Rivkah.jaff@gmail.com
Neil Tobak, Esq.
ntobak@zidellpa@gmail.com
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorneys for the Plaintiff