IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:  16-24362-cv-LENARD/GOODMAN

LUIS REYES, on behalf of himself and
Others similarly situated,

    Plaintiff.

v.

COLLINS & 74TH STREET, INC. and
MOHAMMED S. HOSSAIN,

    Defendants.
_____/

## DEFENDANTS' OPPOSING STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A DISPUTE

Per Rule 56(c) and Local Rule 56.1(b), COLLINS & 74TH STREET, INC. ("COLLINS") and MOHAMMED S. HOSSAIN ("HOSSAIN") through undersigned counsel, answer Plaintiff's Statement of Material Undisputed Facts and include their own opposing Statement of Material Undisputed Facts. The numbering corresponds to that used in Plaintiff's Statement of Material Facts.

1. Uncontroverted. Discovery on this issue was wholly unnecessary given that FLSA jurisdiction was admitted in Defendants' answer.

2. Uncontroverted. Discovery on this issue was wholly unnecessary given that FLSA jurisdiction was admitted in Defendants' answer.

3. Uncontroverted that there are no exemptions being claimed.

4. Uncontroverted by COLLINS that some errors were made calculating Plaintiff's wages. Uncontroverted that COLLINS tendered a check to Plaintiff's counsel on 5/3/17 for the total amount of the underpayments (less deductions but plus accrued

      interest at the Florida legal rate of interest) due to Plaintiff but such facts are inadmissible under Rule 408. Controverted that the tender was an admission of liability under the FLSA, but even if it was, controverted that the tender constitutes an admission of liability as to Plaintiff's claim as a whole or of willful conduct under Rule 408. Defendants refer the Court to the exact wording of tender letter which included a notification that acceptance of the tender was not deemed to waive any arguments or rights Plaintiff made in his lawsuit.

5. Uncontroverted that Plaintiff refused the tender, did not cash the check, has not filed a Notice of Acceptance and Plaintiff does not concede that his claim is mooted but such facts are inadmissible under Rule 408.

## ADDITIONAL OPPOSING MATERIAL FACTS

### During the three year period preceding the filing of the complaint

6. COLLINS kept track of employee work hours by requiring them to punch in and out on a time card. [TAB A, L. Azucena Depo, p. 29:8-30; 52:9-12].

7. COLLINS kept the time cards in a box under the time card machine. [Id., p. 27:6-12]. Every employee was required to clock in and out. [ Id, p. 29:8-30; 35: 15-17; TAB B, 5/4/17 Hossain Depo, p.45:3-6]. The time card machine always functioned properly. [TAB A, Azucena Depo, p. 31:7-16].

8. Employees were free to review their time cards during each pay period. [TAB A, L. Azucena Depo, pp. 20:1-13; 52:19-23; 56:2-8; TAB D, Reyes Depo, p. 55:6-8].

9. Employees were required to sign their time cards at the end of a pay period. [TAB D, Reyes Depo, pp. 52:24-53:3]

10. Plaintiff reviewed and signed each of his time cards. [TAB D, Reyes Depo, pp. 37:6-38:4; 44:17-19;54:21-23]

11. After employees signed their time cards, the time cards were collected at the end of each pay period and given to an employee who added the number of work hours shown on each employee's time cards. [TAB A, L. Azucena Depo, pp.13-14; 16:20-21].

12. The hours clocked on an employee's time card were the basis for his or her pay. [TAB B, 5/4/17 Hossain Depo, pp. 49:4-6; 50:10].  This was COLLINS' practice during 2013-2016. [Id, pp. 49:7-50:18].

13. COLLINS paid Plaintiff on an hourly basis. [TAB B, 8/18/17 Hossain Depo, p. 51:21-22].  Plaintiff was never paid in cash [Id, p. 44:9-15].

14. COLLINS did not pay any employees in cash. [Id., pp. 20:23-25; 29:24; 54:19-55:7].

15. Payroll checks were prepared using Quickbooks. [TAB A, Depo L. Azucena, p. 12-15].  Standardized deductions were taken from paychecks. [Id., p. 20:16-22].

16. COLLINS paid employees who worked over 40 hours in a work week at a time and a half rate. [TAB A, L. Azucena Depo, pp. 45:5-9; 52: 13-16].  Lesly Azucena, the employee who prepared the paychecks, was never instructed not to pay overtime pay. [Id., p. 53:8-10].

17. Plaintiff's paystubs show that he was paid at a time and a half rate when he worked over 40 hours in a week.  [TAB C; TAB D, Reyes Depo, pp. 43:24-44:6].

