UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-24362-CIV-JAL/JG

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b),                       )
                                              )
            Plaintiffs,                       )
    vs.                                       )
                                              )
COLLINS & 74TH STREET, INC. and               )
MOHAMMED S HOSSAIN,                           )
                                              )
            Defendants.                       )
_____          )

**PLAINTIFF'S REPLY TO RESPONSE TO PLAINTIFF'S DAUBERT MOTION AND TO STRIKE EXPERT WITNESS, LESLIE LANGBEIN, ESQ.[1] [DE131]**

COMES NOW Plaintiff, by and through undersigned Counsel, and Replies to Defendants' Response to Plaintiff's Daubert Motion and to Strike Expert Witness, Leslie Langbein, Esq., filed by Defendants as [DE131], and in support thereof states as follows:

1. The Defense argues that they do not intend to call Ms. Langbein as an expert[2] or fact witness at the Jury Trial and that Plaintiff should not be permitted to call Ms. Langbein as a witness either because he allegedly did not disclose Ms. Langbein as a witness. [DE131]. This argument fails miserably to say the least.

2. Rule 26(e) states that

---

[1] Plaintiff's Motion to Disqualify Defense Counsel and her Firm is pending before this Court and ripe for review. [DE39]. Plaintiff files this Motion in an abundance of caution should the Court permit Defendants to use the advice of Defense counsel as a good faith defense as Plaintiff intends to call Defense counsel at Trial and Plaintiff herein moves to exclude the presentation of unhelpful "expert" evidence to the jury.

[2] Of course, Defendants would love nothing more than to tell the Jury that they relied in good faith on Ms. Langbein's advice while leaving Plaintiff in an evidentiary vacuum and defenseless to refute the content of the same.

> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information **has not otherwise been made known to the other parties during the discovery process or in writing**; or (B) as ordered by the court. [emphasis added].

3. The record is abundantly clear that Plaintiff has made known during the discovery process and in writing that Plaintiff intended to call Ms. Langbein as a fact witness in the case at bar. Ms. Langbein is a material and necessary witness and, as such, should Defendants rely on her advice as their good faith defense it will be necessary for Plaintiff's counsel to call Langbein as a witness, regardless of whether Defendants intend to do so. *See*, [DE39] and all related filings and the Evidentiary Hearing minute entry. The record is unambiguous that Defendants were aware of the anticipated testimony should they not withdraw their defense of good faith, said witness was previously disclosed, and there was absolutely no surprise.[3]

4. Defendants misstate the Court's finding in *Lopez-Osorio v. Art Landscaping Corp., et al.,* Case No. 15-20614-CIV-OTAZO-REYES [DE56]. The Court found that disqualification of Ms. Langbein who was a necessary witness was not required by Rule 4-3.7 because it would impose "a substantial hardship on the client" and allowed another attorney for

---

[3] *See also, Hewitt v. Quest Diagnostics, Inc.,* No. 08-80561-CIV, 2008 WL 5381410, at *1 (S.D. Fla. Dec. 22, 2008) (The standard of striking a witness, even one disclosed after the discovery deadline is that of prejudice. "However, under Rule 37 of the Federal Rules of Civil Procedure, the Court must look to potential prejudice of striking a witness, even one disclosed after the discovery deadline." "Finally, when reviewing a court's decision to exclude the testimony of an untimely disclosed witness, the Eleventh Circuit Court of Appeals has examined: (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify. Id. at 1353." *Debose v. Broward Health*, 2009 U.S. Dist. LEXIS 45546 (S.D. Fla. May 20, 2009)).

    Defendants to be deposed in Ms. Langbein's stead. *Id.* at 4.[4] There is no other counsel to look to in this case other than Ms. Langbein, unlike in the matter of *Lopez-Osorio.*

5. Defense counsel was substantially involved in material events regarding Defendants' good faith defense and her ability to recall facts are directly relevant to what advice was given, when that advice was given, the veracity of the good faith defense, among other reasons.

6. Additionally, Plaintiff refers to his argument in the instant Motion that, should defense counsel be disqualified, Defendants will use Ms. Langbein to make is appear to the Jury that an attorney is providing her stamp of approval with regards to affirmative efforts taken to comply with the FLSA and what those alleged changes allegedly represent. Defense counsel has no independent knowledge of changes made, if at all, and is merely able to relate to conclusory statements and/or generalized advice she believes was given at an unknown date and time and repeating what Defendants told her. The "expert" testimony proffered is unhelpful because Langbein cannot demonstrate any reasoning behind her opinion and cannot offer any documentation evidence in support of same (i.e. billing records, invoices, etc.) but, instead, can simply make outcome-determinative conclusions without firsthand knowledge of same. Defendants are using the said "expert" for the purpose of unfairly prejudicing the Jury against Plaintiff, so that it appears to the Jurors that a qualified expert supports Defendants' factual arguments (which rather

---

[4] This matter is distinguishable from *Lopez-Osorio.* In the case at bar, the individual Defendant's memory lapses cannot be cured by better preparation, Defense counsel was the sole attorney allegedly relied on to ensure compliance with the FLSA, other than Defense counsel and Defendants no one was present in the consultations/meetings, etc.

should be addressed at trial through appropriate fact witnesses). *See, Lopez-Osorio* excerpts filed with the Court.

7. As argued in the instant Motion, Ms. Langbein's testimony fails to offer any scientific, technical, or specialized expertise to the extent such would justify allowing her to testify as an expert. Nothing Ms. Langbein can testify to (if this matter goes to trial) would not otherwise be able to be figured out by the Jury "if they were given a jury instruction as to the regulation". Consequently, Defendants do not need Ms. Langbein as an expert witness for the Jury to consider Defendants' good faith defense at issue, as the jurors can figure out this for themselves upon proper instruction. *See also, Medina v. 3C Const. Corp.,* and *Perkins v. S. New England Tel. Co.,* No. 3:07-CV-967 JCH, 2011 WL 336715, at *3 (D. Conn. Jan. 31, 2011); *See also, (*"[E]xpert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves."*Hibiscus Associates Ltd. v. Board of Trustees of Policemen and Firemen Retirement System of City of Detroit,* 50 F.3d 908, 917 (11th Cir.1995)." *Medina v. 3C Const. Corp.,* at *2.).

8. The Court should find that the jury is capable of reviewing the evidence that is admitted at Trial and deciding whether any damages should be awarded. Defendants' argument speculates that the Jury in not capable of coming to a unanimous decision regarding the alleged disputed issue of good faith.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT GRANT PLAINTIFF'S MOTION AND STRIKE LANGBEIN FROM TESTIFYING AT TRIAL AS AN EXPERT OR IN ANY OTHER CAPACITY.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 10/3/17 TO:**

**LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____
      RIVKAH F. JAFF, ESQ.**