UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-24362-CIV-LENARD/GOODMAN

LUIS REYES,

    Plaintiff,

v.

COLLINS & 74TH, INC.,
et al.,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL

This Order concerns Plaintiff Luis Reyes' motion to disqualify defense counsel and her law firm in this Fair Labor Standards Act lawsuit. [ECF No. 39]. United States District Judge Joan A. Lenard referred the motion to the Undersigned. [ECF No 40]. Plaintiff and Defendants, Collins & 74th Street, Inc. and Mohammed Hossain,[1] have thoroughly briefed the issues, have filed memoranda and supplemental exhibits [ECF Nos. 49; 51; 60; 67; 76; 78-80; 87-88; 94; 96; 104; 118], and have referenced the issue in other motions and memoranda [ECF Nos. 123; 126; 131; 133].

The Undersigned previously entered an Order permitting Plaintiff to take limited discovery of defense counsel and of Mr. Hossain because Defendants say their conduct

---

[1] Mr. Hossain is the corporation's principal, and he is alleged to be a joint employer with the corporation.

1

was not willful because they followed the advice of their attorney, who also happens to be defending them in this lawsuit. [ECF No. 78]. The earlier Order did not rule on the disqualification portion of the motion (which also sought discovery) because I was awaiting a transcript from an earlier FLSA trial involving these same law firms. [ECF No. 78]. That transcript has now been filed. [ECF No. 104].

The mere fact that the Undersigned permitted limited discovery about Defendants' alleged reliance on counsel's advice does not necessarily mean that disqualification is warranted.

Defendants have already advised that they do not intend to call their attorney, Leslie Langbein, as a trial witness. In addition, Ms. Langbein's testimony is not adverse to her client. And her clients are themselves able to testify about FLSA advice they received. Ms. Langbein is therefore not a necessary witness. As a result, disqualification under Rule 4-3.7 of Florida's Rules of Professional Conduct is not warranted.[2] *Pharma Supply, Inc. v. Stein*, No. 14-80374, 2014 U.S. Dist. LEXIS 120313, at **12-13 (S.D. Fla. Aug. 28, 2014) (denying motion to disqualify after noting that Rule 4-3.7 is "generally not implicated when a party does not intend to call its own lawyer as a witness" and

---

[2] That rule, entitled "Lawyer as Witness," provides as follows: "A lawyer shall not act as advocate at trial in which the lawyer is likely to be a **necessary** witness **on behalf of the client** unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client." Rule 4-3.7, Florida Bar Rules of Professional Conduct (emphasis added).

pointing out that an attorney called by the opposing counsel will be disqualified only "if the attorney's testimony will be sufficiently adverse to the factual assertions or account of events offered on behalf of the client.") (internal citations and quotation omitted).

**However,** the Undersigned appreciates Plaintiff's concern that Defendants and/or Ms. Langbein might at trial indirectly raise Ms. Langbein's status as the attorney who provided labor and employment advice for FLSA compliance. Indeed, that is what happened in another FLSA trial, *Lopez-Osorio v. Art Landscaping, Corp.*, No. 15-20614-CIV-AOR.

In the *Lopez-Osorio* case, Plaintiff's counsel called Alexander Acosta, the Defendant employer's principal, as his first trial witness. During cross-examination (of her own client), Ms. Langbein asked questions which made it plain to the jury that she is the attorney who provided the legal advice. Specifically, she asked the following questions: (1) "Why did you seek out a law firm who had an attorney who was board certified by the Florida Bar?", (2) "Did you hire my law firm?", (3) "Did my law firm represent you in that first lawsuit?", (4) "Now, during the course of that representation, did you have a meeting with the law firm to discuss how you could come into compliance with the FLSA?", and (5) "After you met with our law firm and you were provided some advice, did you implement any changes in your company?" [ECF Nos. 104-2; 104-3].

Ms. Langbein highlighted her involvement in her closing argument: "Mr. Acosta was consistent. He was consistent in his efforts to comply with the law. He got burned one time. He came to see a lawyer. He came to see a lawyer who had experience in employment law and was certified by the Florida Bar. He took that advice and he implemented that advice." [ECF No. 104-3, p. 17].

Thus, at the September 2016 *Lopez-Osorio* trial [ECF No. 104], Ms. Langbein's credibility was indirectly put before the jury because the jurors knew that she was the attorney who provided legal advice on FLSA compliance to her defense clients. Plaintiff here has expressed concern that a similar situation might occur at trial in this lawsuit.

In that earlier lawsuit, the jury returned a verdict for the defendants Art Landscaping, Corp. and Mr. Acosta, and final judgment and a costs judgment (for $4,362.02) were entered in the defendants' favor.  Plaintiff says that he is concerned that the jury verdict was caused, at least in part, on the jury's reliance on Ms. Langbein's unofficial role as a *de facto* witness.

The Undersigned cannot know with certainty why the *Lopez-Osorio* jury reached the verdict it reached or whether it was in anyway influenced by its knowledge that Ms. Langbein, the defense trial attorney, provided FLSA compliance advice. Nevertheless, it is hardly irrational to suggest that the jury could have been affected in some way by that knowledge.

Therefore, to avoid the possibility that a similar scenario might unfold in this case, Defendants may not specifically identify Ms. Langbein and/or her law firm as the attorneys who provided FLSA compliance advice, and Ms. Langbein will be prohibited from mentioning it in any way, including during jury selection, opening statement, and closing argument. Defendants may, however, testify that they obtained legal advice and what it was (without identifying the specific attorney or law firm). If Plaintiff's counsel opens the door by asking questions which require a defense witness to disclose Ms. Langbein's identity as the advice-providing attorney or by otherwise mentioning that history, then Ms. Langbein and her clients are free to provide additional testimony.[3]

But Plaintiff failed to meet his burden to establish the grounds for disqualification, which is a drastic remedy that should be applied sparingly and only upon compelling circumstances. *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (quoting cases for the notions that "motions to disqualify are subject to exacting review because of potential for strategic abuse" and that "characterizing movant's task in

---

[3] At the risk of stating the obvious, this ruling is subject to a final evidentiary decision by Judge Lenard, who will be presiding over the trial.

seeking removal of opposing counsel as 'heavy burden'") (internal quotation and citation omitted).

**DONE and ORDERED** in Chambers, in Miami, Florida, on November 14, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record