UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 16-24362-cv-LENARD/GOODMAN

LUIS REYES, on behalf of himself and
others similarly situated,

    Plaintiff.

v.

COLLINS & 74TH STREET, INC. d/b/a
M & L MARKET,
MOHAMMED S. HOSSAIN,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Defendants, COLLINS & 74TH STREET, INC. ("Market") and MOHAMMED S. HOSSAIN ("Mr. Hossain"), through undersigned counsel and pursuant to Fed.R.Evid 103, Local Rule 7.1A1. & 3 and this Court's Pre-Trial order, respond to Plaintiff's Motion *in Limine* ("the Motion") as follows:

### Attorney's Fees/Liquidated Damages

Plaintiff's motion regarding these issues was wholly unnecessary. When Plaintiff's counsel conferred regarding its proposed motion, Defendants' counsel readily agreed to stipulate that there would be no mention of attorneys fees and liquidated damages in their case *unless* Plaintiff "opened the door." That stipulation just as easily could have been reflected in the parties' Joint Pre-Trial Stipulation.

### References to Mr. Zidell's Law Firm

Fed.R.Evid. 401 defines relevancy as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence." The cause of action, the type of remedies available and **_defenses_** to the action dictate what evidence is relevant. In moving to exclude such references pursuant to Rule 403, Plaintiff necessarily **_admits_** that the evidence and testimony he seeks to exclude _is relevant_.

Plaintiff's motion lacks any explanation why relevant information should be excluded under Rule 403. The Motion does not even identify what _conclusion_ Plaintiff fears a jury would draw through a reference to his attorneys. He merely hypotheses that there will be automatic prejudice. Nor does the Motion aver that the exclusion of such testimony or evidence will not adversely affect Defendants' ability to present their case. Defendants, on the other hand, provide clear explanations of how and why references to Mr. Zidell's law firm will arise at trial and the importance of that information to Defendants' rebuttal of evidence of willfulness.

Initially it should be recognized that reference to both Mr. Zidell's and Mrs. Langbein's law firms will be made by the Court in _voir dire_. To ensure a fair and impartial jury, Defendants are entitled to further explore jury responses to determine if potential jurors or their friends and relatives have ever consulted or used Mr. Zidell's law firm _for any purpose_; if jurors know anyone who works or has worked with Mr. Zidell; if jurors have seen or heard anything about Mr. Zidell on television, on-line or on Youtube. Undoubtedly, the same issues will be raised by Plaintiff with the venire about Mrs. Langbein.

Second, because Plaintiff has the burden of proof on the issue of willfulness, it is anticipated that he will attempt to satisfy this burden in at least one of two ways. The most likely scenario will be by eliciting Mr. Hossain's testimony about prior (or possibly

current) lawsuits brought against himself and the Market. [1] The other possibility is through "Me-Too" testimony offered by one or more of the prior (or current) plaintiffs who were (or are) represented by Mr. Zidell's law firm as direct, rebuttal or impeachment witnesses. If former plaintiffs testify at trial, Defendants is entitled to offer their settlement agreements into evidence (or refer to the current representation) to establish ***bias*** through ***their prior or current association with Plaintiff's counsel.*** [2] See Jeld-wen, Inc. v. Nebula Glass Int'l Inc, 2007 U.S. Dist. LEXIS 37134 (S.D. Fla. 2007). Thus, Mr. Zidell's representation of prior plaintiffs is an area into which Defendants may inquire for rehabilitation or impeachment purposes. See Rules 401 and 607. [3]

Third, once Plaintiff has opened the door by offering testimony or evidence to establish willfulness, Defendants may offer rebuttal testimony or evidence to prove that willfulness is "less probable than it would be" without evidence of the common link between the prior plaintiffs and Mr. Zidell and the interrelationships between and among the prior plaintiffs. See Rule 401. Some evidence that could be offered to show improbability of willfulness are that the prior plaintiffs either knew or worked with one

---

[1] It is expected that Plaintiff will call Mr. Hossain as his first witness at trial to prejudice the jury with evidence that Mr. Hossain has been repeatedly sued before by former employees for FLSA violations. The only purpose of such testimony is to establish willfulness, otherwise it would fall into the category of character evidence barred under Rule 608(b). But, the issue of willfulness only arises *after* a plaintiff has established a prima facie FLSA violation. Rule 611. Thus the Court should preclude Plaintiff from calling Mr. Hossain to establish willfulness until Plaintiff has testified and satisfied the burden of proof on liability.

[2] Any reference to attorneys fees or liquidated damages would be redacted.

[3] Defendants response to Plaintiff's Motion in Limine does not waive any arguments they have raised in their own Motion in Limine as to the admissibility of prior lawsuits to establish willfulness and in particular the provision in each prior settlement agreement that evidence of the lawsuit and its settlement cannot be used to establish willfulness.

another and remained in contact after the end of their employment with Defendants; prior plaintiffs discussed their lawsuits and settlements with later plaintiffs; and each former worker was referred to, and employed, Mr. Zidell's law firm  all of which may account for the similarity of allegations.[4]   The final reasons why the Motion should be denied on this point are discussed in Section VIII [5] of Defendants' Motion *in Limine* and *infra* in the response to Plaintiff's argument at Section F of the Motion.

