UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-24362-CIV-JAL

LUIS REYES, and all others similarly situated )
under 29 U.S.C. 216(b), )
)
              Plaintiffs, )
vs. )
)
COLLINS & 74TH STREET, INC., )
MOHAMMED S HOSSAIN, )
)
             Defendants. )
_____ )

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFFS' MOTION *IN LIMINE* [DE143]**

**COMES NOW** the Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and Replies to Defendants' Response to Plaintiff's Motion *In Limine*, filed by Defendants as [DE143], and in support thereof states as follows:

1. Plaintiff's Motion *In Limine* [DE139] sough to exclude reference or introduction to (a) Reference to attorneys' fees and costs (unopposed by Defendants); (b) Reference to liquidated damages (unopposed by Defendants); (c) Reference to the undersigned Firm's representation of Plaintiff; (d) Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes; (e) Reference to Plaintiff's arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any; and (f) Reference to the identity of Ms. Langbein, Esq., and/or her law firm as the attorneys who allegedly provided FLSA compliance advice and Ms. Langbein, Esq., mentioning it in any way, including, without limitation, during jury selection, opening statement, closing argument, and during trial.

2. In their Response [DE143], Defendants only take issue with (c)-(f) and, as such, Plaintiff addresses same herein.

**MEMORANDUM OF LAW**

**Reference To Undersigned Firm's Representation Of Plaintiff.**

Any reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise is entirely irrelevant for the purpose of this case, Plaintiff's claim to recover his overtime wages. It has absolutely no probative value and will only be used to unfairly prejudice the jury against Plaintiff; it should, thus, be excluded.

Mr. Zidell and the Firm's representation of other Plaintiffs in other matters against Defendants or other corporations owned by Defendants is not relevant to the issues at hand and will in no way whatsoever benefit the jury's role in this matter. Introduction of said evidence will only be used by Defendants to confuse and unfairly prejudice the jury against Plaintiff and will create an unnecessary side show; the danger of unfair prejudice would substantially outweigh its probative value. *See,* Fed. R. of Evid. 403. Further, it will likely lead to personal attacks on Plaintiff's counsel and might indirectly place Plaintiff's counsel in an unofficial role as a *de facto* witness.

Defendants' response is laced with unsubstantiated personal attacks and references to other cases, which the undersigned Firm opposes. Defendants have not demonstrated to this Court that the undersigned Firm has engaged in inappropriate solicitation, and Defendants' own arguments underscore their intention to make objectionable and unsubstantiated references to same at trial. Plaintiff requests the Court preclude Defendants from prejudicing the jury by making statements (including during their questioning and closing) that "Plaintiffs' counsel put

you up to this" or that "Plaintiffs' counsel asked you to solicit Plaintiffs" or that "Plaintiffs' attorneys are just running a business."   The evidence in this case does not justify defense counsel making such statements, and Defendants intention would be to make such unsubstantiated allegations at trial to prejudice the jury though questioning, closing argument etc. Defendants and their counsel ought to argue the facts and merits at Trial. Rather, defense counsel wants to cause prejudice by raising issues such as counsel's representation in other matters to make allegations (see *infra*) such as that the attorneys "put you up to this," are "just running a business" *etc*.  Said references should be excluded as the sole purpose Defendants would introduce said information would be to inflame the Jury and prejudice them against Plaintiff. *See* Fed. R. Evid. 403; *Noel Shows, Inc. v. U.S.,* 721 F.2d 327, 329 (11th Cir. 1983); *Stallworth v. Illinois Central Gulf R.R.,* 690 F.2d 858, 868 (11th Cir.1982). The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial and, as such, should be excluded at trial. *See also,* Plaintiff's Response in Opposition to Defendants' Motion *In Limine* [DE144].

**Reference to Plaintiff's Taxes.**

Plaintiff refers to his Motion [DE139] and discussion of *Ortiz v. Santuli Corp*., 2009 U.S. Dist. LEXIS 72731 (S.D. Fla. Aug. 3, 2009).  The "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff." *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at

*4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment").

Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id*. Questioning Plaintiff on his filing of income taxes is irrelevant to the case at hand and will unfairly prejudice Plaintiff. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors: and it will likely give rise to collateral disputes -- including the extent of Plaintiffs' reporting obligations regarding such taxes -- that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). Should Defendants be permitted to explore through witness testimony and/or introduce evidence regarding Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments it will inevitably lead to references to impeachable conduct by the Defendants (i.e. their failure to pay employment taxes or social security, provide Plaintiff with accurate and correct W-2/1009 tax forms, etc.).  Under *Santuli Corp.*, Plaintiff believes he will suffer unfair prejudice and Defendants attempts to unfairly prejudice Plaintiff is obvious where Defendants clarify that they intend to reference the tax returns to attack Plaintiff's "credibility." In other words, Defendants wish to conduct a mini tax trial in front of the Jury to prejudice the Plaintiff's claims, but at the same time want the Court to preclude Plaintiffs from referencing Defendants'

violations at trial (i.e. what Defendants refer to as "me too" testimony, other FLSA lawsuits, etc.). Any reference to Plaintiff's payment or non-payment of federal income taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Further, Defendants move *in limine* to exclude any reference to the admitted fact that Defendants exceeded the $500,000 monetary threshold, with respect to FLSA enterprise coverage during the relevant period. Defendants are going to attempt to prejudice the Jury and evoke sympathy, by introducing testimony such as that Defendants operate a small, family-owned business.  Such issue is irrelevant as to whether Defendants failed to comply with the overtime laws, and such should be excluded under Rule 403 of the Federal Rules of Evidence as any probative value is substantially outweighed by prejudice. This is an example of Defendants seeking to deprive Plaintiff of equal footing in relation to presentation of evidence.   In other words, Defendants wish to present the Defendants as financially weak to evoke sympathy, but at the same time want the Court to preclude Plaintiff from referencing Defendants' gross annual income.  Plaintiff believes such stipulated fact should appropriately be in the record at trial, and such also goes to volume of business which bears on the number of hours Defendants had their employees working to generate revenue.  It is clear that Defendants want to paint Defendants as an economically fragile enterprise that involved a small, family-owned business; however, at the same time, they wish to exclude from the Jury any reference to Defendants' gross annual income. As Defendants failed to maintain records regarding said cash payments to Plaintiff, did not include same on his paystubs and/or W-2 statements, and, under information and belief, did not report same on their yearly tax income, Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments are not reasonably calculated to lead to the

discovery of admissible evidence and, as such, Defendants' argument fails. Plaintiff would not have been able to accurately report said cash payments as Defendants failed to provide him with an accounting of same.

Moreover, Plaintiff's private financial life is not relevant to Plaintiff's wage claim and is otherwise protected by Section 23 of Article I of the Florida Constitution. *See Berlinger v. Wells Fargo, N.A.*, 2014 WL 6686276, at *3 (M.D. Fla. 2014) (under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings). In *Berlinger*, the Court stated:

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari–Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. *Straub v. Matte,* 805 So.2d 99, 100 (Fla. 4th DCA 2002). *Id. citing Rappaport v. Mercantile Bank,* 17 So. 3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted). Defendants should not be entitled to embark on a mini-IRS audit of Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

**Reference To Plaintiff's Arrests, Convictions, Pleas Of *No Lo Contendere*, Pending Criminal Cases, If Any.**

Plaintiff response to Defendants' Interrogatory #11, which was limited to "the past 10 years," is accurate and correct. Plaintiff's response to Defendants' Interrogatory #13, which was limited to the period of time "from 2011 to the present," was also accurate and correct.

