**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-24362-CIV-LENARD/GOODMAN

**LUIS REYES, and all others similarly situated under 29 U.S.C. § 216(b),**

    Plaintiffs,

**v.**

**COLLINS & 74TH STREET, INC., and MOHAMMED S. HOSSAIN,**

    Defendants.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (D.E. 121)</u>**

**THIS CAUSE** is before the Court on Plaintiff Luis Reyes's Motion for Summary Judgment, ("Motion," D.E. 121), filed September 13, 2017. Defendants Collins & 74th Street, Inc. and Mohammed S. Hossain filed a Response on September 27, 2017, ("Response," D.E. 128), to which Plaintiff filed a Reply on October 16, 2017, ("Reply," D.E. 135). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.**    **Background[1]**

On October 16, 2016, Plaintiff initiated this lawsuit alleging overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. (See

---

[1] Unless otherwise specified, the following facts are gleaned from Plaintiff's Statement of Material Facts in Support of Motion for Summary Judgment, ("Pl.'s Facts," D.E. 122), and Defendant's Opposing Statement of Material Facts as to Which There is a Dispute, ("Defs.' Facts," D.E. 129). All facts are undisputed unless otherwise indicated.

D.E. 1.) The Complaint alleges that for the three year period from October 14, 2013 through October 14, 2016, Plaintiff worked an average of 65 hours per week for which he was paid an average of $9.50 per hour, but was never paid the extra half-time rate for any hours worked over 40 hours in a week as required by the FLSA. (Id. ¶ 15.) On October 19, 2016, Plaintiff filed a Statement of Claim in which he seeks $18,525.00 in unpaid overtime wages plus an additional $18,525.00 in liquidated damages under the FLSA, for a total of $37.050.00. (D.E. 8.)

It is undisputed that the corporate Defendant, Collins & 74th Street ("Collins"), is a business subject to enterprise coverage under the FLSA, 29 U.S.C. § 207(a). (See Pl.'s Facts ¶ 1.) It is further undisputed that Collins and individual Defendant, Mohammed S. Hossain ("Hossain"), were each Plaintiff's "employer" for purposes of the FLSA's provisions. (Id. ¶ 2.)

On May 3, 2017, Defendants served Plaintiff with an executed letter admitting to owing Plaintiff at least some overtime. (Id. ¶ 4.) The letter indicates that Mr. Hossain had reviewed Plaintiff's time cards and paychecks and discovered that he was due $543.93, less deductions, for errors in seven of Plaintiff's paychecks. (See id. ¶ 4; see also Letter, D.E. 122-3.) Defendants tendered a check for $472.32 to satisfy this back pay, plus an additional check in the amount of $58.40 for interest owed on that amount. (See id.) Mr. Hossain stated that the errors were "due to negligence and oversight, and were unintentional . . . ." (Id.) Plaintiff did not accept the tender, did not cash the check, and has not filed a Notice of Acceptance with the Court. (Pl.'s Facts ¶ 5.)

On September 13, 2017, Plaintiff filed the instant Motion seeking summary judgment on the following issues:

1) that FLSA enterprise coverage/subject matter jurisdiction exists for the relevant time period;

2) that Collins and Houssain were Plaintiff's "employers" as a matter of law, and therefore that Houssain is liable for any FLSA violations as a derivative of Collins' liability;

3) that Plaintiff is not an exempt employee and no exemptions or definitional defenses are applicable in this case; and

4) liability.

(Mot. at 3.) Plaintiff argues that the only issues remaining for trial are (1) the amount of compensatory damages and (2) whether the two-year or three-year statute of limitations applies. (Id. at 3-4.)[2]

## II.    Legal Standard

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, under Federal Rule of Civil Procedure 56(f)(1), the Court may grant summary

---

[2] Plaintiff further notes that the Court will determine the amount of liquidated damages and attorneys' fees after trial. (Id. at 4 n.4.)

