UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO. 16-24362-cv-LENARD/GOODMAN

LUIS REYES on behalf of himself and
All others similarly situated,

    Plaintiff,

vs.

COLLINS & 74TH STREET, INC. and
MOHAMMED S. HOSSAIN,

    Defendants.
_____/

## DEFENDANTS' VERIFIED MOTION FOR CONTINUANCE OF TRIAL

Defendants, COLLINS & 74TH STREET, INC. ("COLLINS") and MOHAMMED S. HOSSAIN, through undersigned counsel, and pursuant to Local Rules 7.1(a) and 7.6 move for a continuance of trial and as grounds the relief sought state:

1. This case is set for the two week trial period beginning March 19, 2017.

2. MD Abul Kashem was employed as a shift manager with COLLINS up until approximately two and a half months ago. Anticipating that this case would be tried during the trial period, defense counsel prepared subpoenas for trial witnesses and asked Mr. Hossain to contact Mr. Kashem to determine where the trial subpoena could be served. As shown by the attached declaration of Mohammed S. Hossain, Defendants learned yesterday, 3/12/18 at around 4:00 p.m. that Mr. Kashem left the country on 3/7/18 and presently is in Bangladesh attending to a family emergency. Mr. Hossain's understanding is that Mr. Kashem has a return flight on 3/24/18.

3. While Mr. Kashem's deposition was taken by Plaintiff, defense counsel did not inquire into several areas on cross-examination which directly rebut testimony and evidence offered by Plaintiff.  Mr. Kashem is a key witness for the defense since he worked closely with Plaintiff to receive merchandise, he has direct knowledge of the days of the week and times of day deliveries of merchandise were made to the store, how long it took to receive the merchandise, and who participated in moving the cartons into the store. Importantly, Mr. Kashem's work schedule coincided with that of Plaintiff for portions of Plaintiff's employment.

4.  Defense counsel also learned late last week that Tasmin Khan, another key witness for the defense who was a manager during Plaintiff's entire employment, unwittingly booked an overseas vacation with her son in December, 2017 during the exact same time frame as the trial period. As shown by the attached itinerary, she is due to leave the country on 3/17 and will not return until 3/27/18.  The tour she and her son are taking cannot be cancelled or re-scheduled to a later date and she will lose her entire payment (about $5000.00) if she and her son are forced to abandon their planned vacation. While Mrs.Khan also had her deposition taken by the Plaintiff, just like  Mr.Kashem's deposition, there were areas of inquiry that defense counsel did not delve into, having no reason to believe that Mrs. Khan would not be available during the trial period. [1]  As an example, Ms. Khan can testify about how the store's cash registers are balanced

---

[1]  Defendants never gave a thought to transcribing the deposition of these witnesses for use at trial because they always believed the witnesses would be available to testify. For this same reason, Defendants never contemplated depositions designations before the deadline.

     and reconciled each day and refute Plaintiff's claim that she simply pulled cash from the register to pay his wages.

5. It is critical to the defense that these witnesses are present at trial to give live testimony since the parties' positions are diametrically opposite [2] and the case will turn largely on credibility determinations made by the jury. Defendants will be highly prejudiced by the inability to present two live witnesses as well as the unpreserved additional testimony they anticipated eliciting from these witnesses at trial.

6. Defendants understand that last minute requests for continuance are suspect and highly disfavored, however, this is the first time this case has been set for trial and Plaintiff will not suffer a short continuance of trial as the relief he seeks is purely monetary.

7. Defense counsel certifies that she conferred with opposing counsel regarding the need for the relief sought in this motion. Plaintiff's counsel opposes the motion.

<u>Memorandum of Law</u>

The decision whether to grant a continuance is within the sound discretion of the trial court. See *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991); *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1541 (11th Cir. 1989); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2352, at 383 (3d ed. 2008). Yet such discretion is not without its limits; in this district a court may grant a continuance of trial "only on exceptional circumstances." S.D. Fla. L.R. 7.6. Nor may a

---

[2] Ms. Khan's appearance at trial as a live witness is especially critical because she is the person Plaintiff accuses of paying him in cash for his overtime hours, which Defendants adamantly deny.

court deny a continuance when the need for one is warranted. The Eleventh Circuit considers the following factors when reviewing whether a trial court court abused its discretion in denying a motion to continue: (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial. *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008) (quoting *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005)); *see also* Wright & Miller, *supra*, § 2352, at 401-02 ("The courts of appeals generally consider a combination of . . . factors in reviewing the denial of a continuance, preferring a flexible examination of the circumstances of the particular case rather than a mechanical application of a rigid test."). When deciding whether to grant a motion for a continuance, trial courts should consider these factors as well. *See Romero*, 552 F.3d at 1320 [cited in *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d. 1284 (S.D. Fla. 2015)].