18. If an employee had a complaint about pay, he or she could go see HOSSAIN or the floor manager Tasmin Khan.  [Id, p. 31:17-25].  Plaintiff's supervisors were

   HOSSAIN, Ms. Khan and Mr. Kashem. [TAB D, 5/4/17 Hossain Depo, p. 114:19-21]. HOSSAIN was there every day. [TAB D, Reyes Depo, p. 100:2-4]. Mr. Kashem also was there every day. [Id., p. 65:2-5]. The "manager" Plaintiff identified as "Corine" was a cashier. [TAB A, L. Azucena Depo, p. 55: 3-7].

19. Plaintiff never informed a manager that he had worked extra hours or that he was missing overtime pay. [TAB B, 5/4/17 Hossain Depo, p 77:25-78:6].

20. COLLINS posted an FLSA poster in the store. [TAB A, L. Azucena Depo, p. 43:4-17].

21. COLLINS did not suffer or permit employees to work off the clock. [TAB A, L. Azucena Depo, pp. 29:10-21; 53:4-20; TAB B, 5/4/17 Hossain Depo, p. 49:7-17].

22. COLLINS kept the original of employee time cards for three years. [TAB B, 5/4/17 Hossain Depo, p. 35:20-22; 8/18/17 Hossain Depo, p.19].

23. Plaintiff's Statement of Claim seeks overtime pay from 10/14/13 through 10/14/16. He claims he worked 25 hours of overtime each and every week. [TAB D, Statement of Claim; Reyes Depo, p. 33:7-18]. Plaintiff did not know if the number of weeks for which he was claiming owed overtime on his Statement of Claim was correct. [Id, p. 35:6-8]. Plaintiff does not recall his first day of work. [Id, p. 38:21-24]. He believed he worked "twenty-something" hours a week. [Id., p 83:6]

24. Plaintiff claimed he punched in only 4 days a week. It did not matter what days they were. [Id., p. 40:3-7]. He could not explain why some of his time cards showed punches 5 days a week. [Id., p. 40:1-6].

25. Plaintiff claims he never was paid overtime [Id., pp.40:15-20; 43: 21-23; 52:12-14] yet he could not explain why a paystub showed his overtime rate as $12.38 per

      hour. [Id, pp. 43:24-44:8].   He could not explain why a paystub showed that he had been paid for 33.15 hours of overtime. [Id, p. 49:15-25].   When shown the overtime on his paycheck, Plaintiff testified, "…. That looks like overtime, but that's not overtime. "  [ Id, p. 99:4-9].

26. Plaintiff admits that if he already got paid time and a half for his work hours, then he is not owed any overtime. [Id, p. 52:15-23].  He also admits that he is not owed overtime for the periods of time he was out of the country even though they were included in his Statement of Claim.  [Id, p.34:15-18].   Plaintiff was not shown his time cards or paychecks ahead of his deposition.  [Id, p. 53:1-6].

27. HOSSAIN originally consulted a lawyer with expertise in the area of employment law sometime in 2003 or 2004 to determine his obligations as an employer under the FLSA.  [TAB B, 5/4/17 Hossain Depo, p. 96:4-8; 8/18/17 Hossain Depo p.7:4-20; 45:18-46:6; 49:4-9; 50:10-15; 53:20-21; 63:25; 65:20;67:24-25; 71:22-72:2; 72:11-20; 83-90 ]  He made changes based on the lawyer's advice.  [Id, p. 16:12-20; 25:21-24].  The changes were in effect when REYES was hired.  [Id, p. 70:13-16]

28. HOSSAIN consulted the same lawyer again in 2006 to review COLLINS's payroll and time keeping practices while acting as a consultant to the company. [ Id, p. 14; 22:9-23:2].

29. When HOSSAIN returned from these meetings, he discussed the advice he had been given with his managers.  [Id, p. 31:22-32:10].

30. HOSSAIN first became aware that there hours had not been added up correctly on some of Plaintiff's time cards after this lawsuit was filed.   [TAB B, 5/4/17

Hossain Depo, p. 35:20-36:18]. The miscalculations <u>*were not based on inaccuracies in Plaintiff's time cards, i.e. the times punched in and out are correct,*</u> but from addition of the hours by an employee who was responsible for totaling them at the end of the pay period.

            Respectfully Submitted,

            LANGBEIN & LANGBEIN, P.A
            Counsel for the Defendants
            8181 NW 154 St., Suite 105
            Miami Lakes, FL. 33016
            Ph: 305-556-3663
            Fx: 305-556-3647
            Email: langbeinpa@bellsouth.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 9/27/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list.

            By: <u>/s/ Leslie W. Langbein</u>
              Leslie W. Langbein, Esq.
              FBN 305391

## **SERVICE LIST**

J.H. ZIDELL, P.A.
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com