Because Plaintiff has not met the standards for exclusion of relevant evidence under Rule 403, the Motion should be denied on this point.

### References to Plaintiff's IncomeTaxes

Plaintiff argues that his failure to pay income taxes <u>*on the alleged cash payments he received*</u> is not connected with Defendants' failure to properly pay him and therefore should be excluded under Rule 403.  Plaintiff's argument once again ignores that by arguing Rule 403, he necessarily admits the relevance of the information.  Moreover, he has no shown that the relevance of the information is substantially outweighed by one of the criteria listed in Rule 403.

Indeed, courts commonly allow inquiry on cross-examination about a party's income tax filings under Rule 608(b) as impeachment. There is no prerequisite that the information be connected to the issues in a case. See, e.g. *United States v. Jones*, 900 F.2d 512, 520-21 (2d Cir.) [prosecution permitted to cross-examine witness concerning

---

[4]   Plaintiff admits he was told by a former employee who was angry with Mr. Hossain about his termination to go see Mr. Zidell, which he promptly did upon quitting. A prior plaintiff admitted that he, too, was told by the same employee to go see Mr. Zidell.

[5]   Section VIII of Defendants' Motion in Limine was misnumbered as a second Section VII.

false statements made on applications for employment, an apartment, a driver's license, a loan, membership in NASD and on income tax returns], cert. denied, 498 U.S. 846, 112 L. Ed. 2d 99, 111 S. Ct. 131 (1990) and *Rakip v. Paradise Awnings, Inc.*, 2011 U.S. Dist. LEXIS 151368 (S.D. Fla. 2012). Conduct such as falsely reporting income on a tax return directly bears on a witness' propensity for truthfulness, See *Blake v. Batmasian*, 2017 U.S. Dist. LEXIS 26712 (S.D. Fla. 2017); *Perez v. Anastacia M. Garcia, P.A.*, 2015 U.S. Dist. LEXIS 101845 (S.D. Fla. 2015).

Unquestionably Plaintiff's credibility at trial is paramount to Defendants' defense. Plaintiff claims he never was paid overtime yet Defendants have produced innumerable paychecks showing that he was paid overtime at the time and a half rate. Moreover, Plaintiff claims that he was paid straight time for all of his overtime hours ***in cash*** while Defendants deny they ***ever paid employees in cash***. Accordingly, cross-examination of Plaintiff concerning Defendants' alleged cash payments to Plaintiff meets both Rule 401's test of making a fact "less probable than it would be without the evidence" and Rule 608(b)'s use of specific instances of conduct to show character for untruthfulness. For these reasons, the Motion on this point should be denied.

<u>References to Plaintiff's Arrests, Convictions, Pleas</u>

Plaintiff seeks a blanket exclusion of any references at trial to arrests, convictions, pleas of nolo contendere or pending criminal charges. Defendants posed Interrogatory # 11 to Plaintiff which asked him to

> "**State whether You have been arrested or detained by a law enforcement agency including INS or Department of Homeland Security during the past 10 years. For each arrest or detainment, state the date, location (city and state or city and country) and reason for Your arrest or detainment and the outcome of the arrest (i.e., charges were dropped, case went to court, placed on probation, served jail time, etc).** "

Plaintiff responded "I have not been arrested or detained in the last 10 years."

Defendants also propounded Interrogatory # 13 which asked Plaintiff to:

> **Identify all legal matters, including but not limited to court cases, worker's compensation proceedings; administrative proceedings, and traffic proceedings in which you were named or appeared as a party or appeared as a witness from 2011 to present. For each such legal matter, please state Your capacity in the matter (witness or party), the county and state (or the style and jurisdiction) of the legal matter; and whether You provided testimony in the legal matter either at hearing, trial or through deposition.**

Plaintiff responded "None."

While Rule 609 limits the manner in which a criminal conviction can be used for impeachment, Rule 608(b) (as argued above) does not bar inquiry into specific instances of a witness' conduct in order to attack the witness's character for truthfulness. Defendants are permitted to impeach Plaintiff by showing that his responses to, and verification of, Interrogatories # 11 and #13 were false or that he currently is subject to cases or charges that were not disclosed via original or supplemental responses to these interrogatories.

For this reason, the Motion on this point should be denied.

References to Mrs. Langbein's Identity as
The Lawyer who Provided FLSA Compliance Advice

Plaintiff's Motion on this point is the obverse of that argued in Defendants' Motion *in Limi*ne Defendants, therefore, incorporate by reference Section VIII of their Motion *in Limine* to support why Mrs. Langbein should be able to solicit testimony identifying herself as the lawyer from whom Mr. Hossain sought advice about FLSA compliance, and when and under what circumstances her advice was given.