The Court ought determine admissibility via a motion in *limine*. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).   The Court should exclude any evidence when probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp.,* 505 F. Supp. at 1146.  *See*, Fed. R. Evid. Rule 403. Defendants argument that questioning Plaintiff on this topic somehow relates to Plaintiff's credibility is without merit and should not be considered. As the commentary by Stephen A. Saltzburg, Daniel J. Capra, and Michael M. Martin[1] states that:

> "[t]heft and drug convictions are not covered by Rule 609(a)(2). Exemplary of this approach is the Ninth Circuit's en banc opinion in *United States v. Brackeen*, 969 F.2d 827 (9th Cir. 1992). Brackeen was tried for aiding and abetting an armed bank robbery, and when he took the stand, he was impeached with his guilty pleas to two unarmed bank robberies that occurred within days of the charged crime. The Trial Court allowed the impeachment, reasoning that the bank robberies were crimes involving dishonesty or false statement, and thus were automatically admissible under Rule 609(a)(2). But the Court of Appeals reversed. It concluded that "Congress intended Rule 609(a)(2) to apply only to those crimes that factually or by definition entail some *element* of misrepresentation or deceit, and not to those crimes which, bad though they are, do not carry with them a tinge of falsification." The Court reasoned that Rule 609(a)(2) is exceptional within the context of the Federal Rules since it is one of the very few rules that does not permit judicial balancing. As such, it should be narrowly construed. *See also Altobello v. Borden Confectionary Prods., Inc.,* 872 F.2d 215 (7th Cir. 1989) (Rule 609(a)(2) must be construed narrowly to avoid swallowing Rule 609(a)(1) and its balancing test).
>
> A strict construction of Rule 609(a)(2) is sound policy: Since almost every criminal act is in some broad sense a dishonest act in either

---

[1] Commentary on Lexis for Federal Rules of Evidence 609.

>preparation or execution, a broad construction of Rule 609(a)(2) would swallow up Rule 609(a)(1) and would lead to automatic admissibility of almost all prior convictions, even though many of these convictions would have slight probative value as to the witness' character for truth-telling, and would carry significant prejudicial effect. Given the predominance of the Rule 403 balancing approach throughout the Federal Rules, and the general grant of discretion that the Rules provide to Trial Judges, it makes sense to limit where possible a Rule that mandates automatic admissibility and thus prohibits the use of judicial discretion and balancing.

Applying the balancing test of 403 to the facts of this case, Plaintiff would be unfairly prejudiced if Defendants are allowed to question Plaintiff on this topic, especially outside of the last ten (10) years. Defendants attempt at referencing this topic or questioning Plaintiff on this topic, can only be construed to appeal to the emotions of the jury members and should therefore be excluded. Allowing Defendants, through their counsel, to make said comments or similar comments will only inflame and unfairly prejudice the jury against Plaintiff and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as any possible probative value said information would have will clearly and substantially be outweighed by the danger of unfair prejudice and confusion that it would cause in this case.

### Reference To The Identity Of Ms. Langbein, Esq., And/Or Her Law Firm As The Attorneys Who Allegedly Provided FLSA Compliance Advice And Ms. Langbein, Esq., Mentioning It In Any Way, Including, Without Limitation, During Jury Selection, Opening Statement, Closing Argument, And During Trial.

Rather than re-hash all the arguments set forth by Plaintiff, Plaintiff incorporates by reference as if it were incorporated herein, any and all arguments set forth in Plaintiff's Motion to Disqualify, Plaintiff's *Daubert* Motion, and all related filings. Should Defendants seek to introduce testimony related to Langbein & Langbein, P.A., and Ms. Langbein, Esq., then Plaintiff will have no other choice but to call Ms. Langbein, Esq., as a witness at Trial and attack the credibility of the witnesses. Plaintiff will also need to explore bias and, thus, will have to go into issues related to fees paid to Ms. Langbein, Esq., among other areas of inquiry.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH IN PLAINTIFF'S MOTION *IN LIMINE* [DE139].

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ Rivkah Jaff ___
       Rivkah Jaff, Esquire
       Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/17/18 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

    **BY:__/s/____Rivkah Jaff _____**
        **RIVKAH JAFF, ESQ.**