3

judgment for the non-moving party "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(1); see also Gentry v. Harborage Cottages-Stuart, LLLP, 654 F.3d 1247, 1261 (11th Cir. 2011).  The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (internal quotation omitted).  The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  A dispute about a material fact is genuine if the evidence is such that a reasonable fact-finder could return a verdict for the nonmoving party.  Id. at 248; see also Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  Once the movant makes this initial demonstration, the burden of production, not persuasion, shifts to the nonmoving party.

The nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324; see also Fed. R. Civ. P. 56(c). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Id. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id.

### III. Discussion

Plaintiff argues that it is entitled to summary judgment on the following issues: (1) the existence of FLSA enterprise coverage for the relevant time period; (2) the fact that both Collins and Houssain were Plaintiff's "employers" for purposes of the FLSA; (3) no exemptions or definitional defenses apply to this case; and (4) liability for unpaid overtime. (Mot. at 4-11.)

"Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). The Eleventh Circuit has explained that to prevail on an FLSA claim, a plaintiff "must prove that they were suffered or permitted to work without compensation." Id. "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime

5

without compensation and (2) the [defendant] knew or should have known of the overtime work." Id. at 1314-15 (citing Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076, 1082 (11th Cir. 1994)). However, as a precondition to imposing liability against an employer, the plaintiff must establish enterprise coverage or individual coverage. Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1265-66 (11th Cir. 2006).

Defendants do not dispute that: (1) FLSA enterprise coverage existed for the relevant time period; (2) that both Collins and Houssain were Plaintiff's "employers" for purposes of the FLSA; and (3) that no exemptions or definitional defenses apply to this case. (Resp. at 1.) Accordingly, the Court finds that there is no genuine issue of material fact on those issues, and Plaintiff is entitled to summary judgment on those issues.

The only issue for the Court to determine at this juncture is whether a genuine issue of material fact exists regarding the existence of liability.

Plaintiff argues that Defendants admitted liability for overtime wage violations on May 3, 2017 when Mr. Houssain served Plaintiff with an executed letter stating that after reviewing Plaintiff's time records and paychecks, Defendants do, in fact, owe Plaintiff some overtime wages. (Mot. at 9.) That letter states, in relevant part:

> It came to my attention for the first time that there are errors in some of Mr. Reyes' paychecks. He never brought this to our attention during his employment. Nevertheless, I thoroughly reviewed his time cards and paychecks and discovered he is due the following sums:
>
> $148.50 for the bi-weekly pay period ending 1/28/15
> $7.13 for the bi-weekly pay period ending 6/10/15
> $3.56 for the bi-weekly pay period ending 9/30/15
> $192.37 for the bi-weekly pay period ending 1/6/16

6

> $149.62 for the bi-weekly pay period ending 2/17/16
> $3.56 for the bi-weekly pay period ending 3/16/16
> $39.19 for the bi-weekly pay period ending 3/30/16
>
> The total owed to him is $543.93, less deductions.  I enclose a check in the amount of $472.32 to satisfy this back pay plus an additional check in the amount of $58.40 which represents interest owed on the amount from the earliest date, 1/28/15.  The errors clearly were the due [sic] to negligence and oversight, and were unintentional as you can see from the remainder of Mr. Reyes' paychecks where he was paid time and a half for all hours over 40 worked in a week.

(D.E. 122-3.)³  During his deposition, Mr. Houssain agreed that Plaintiff is owed some overtime due to errors in the calculation of Plaintiff's paychecks.⁴  (Houssain Dep. at 36:1; 106:15-16.)  Plaintiff argues that the letter establishes that Defendants are liable to Plaintiff for <u>some</u> unpaid overtime wages, and that the only real dispute is to the amount owed.  (Mot. at 10-11.)