    Here the need for a continuance is not related to Defendants' lack of diligence in readying the case for trial.   All discovery was completed prior to the deadline. Defendants have not sought any extension except to respond to a motion.  Defendants do not seek a continuance of trial as a result of a "calculated" strategy. They seek a continuance due to events that are beyond their control:  the unanticipated absences during the trial period of two key witnesses.    Defendants brought this motion within days of discovering Ms. Khan's previously planned vacation and within ***a day*** of learning

that Mr. Kashem also would not be in the country (much less the jurisdiction) for nearly the entire trial period.

Unquestionably, the grant of a continuance will alleviate the stated need for a continuance.  Both witnesses will have returned to the United States by the end of the trial period and be available to appear as live witnesses at trial.   Granting the continuance also will alleviate the high degree for prejudice Defendants will suffer at trial if they cannot present live witnesses to a jury that will be the arbiter of credibility in a case involving highly contested factual issues. The absence of one key witness is a serious setback in any trial.  The absence of two key witnesses may be devastating to the outcome of this case.  A continuance will also allow Defendants the opportunity to present previously unpreserved testimony that will directly rebut Plaintiff's sworn deposition testimony and answers to Interrogatories.

Understandably the Court has set aside the trial period for this, and possibly other cases.  It cannot be gainsaid that any disruption in the Court's schedule is *per se* an inconvenience.  But, the grant of a continuance will not increase the Court's workload because all pending motions have been disposed of and there are no further proceedings other than trial.

Plaintiff's opposition to the motion did not include an averment that he would be prejudiced in any way by a continuance.  Plaintiff seeks only monetary damages.  A continuance will not change the type of relief that is available.   The only possible prejudice Plaintiff might suffer from a short continuance of trial is if trial was re-set

during an upcoming Jewish holiday when his counsel is unavailable.[3]  If Plaintiff has subpoenaed witnesses for the trial period, it can be remedied by an order re-validating their subpoenas.

Defendants' urgent need for the witnesses to appear at trial and give live testimony has been explained above.  This is a case that depends on credibility determinations.  There are no other witness *other than Ms. Khan* who can take the stand and deny that she paid Plaintiff in cash.  Mr. Kashem's principal duties were receiving and he can rebut Plaintiff's claim that the late arrivals of certain vendor caused Plaintiff to have to stay two hours beyond the end of his normal shift.  Mr. Kashem also will testify that the amount of merchandise delivered to the store on a weekly basis would not have caused a need for Plaintiff to work two extra days per week as he claims.

Defendants should not be denied a fair opportunity to fully present their case under the exceptional circumstances presented.

WHEREFORE, Defendants respectfully request that the Court grant their motion for continuance and re-set trial in this matter for a later trial period which will allow their key witnesses to appear and testify in person and upon all subjects of which they have knowledge.

My signature below constitutes a verification that the statements of fact contained in this Motion are true and correct to the best of my knowledge, memory and belief.

---

[3]  Should the Court be inclined to grant a continuance of trial, defense counsel is available for trial from April 22nd through May 11th, which is beyond the Passover holiday.

                    Respectfully Submitted,

                    LANGBEIN & LANGBEIN, P.A.
                    Counsel for the Defendants
                    8181 NW 154th Street, Suite 105
                    Miami Lakes, FL 33016
                    Tel:   (305) 556-3663
                    Fax: (305) 556-3647

                    By:  /s/ Leslie W. Langbein
                          Leslie W. Langbein, Esq.
                          Fla. Bar No. 305391

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing was filed electronically on March 13, 2018 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

                    By:  /s/  Leslie W. Langbein

## SERVICE LIST

J.H. ZIDELL, P.A.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
David Kelly, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Rivkah.Jaff@gmail.com