Plaintiff quotes a portion of Judge Goodman's order denying disqualification to

support his argument for exclusion of any reference to Mrs. Langbein's role as Mr. Hossain's counselor at law.  At a hearing before Judge Goodman, Plaintiff's counsel hypothesized that a reason why its former client lost at trial ***was because Mrs. Langbein elicited testimony from her clients that identified her as the attorney from whom they had sought FLSA advice years many years before.*** [6]    Plaintiff's counsel never moved for a new trial or appealed the verdict on this basis.  See, docket in Lopez-Osorio v. Art Landscaping Corp, USDC Case No. 15-20614-cv-OR. [7]

Nevertheless, Plaintiff's counsel's *over a year* later now attempts to raise the specter that defendants' testimony about seeking advice from Mrs. Langbein was pivotal to the loss, without disclosing that at trial Mr. Lopez-Osorio:  1) blatantly lied under oath; 2) repeatedly gave inconsistent testimony; 3) gave testimony that defied common sense; 4) explained why he had not really attempted to bribe a trial witness, and 5) admitted his long history of untruthful conduct. See Rule 608(b).   The jury's utter disregard for Mr. Lopez-Osorio's credibility was the primary reason for the defense verdict. [8]

Respectfully, Judge Goodman's recommendation that Defendants be precluded

---

[6]    The particular attorney who made this argument to Judge Goodman was not even present for the Lopez-Osorio trial and therefore, had no first hand knowledge of the dynamics of that trial.  Defense counsel, on the other hand, *tried the case*. She believes the jury's verdict was the product of weighing Mr. Lopez-Osorio's credibility against that of her clients and their witnesses, and the overwhelming evidence of defendants' actual compliance with the FLSA.

[7]    Plaintiff's counsel never sought *in limine* to preclude this testimony in advance of the Lopez Osorio trial.

[8]    Plaintiff's counsel was cautioned by Judge Otazo-Reyes at the pre-trial conference in Lopez-Osorio that a jury likely would have issues with their client's credibility.

from identifying Mrs. Langbein as the lawyer from whom they sought advice about FLSA compliance in this case is founded *on a premise* that it was "*possible*" that the Lopez Osorio jury "*might have*" been affected "*in some way*" by that testimony.  Judge Goodman's theory advances that the defendants' testimony about consulting Mrs. Langbein and following her legal advice many years before implicitly bolstered her credibility with the jury during trial.

Respectfully again that premise minimizes that a trial lawyer's credibility (if at all) before the jury is more likely established through thorough and intensive trial preparation, including knowledge of what the evidence shows, crisply prepared examination for each witness, the ability to quickly pinpoint lies and inconsistencies in a witness' testimony, organization at the defense table, a well thought out presentation of evidence and a convincing summation that addresses physical evidence, witness testimony, common sense and the opposing party's lies and inconsistencies.   It also ignores that the jury in Lopez Osorio was presented with extensive evidence and testimony about the defendants' *actual* compliance with the FLSA which included introduction of the plaintiff's original time cards and testimony from former employees who were subpoenaed as trial witnesses that they always were paid for overtime hours at a time and a half rate.

Indeed, it is precisely because Plaintiff's counsel will attempt to elicit highly inflammatory testimony about the number of FLSA lawsuits previously brought against Defendants that Defendants be able to provide ***specific*** testimony about their initial request to be referred to a highly experienced employment lawyer, to identify Mrs. Langbein as the attorney to whom they were referred, to introduce an invoice from

Langbein & Langbein, P.A. establishing when they first sought her advice on the FLSA, to provide testimony about the FLSA advice Mrs. Langbein provided and how they implemented it, and her firm's involvement in counseling them in employment matters and her representation of them over the years  See argument and citations to authority at pages 18 and 19 of Defendants' Motion *in Limine*.

To gag Defendants from testifying about these facts on the outside chance that a jury might possibly be influenced in some way by knowing that the attorney eliciting the testimony is the one who provided the advice [9] does not fall into one of the standards set out in Rule 403 particularly because of its importance of those facts to disproving willfulness.  Plaintiff's argument that mention of Mrs. Langbein's identity make her an "undisclosed expert witness" has no support in fact or law.  For these reasons, Plaintiff's Motion of these points should be denied.

WHEREFORE, Defendants respectfully request the Court to deny the opposed portions of Plaintiff's Motion *in Limine*.

    Respectfully Submitted,

    LANGBEIN & LANGBEIN, P.A.
    Counsel for the Defendants
    8181 NW 154th Street, Suite 105
    Miami Lakes, FL 33016
    Tel:  (305) 556-3663
    Fax: (305) 556-3647

---

[9]  Defendants note, as an example, that in the case of *Etkins & Co. v. SBD, LLC*, 2012 U.S. Dist. LEXIS 158364 (S.D. Fla. 2012), deciding whether a lawyer who had participated in the transactions at issue in the case ought to be disqualified as trial counsel, there was no ruling from the court barring the defendant from identifying his attorney's role in the transactions at issue. .

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on January 10, 2018 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By: /s/ Leslie W. Langbein
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

SERVICE LIST

J.H. ZIDELL, P.A.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
David Kelly, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Rivkah.Jaff@gmail.com