Defendants argue that genuine issues of material fact exist regarding Plaintiff's claims that:

1) he was instructed to work two extra days off the clock each week;

2) he actually worked off the clock;

3) he was paid for all hours over 40 hours per week at a straight time rate and never received time-and-a-half;

4) he was paid partly in cash;

---

³ Although the tender was unconditional and explicitly provided that even if Plaintiff accepted the money he would not be deemed to have waived any arguments or rights he has raised in this lawsuit, (<u>id.</u>), Plaintiff rejected the tender, (Pl.'s Facts ¶ 5).

⁴ Lesly Azucena, the employee in charge of issuing payroll checks for Defendants, testified that the employee time records indicate what time an employee clocks in and what time they clock out, and then another employee calculates the total number of hours worked. (Azucena Dep. at 13:4-25.)

5) he reported extra hours on a sheet of paper which was submitted to Mr. Houssain and floor manager Tasmin Khan;

6) his time cards are accurate; and

7) Defendants' actions were willful.

(Resp. at 3-4.)  They further argue that their admission that they failed to pay Defendant $543.93 in overtime wages due to negligence and oversight does not establish that they are liable for all of the types of overtime wage violations alleged—for example, the letter does not establish that Defendants are liable for overtime wages earned as a result of Plaintiff working off the clock, or for paying Plaintiff a straight time rate for overtime hours.  (Id. at 4.)

The Court finds that there is no genuine issue of material fact as to Defendants' liability to Plaintiff for unpaid overtime in the amount of $543.93.  (See id.)  The letter and Mr. Houssain's testimony establish that due to an error in calculation, Defendants failed to pay Plaintiff $543.93 in overtime, and therefore Plaintiff is entitled to summary judgment as to liability for unpaid overtime in that amount.  However, the letter does not establish liability for any other unpaid overtime wages issue or claim.  Additionally, willfulness damages remain an issue for the $543.93 overtime wages.

To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work.  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946).  There are genuine issues of material

8

fact regarding Plaintiff's claims that he performed work for which he was not properly compensated.

For example, Plaintiff testified that he only "clocked in" four or five days per week even though he actually worked six days every week. (Reyes Dep. at 40:3-7; 42:21-25 – 43:1.) He testified that Mr. Houssain instructed him not to clock in on the sixth day. (Id. at 42:21-25 - 43:5-10.) He testified that he did it this way because Defendants did not pay overtime. (Id. at 40:15-16.) Plaintiff further testified that he recorded the additional days he worked off the clock on a piece of paper which he handed to a manager. (Id. at 39:10-11; 45:1-10.) He testified that one of the managers would pay him cash out of the register for these extra hours he recorded on paper. (Id. at 48:21-25 – 49:1.) He was only paid "straight time" for the off-the-clock days he worked. (Id. at 40:17-20.)

However, Mr. Houssain testified that he never instructed an employee to work off the clock, (Houssain Dep. at 49:7-25 – 50:1-11), and that Plaintiff never worked hours off the clock that he would later submit to his managers on a piece of paper, (id. at 114:6-25 – 115:1-10). He testified that as a matter of store practice, nobody worked after they clocked out. (Id. at 50:16-18.) Mr. Houssain further testified that all of Plaintiff's wages were paid by check and Plaintiff was never paid cash. (Id. at 44:10-15.)

Additionally, Lesly Azecuna, the employee who was in charge of issuing paychecks to Defendants' employees, testified that she never heard Mr. Houssain instruct her or anyone else in the store to not record all their hours. (Azecuna Dep. at 53:4-7.)

9

She further testified that Mr. Houssain never instructed her not to pay an employee for overtime hours. (Id. at 53:8-10.)

In light of the above, the Court finds that genuine issues of material fact exist as to whether Plaintiff performed work for which he was not properly compensated and about which Defendants had actual or constructive knowledge. Anderson, 328 U.S. at 686-87.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment (D.E. 121) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order; and

2. Plaintiff is entitled to summary judgment on the following issues:

   a. FLSA enterprise coverage liability existed for the relevant time period;

   b. Both Defendants were Plaintiff's "employers" for purposes of the FLSA; and

   c. No exemptions or definitional defenses apply.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of March, 2018.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**